17-CV-3186 (AJN) (JLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MERYL BRODSKY,

                              Plaintiff,

-against-

THE NEW YORK CITY CAMPAIGN FINANCE
BOARD, ON BEHALF OF ZACHARY W. CARTER,
CORPORATION COUNSEL OF THE CITY OF
NEW YORK

                              Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS THE
COMPLAINT**

ZACHARY W. CARTER
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
*Attorney for Defendant*

Of Counsel: Agnetha E. Jacob
Tel: (212) 356-0881
Fax: (212) 356-8760

**PRELIMINARY STATEMENT**

In this action, brought pursuant to 26 U.S.C. § 6103 and § 7431, Plaintiff Meryl Brodsky, a former candidate for New York City Council, seeks damages stemming from the New York City Campaign Finance Board's ("Board") garnishment of her shares in Exxon Mobil stock, which was ordered by a New York state court to satisfy the Board's monetary judgment against her for her failure to repay campaign funds. The action should be dismissed in its entirety under Federal Rule of Civil Procedure 12(b)(6) because the action (i) is untimely, (ii) is barred by the doctrine of *res judicata,* and (iii) in any event, fails to state a claim.

**FACTUAL BACKGROUND**

The underlying facts of this case are not readily discernible from the 245-paragraph Complaint. *See* Docket No. 1. However, as Plaintiff has frequently litigated the facts giving rise to this action, the facts have been most recently set forth by Magistrate Judge Debra Freeman in *Brodsky v. Carter*, 15-CV-3469, 2015 U.S. Dist. LEXIS 169104 (S.D.N.Y. Dec. 15, 2015), *adopted by,* 2016 U.S. Dist. LEXIS 40461 (S.D.N.Y. Mar. 28, 2016), *aff'd* 673 F. App'x 42 (2d Cir. 2016) (hereafter singly and collectively referred to as *"Brodsky I"*). The relevant facts, derived from Judge Freeman's December 15, 2015 Report and Recommendation, and other judicial orders and opinions, are as follows.

Plaintiff was a New York City Council candidate in the 2005 primary election and formed an election committee called "Elect Meryl Brodsky to the City Council 2005" ("Committee"), which participated in the New York City Campaign Finance Board's public financing matching funds program. 2015 U.S. Dist. LEXIS 169104 at *4. Through that program, the Committee received $55,776 in matching funds. *Id.* After the September 2005 primary elections, the Board conducted a post-election audit. *Id.* On August 17, 2006, the Board issued a

1

letter and final audit report to the Committee demanding that it repay $35,415, which the Board found comprised unspent funds and improper expenditures, as well as a $470 penalty for making such improper expenditures. *Id.* at *5. Plaintiff and the Committee disputed the amount and in December 2006, commenced an Article 78 proceeding in New York state court, challenging the Board's determination as arbitrary and capricious. *Id.* at *6-7. By Order dated June 21, 2007, Justice Eileen A. Rakower of the New York State Supreme Court, New York County, upheld the Board's "considered and rational" determination that the Committee owed the Board $35,415 in unspent or misspent campaign funds. *Id.* at *7.

Thereafter, Plaintiff made a partial payment of $26,010, and appealed Justice Rakower's June 21, 2007 Order to the state Appellate Division, First Department. *Id*. The order was affirmed by the First Department. *Brodsky v. N.Y.C. Campaign Fin. Bd.,* 57 A.D.3d 449 (1st Dep't 2008). Subsequently, by Order dated August 31, 2009, Justice Rakower entered a judgment against Plaintiff for the amount owed. *Id.* In an effort to obtain satisfaction on the judgment, the Board served an information subpoena on Plaintiff, which she refused to answer. *Id.* at *8. Justice Rakower then compelled Plaintiff to provide unredacted responses to the subpoena, which Plaintiff did several months later. *Id.* at *10. *See* Order dated July 9, 2010 in *Brodsky v. N.Y.C. Campaign Fin. Bd.,* No. 118316/06 (Sup. Ct., New York Co.), annexed to the accompany declaration of Agnetha E. Jacob ("Jacob Decl.") as Exhibit A, at 2, n. 1.[1]

On April 5, 2010, the Board served a subpoena on Plaintiff's accountant, ordering him to produce Plaintiff's tax returns for the years 2006 through 2009. *See* Jacob Decl., Exhibit A at 1. The Board also moved for an order pursuant to C.P.L.R. 5225(b), requiring

---

[1] The Board respectfully requests that the Court take judicial notice of this order. *See Brown v. Doe*, 13-CV-8409, 2014 U.S. Dist. LEXIS 152925, at *8-9 (S.D.N.Y. Oct. 28, 2014) (taking judicial notice of state court order).

2

Computershare, an investor services company, to "turn over a sufficient number of [Plaintiff's] Exxon-Mobil Corporation […] shares" to satisfy the remaining judgment of $13,290.40, which represented the balance on the judgment plus fees and interest. *Id; Brodsky I,* 2015 U.S. Dist. LEXIS 169104 at *10-11. In a cross-motion, Plaintiff sought to quash the subpoena for her tax returns. Jacob Decl., Exhibit A at p. 1. The Board, in response, conceded that if its motion for the turnover of Plaintiff's Exxon stock was granted, Plaintiff's balance would be paid and it would no longer need the tax returns. *Id.* at 2-3. By Order dated July 9, 2010, Justice Rakower (i) directed Exxon-Mobil to sell $13,290.40 worth of Plaintiff's shares and remit the resulting money to the New York City's Sheriff's Office; and (ii) granted Plaintiff's motion to quash the subpoena for her tax returns. *Id.* at p. 3. The order was affirmed by the First Department. *Brodsky v. N.Y.C. Campaign Fin. Bd.,* 107 A.D.3d 544 (1st Dep't 2013).

By Order dated December 30, 2014, the First Department also affirmed Justice Rakower's August 31, 2009 Order directing Plaintiff to repay the Board for unspent or misspent campaign funds, and dismissed Plaintiff's "renewed attempts to vacate the judgment" as meritless and "barred by the doctrines of *res judicata* and law of the case." *Brodsky v. N.Y.C. Campaign Fin. Bd.*, 123 A.D.3d 637, 637 (1st Dep't 2014).

Plaintiff then initiated a federal action in May 2015 alleging that the Board (i) violated 42 U.S.C. § 1983 by "deliberately miscalculate[ing]" the repayment amount in retaliation for her exercise of her First Amendment rights, and "to single her out for punitive action" in violation of the Equal Protection Clause; (ii) violated 26 U.S.C. § 6103 by "procur[ing] unauthorized disclosure of [her] tax return information" through a subpoena to her accountant and using that information "to unlawfully seize and execute [her] personal assets"; and (iii) violated a federal criminal statute and several provisions of the Internal Revenue Code.

3

*Brodsky I,* 2015 U.S. Dist. LEXIS 169104, at *27-28, 38-40; Complaint in *Brodsky I*, annexed to Jacob Decl. as Exhibit B, ¶128, ¶¶ 217-250.

In her Report and Recommendation, Judge Freeman recommended (i) dismissal of the § 1983 claims as "*prima facie* barred by the applicable three-year statute of limitations"; (ii) dismissal of the 26 U.S.C. § 6103 claim for failure to state a claim, because the statute did not prohibit disclosure of Plaintiff's tax return to the Board in response to a subpoena; and (iii) dismissal of the federal criminal and Internal Revenue Code claims on the grounds that no private cause of action existed for those claims. *Id.* at *37-40. The district court adopted the report and recommendation by Order dated March 28, 2016. *Brodsky I,* 2016 U.S. Dist. LEXIS 40461, at *6-8.

On appeal, the Second Circuit affirmed the district court's dismissal of Plaintiff's § 1983 claims "on the alternative basis that the district court lacked subject matter jurisdiction over those claims" under the *Rooker-Feldman* doctrine because Plaintiff's constitutional claims in effect asked the federal court to "review and reject" state orders that upheld the Board's determination that Plaintiff was required to repay campaign funds that were unspent or misused. *Brodsky I*, 673 F. App'x at 44. The Court also affirmed dismissal of the 26 U.S.C. § 6103 claim, reasoning that while Plaintiff had alleged that the Board subpoenaed her accountant for her tax returns, the record showed that Justice Rakower quashed that subpoena by Order dated July 9, 2010, and Plaintiff had accordingly "not alleged that any individual *in fact* unlawfully disclosed her tax returns or return information." *Id*. The Court affirmed dismissal of the remaining federal criminal and Internal Revenue Code claims for lack of standing. *Id.*

By Complaint dated May 1, 2017, Plaintiff initiated the present action. She rehashes many of the factual allegations set forth in her Complaint in *Brodsky I*, but states only

4

one cause of action under 26 U.S.C. § 6103 and § 7431. *See* Complaint (Docket No. 1) at ¶¶ 239-245. Construing the pleading liberally, Plaintiff appears to be alleging that (i) Justice Rakower "disseminated [Plaintiff's] tax returns and return information by handing it to [the Campaign Finance Board] on March 23, 2010," *id.* at ¶ 110; and that (ii) the Board, in turn, used the information in the tax returns to (a) send turnover orders, subpoenas, and restraining orders to various entities between September 2009 and April 2010, such as companies in which Plaintiff held shares, *id.* at ¶¶ 124-136, (b) question Plaintiff during a deposition on April 1, 2010, *id.* at ¶¶ 112-123; and (c) "illegal[ly]" garnish 223 shares of Plaintiff's Exxon stock, *id.* at ¶ 190.

Plaintiff alleges that such conduct violates 26 U.S.C. § 6103, and seeks "about $18,000-$19,000" in damages, which she claims represents the difference between the July 2010 value of the Exxon stocks the Board garnished and the stocks' current value. *Id.* at ¶ 208 and 48.

## ARGUMENT

### LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly,* 550 U.S. at 556). While Federal Rule of Civil Procedure 8(a)(2) does not require that a plaintiff plead "detailed factual allegations," the plaintiff must assert more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," "labels and conclusions," or "naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations omitted).

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). In considering a motion to dismiss, a court must accept all of the factual allegations in the complaint as true and construe all reasonable inferences in the plaintiff's favor. *Id.* at 678. When the plaintiff is *pro se*, the court is further obligated to construe the complaint "liberally to raise the strongest arguments it suggests." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (brackets and internal quotations omitted). The court is not, however, bound to accept as true "mere conclusory statements" in the complaint. *Iqbal,* 556 U.S. The court further "need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *Rieger v. Drabinsky*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) (collecting cases).

Even a *pro se* plaintiff's complaint must be dismissed at the pleading stage if it fails to set forth sufficient factual allegations to state a claim. *See, e.g., Green v. McLaughlin,* 480 Fed. Appx. 44, 46 (2d Cir. 2012) (affirming dismissal of *pro se* plaintiff's complaint); *Bryant v. Wright*, 451 Fed. Appx. 12, 14 (2d Cir. 2011) (same).

### POINT I

### PLAINTIFF'S ACTION IS BARRED BY THE STATUTE OF LIMITATIONS

Under 26 U.S.C.S. § 7431(a)(2), a taxpayer "may bring a civil action for damages" against any person who " knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to a taxpayer in violation of any provision of [26 U.S.C. § 6103]." The time period for bringing the action is "any time within 2 years after the date of discovery by the plaintiff of the unauthorized inspection or disclosure." 26 U.S.C. § 7431(d). Assuming *arguendo* that Plaintiff could state a claim under this statute—which she

cannot, *see* Point III *infra*—Plaintiff's claim would nevertheless be time-barred because, by her own admission, the allegedly unlawful disclosure of her return information occurred between February 2010 and April 2010—over seven years ago.

While Plaintiff claims she discovered the "illegal dissemination of return information" in January 2017, *see* Complaint ¶ 77, that allegation is belied by other allegations in the Complaint. For example, Plaintiff cannot credibly claim she did not know return information was being used at her own deposition. *Id.* at ¶¶ 114-123. Nor can she feign ignorance of return information being used in 2010 to identify and subpoena companies she held stock in, in light of paragraphs 105-107 of the Complaint, which describes a March 24, 2010 letter from the Board to Plaintiff's attorney informing the attorney that the Board had to "engage in efforts to ascertain information from third parties concerning [Plaintiff's] income and assets" due to Plaintiff's continued failure to pay the balance owed on the judgment against her. As Plaintiff was undoubtedly aware of the allegedly unlawful disclosure in 2010, she was required in bring this action in 2012. She failed to do so. This action should accordingly be dismissed as untimely. *See In re Rae v. United States*, 436 B.R. 266, 276 (Bankr. D. Conn. 2010) (dismissing plaintiff's § 7431 claim as barred by the two-year statute of limitations).

## POINT II

### PLAINTIFF'S ACTION IS BARRED BY THE DOCTRINE OF *RES JUDICATA*

Under the doctrine of *res judicata,* a valid final judgment on the merits of an action "precludes the parties […] from relitigating issues that were or could have been raised in that action." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 112 (2d Cir. 2006). The party raising the defense must show that "(1) the previous action involved a final adjudication on the merits; (2) the previous action involved the plaintiffs […]; and (3) the claims asserted in the subsequent

7

action were, or could have been, raised in the prior action." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). The first judgment will preclude a second suit only when it involves the same 'transaction' or connected series of transactions as the earlier suit." *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 400 F.3d 139, 141 (2d Cir. 2005).

This action is barred by *Brodsky I* because all three elements of a *res judicata* defense are met. In *Brodsky I*, Plaintiff's federal claims, including the claim premised on § 6103, was dismissed "with prejudice" because the district court determined that "amendment would be futile." 2016 U.S. Dist. LEXIS 40461, at *4 & n.3. "Dismissal with prejudice as a result of a successful motion to dismiss is usually considered a final adjudication on the merits." *Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 322 (S.D.N.Y. 2015) (internal quotations and citation omitted). The first element is accordingly met. The second element is also satisfied because *Brodsky I* involved the same exact parties—Plaintiff and the Board. Finally, the third element is met because not only could have Plaintiff raised her § 6103 claim in *Brodsky I*, she in fact raised the claim. *See* Jacob Decl., Exhibit B at ¶ 234. Finally, the present action involves the same transaction at issue in *Brodsky I,* namely the Board's attempts to obtain satisfaction of the judgment against Plaintiff, which in turn lead to the sale of her Exxon stock. In sum, because Plaintiff had an opportunity to litigate her § 6103 claim in *Brodsky I,* this Court should find that she is barred from relitigating the issue before this Court.

## POINT III

### PLAINTIFF FAILS TO STATE A CLAIM

As discussed in Point I, 26 U.S.C. § 7431(a)(2) permits a taxpayer to seek damages for a government official's disclosure of "any return or return information" prohibited by 26 U.S.C. § 6103. The term "return" means "any tax or information return" required under the Internal Revenue Code; the term "return information" encompasses data such as a taxpayer's

"identity, the nature, source, or amount of [her] income, [and] assets" and any other data provided to the Secretary of the Treasury "with respect to a return." 26 U.S.C.S. § 6103(b)(1)-(2). Plaintiff fails to state a claim in two ways.

First, there is no indication here that the Board obtained Plaintiff's tax returns: on the contrary, the record indicates that the Board conceded that it would not need the tax returns if Plaintiff's Exxon shares were sold to satisfy the judgment against her, and that Justice Rakower quashed the subpoena seeking Plaintiff's tax returns. Second, even if the Board obtained and disclosed Plaintiff's return information in order to ascertain information needed to satisfy a state court judgment against her, such disclosure is expressly authorized by 26 U.S.C.S. § 6103(h)(4), which permits disclosure in state judicial proceedings "if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding." Plaintiff's action should accordingly be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Board respectfully requests that the Court grant its motion to dismiss the Complaint in its entirety, with prejudice, and grant them such other and further relief as the Court deems just and proper.

Dated:    New York, NY
          August 17, 2017

                                          ZACHARY W. CARTER
                                          Corporation Counsel of the
                                            City of New York
                                        100 Church Street
                                        New York, NY 10007
                                        Tel: (212) 356-0881

                                   By:  /s/ Agnetha E. Jacob
                                          Agnetha E. Jacob
                                          Assistant Corporation Counsel