UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MERYL BRODSKY

                    Plaintiff, Pro Se

        -against-                                          Case No. 17-CV-3186 (JLC)(AJN)

THE NEW YORK CITY CAMPAIGN FINANCE BOARD,
ON BEHALF OF ZACHARY W. CARTER, CORPORATION
COUNSEL OF THE CITY OF NEW YORK

                    Defendant.

**DECLARATION OF MERYL BRODSKY**

Submitted by:

Meryl Brodsky Plaintiff, Pro se
150 East 61st Street, #11-K
New York, New York 10065
Tel. 212-866-2105; meryl7@verizon.net

**MERYL BRODSKY** declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

      1.   I am the plaintiff pro se in the above-captioned case. I submit this Declaration in support of Plaintiff's Opposition to Defendant's Motion to Dismiss.[1]

      2.   Attached as **Exhibit A**  [ ¶ 1-113, 124-125, 137-141, 154-196, 200-252](Dec. A11-41; Dec. D128-131) are **Exhibits 1-4** attached to Brodsky's May 30, 2017 Complaint (ECF Dkt. 5) and **Exhibit 5** from the NYC Sheriff, dated May 8, 2017.

      **Exhibit 1 [¶ 124, 208]** - Response of Computershare to Suh's "Questionnaire…with Restraining Notice" of April 7, 2010  containing answers  disseminated in Suh's turnover order, May 14, 2010. The illegal dissemination of return information  and execution of 223 shares of  Brodsky's ExxonMobil stock ("Exxon" or "XOM"),   still in defendant board's possession,  represent damages pursuant to 26 U.S.C. § 6103(a) and (b); § 7431(a)(2),  7431(c)(1)(B), 7431(c)(2) and 7431( c)(3):

> Among the largest of Brodsky's stock holdings are over _____ shares of ExxonMobil stock that she purchased directly from the corporation…. Brodsky owns at least_____ worth of ExxonMobil shares, which could easily used to satisfy the judgment…. Approximately _____of the over _____ ExxonMobil shares belonging to Brodsky are 'plan shares' held by Computershare in electronic form in an account for Brodsky. See Ex. L (Computershare's Information Subpoena Response) **Exhibit 1** (Dec. A13, D128-131)

Also included in **Exhibit 1** is correspondence from Computershare to Brodsky,  January 12, 2017, answering her request for the execution check of 223 XOM shares, "we need an approval from the New York City Sheriff's Office as the check is not payable in your name" (Dec. A15); and Computershare's answer to Brodsky of February 14, 2017,  enclosing a copy of the XOM check (Dec. A16-17).  Since J. Rakower, Suh and Weisman illegally compelled Exxon to transfer Brodsky's private return information to them, then illegally disseminated it on subpoenas and writs of execution,

---

[1] Brodsky submits this Declaration because  defendant has submitted matters outside of the pleadings on a Rule 12(b)(6) motion to dismiss.  Pursuant to Rule 12(d), "…[T]he motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

etc., attached is the "Wall Street Journal" price of XOM on 4/29/2017 to assess damages which, to date, represents a range of $75-85 per share. (Dec. A18 ).

Exhibit 2 [¶ 196, 232] – Lieutenant Lopez's correspondence, January 24, 2017 (Dec. A20) in response to Brodsky (Dec. A27), stating, "Pursuant to CPLR 5021(4)(B) enclosed please find a certified copy of the requested execution endorsed 'partially satisfied' (Dec. A24) in the amount of $12,546.04 returned to the New York County Clerk on August 3, 2010." (Dec.A21-24) Enclosed are copies of (1) the XOM check (Dec.A25); and (2) the Sheriff's Statement of Disbursement. (Dec. A26) However, Weisman and board counsel have not provided proof "if," "when," or "to whom" the check was endorsed, made payable, or deposited.

Attached to the "Writ of Execution" is former board employee Suh's "List of Judgment Debtor Meryl Brodsky's Specified Property Subject to Execution" (Dec. A23 ) endorsed by Suh and Weisman enumerating Brodsky's return information, including General Electric Company, Alcatel-Lucent, Citadel Broadcasting Corporation and Exelon Corporation. Suh had illegally disseminated return information in her turnover order of May 14, 2010, stating, "For example, she owns more than ____ worth of shares in the Walt Disney Company and more than _____worth of shares in General Electric Company" and "Brodsky recently paid approximately $8,000 in legal fees to oppose the Board's judgment enforcement efforts. See Ex. M (Dep. 111:10-19; 172: 12-13)," [¶ 124-125; Dec. A29]

The return information of XOM stock, c/o Computershare and the "Execution... With Notice to Garnishee," c/o Mellon Investors Services, LLP (Dec.A22) were held at the NY County Clerk and Sheriff's Offices until April 10, 2017 for future execution of Brodsky's holdings. Although the front side of the "Endorsement" attached to the "Execution" was stamped September 7, 2010, the flip side lacks a date. The Clerk informed Brodsky in February 2017 that board employees would have to re-file writ(s) of execution to Mellon or Exxon. Satisfactions of

judgment were *not* submitted by Suh or Weisman to Mellon Investors Services, LLP, ExxonMobil, c/o Computershare, or any other garnishee. Suh, Weisman and J. Rakower  colluded  *not* to submit a satisfaction of judgment for $26,010 "unspent" funds, repaid by Brodsky on July 26, 2007, in order to impose "the amount of $35,850 of which $11,875 remains due and unpaid" on multiple subpoenas.  [¶ 227-238] Their fraudulent scheme devises to expand the amount of "unspent" funds from $26,010 to $68,000  for collection from any future election or  employment.[2] [¶ 29-47]

 Exhibit 3 [¶ 233] The NYC Comptroller assigned Brodsky Claim #2017LW002809 on January 31, 2017 (Dec. A29) which includes, inter alia, two checks:  $34.56 paid September 11, 2006 (Dec. A32) and $25,975.44 paid, pursuant to Arthur Greig, Esq., July 26, 2007 (Dec.A30-31), totaling $26,010; deposited on August 16, 2007 by  Julia Tomassetti, former board employee.

 Exhibit 4  [¶ 234]  Correspondence of Lieutenant Lopez of April 10, 2017 to Brodsky, stating, "In my previous letter to you I sent you a 'partially returned' endorsed property execution pursuant to CPLR 5021(4)(B). However, the property execution was mistakenly endorsed and I have enclosed a certified copy of the corrected property execution endorsed 'fully satisfied.'…This does not change your current status with our office with regard to your previous request." (Dec. A34) The letter implies that according to board employees, the debt for $12,526.04 remains but board employees would have to re-file the writs of execution. A corrected copy of the property execution was filed at the New York County Clerk on April 10, 2017.  (Dec. A35-37 )

---

[2] Brodsky's total funds were $119-120,000 including $26,010 "unspent" repaid. Tomassetti, Weisman and Suh expanded the total to $188,000, $38,000, 25% "over the limit," $150,000, to incur penalties for a debt: [¶ 29-53]
    (a)  Five percent (5%) of $188,000 is $9,400, falsified "adjustment to disbursements";
    (b)  Then 5% of $9,400 = $470, falsified "penalty"; plus
    (c)  $470 rounded to $500, plus $1,500 additional penalties ($470, $777, $650 (rounded))  is $2,000:
        $470 + ($500 + $800 + $700) = $2,470 + $9,400 + $150,000 +$26,010 = $188,000 (rounded)[¶ 37-43]
Thus, $38,000 − $26,000 = $12,000 (rounded) = $9,400 + $470 + $470(500) + $1,500 = "$11,87[5]," corresponds to "the aggregate amount of $35,850, *of which $11,875 remains due and unpaid*" imposed on subpoenas and executions. (Dec. E132-189)The difference, $68,000 ($188,000 - $120,000) represents the "partly satisfied," fraudulent debt of $11,875, "due and unpaid" on about five subpoenas which resulted from the illegal dissemination of returns, 26 USC § 7431(c)(1)(B),(2),(3) and (d). **Damages =  $9,400 +$2,470 + $1,368 (sheriff's fees, interest) = $13,238** plus the difference of 223 shares of ExxonMobil at $75-85/sh.  = **$18– 19,000** [¶ 37-51, 231] Inserting a falsified total, $188,000 for $119-120,000(+/-$600, bank adj.) yields the spurious conclusion that  totals were not required on disclosure statements, violating  § 6104, 527(j).

Subsequently, Brodsky was told by the Comptroller's Office, June 1, 2017 that on April 3, 2017, board counsel rebutted the Sheriff's contention that interest of $7,917 was due on $26,010. Since Suh and Weisman colluded not to file a satisfaction of judgment, no proof exists "if" $26,010 was paid. On April 27, 2017 board counsel supplied the Comptroller with various documents implying that since $26,010 had not previously been paid, J. Rakower imposed $11,875 additional penalties on the unpaid amount in excess of statutory interest, thus the $7,917 interest lien is not due but "$12,564.04" may still be owed. Weisman, et al. perpetuate the bald-faced lie that Brodsky and Feinsot did not return $26,010 for an indeterminate time. Brodsky and Feinsot repaid $26,010 within a month of the 2007 decision: *no debt was due.* Since J. Rakower lied that "thereafter" Feinsot and Brodsky repaid $26,010 to the board, *which they did not*, "The sum currently due, $13,290.40" represents adverse claims to date:

> **Brodsky appealed the June 21, 2007 decision, and the decision was affirmed by the Appellate Division First Department. A judgment was entered, and thereafter Brodsky returned the $26,010 in funds to the Board.** The sum currently due, $13,290.40, was calculated by the Board after fees and interest were added to the remaining balance. [No. 118316/06 (N.Y. Sup. Ct. July 9, 2010)] [¶ 235-237; Dec. G238] (D. Dec. Ex. A)

**Exhibit 5** - Letter of Lieutenant Lopez informing Brodsky that the Sheriff would honor the request of ExxonMobil, c/o Computershare, for release of the execution check disseminating tax return information under the purview of the IRS.[3] (Dec. A39) The letter of May 8, 2017(Dec. A40), with Exxon's letter of January 12 attached states, "Please accept this letter as an approval for you to release a copy of the relevant check to Miss Brodsky."

3. Attached as **Exhibit B** [¶ 66-113](Dec. B42-58; Dec. D125-127) is Brodsky's Opposition to Suh's information subpoena by Leo Glickman, Esq., February 8, 2010:

---

[3]   Suh and Weisman did not file a 1099-A(copy A and B) with the IRS for the execution of 223 shares of Brodsky's ExxonMobil stock at about $13,237.93 which requirement, if not met, carries penalties. They also failed to file an IRS Information Return for the $26,010 Brodsky repaid in 2007. [¶ 159-163, 219]

4

> The statute, we believe permits us to deposit the instrument solely with the court, rather than the clerk, because to deposit it with the clerk would make it public record and defeat the purpose of the stay provision. We therefore ask that if Petitioner is required to submit an unredacted version of the Information Response, she be allowed to deposit it with your honor's chambers. (Dec. B46)

Further, Suh and Weisman evince "...fraud – on the court and Petitioner regarding the amount owed to Respondent" [¶ 66-77; Dec. B46-47] Attached correspondence from Glickman to Suh, dated January 18 and January 22, 2010, request Suh to modify or withdraw the subpoena, "Since you have not taken the opportunity to discuss the defects, and refused to modify or withdraw it [ex]cept *[sic]* insofar as to adjust the date, we consider the 'subpoena' a nullity."(Dec.B48-50) Glickman contacted Brodsky on March 19, 2010 concerning the un-redaction of Brodsky's returns, etc. "You must appear for the deposition on April 1. I will also have to provide the information questionnaire on March 23" and Brodsky's response (Dec. B54) On March 22, Suh wrote Glickman, "I am writing to inform you that the deposition on April 1, 2010 in the above-referenced matter may be videotaped." (Dec. B55)  Attempting to stop Suh and Weisman's exploitative tactics, Glickman answers on March 22, 2010: (Dec. B56)

> ...presumably it is your client's intention to ask Ms. Brodsky questions to assist you in identifying her assets. Obviously, any disclosure of that information beyond the parties to this litigation would pose a security issue to Ms. Brodsky... We therefore ask that you sign a protective order that would enjoin the parties and their attorneys from disseminating the information elicited in the deposition.

Suh responds on March 24,  "As a government agency, the CFB is also subject to the New York State Freedom of Information Law (FOIL). Thus, we cannot enter into the protective order requested in your letter because it is contrary to the CFB's disclosure obligations." (Dec. B57-58) Suh lies that a federal or state Freedom of Information Law exists allowing dissemination of private tax returns or return information.

Suh also publicizes libelous information in the "New York Post." On February 19, 2010, Glickman emailed Brodsky, "Maggie Haberman sounds like she's doing a little story on your

5

litigation with the CFB. I just gave her some of the facts of the case." Haberman reiterates Suh's

libelous statements in an article of February 22, 2010 without interviewing Brodsky, "Pol Fights

for 'tainted' cash."(Dec.B51-52)   Suh libels the treasurer, or "top staffer," whose liability was

denied by two state courts and Brodsky who did *not* withhold public funds; Suh further falsifies the

amount of "debt."   Brodsky answered on March 1, 2010, highlighting the board's transgressions

and the 0-9 decision, *Lopez Torres*, 552 U.S. 196. (Dec. B53, Dec. D125-127)

   4.   Attached as __**Exhibit C**__   [¶104] (Dec. C59-107) are Exhibits A-X (U, V missing) of

the April 1, 2010 deposition following J. Rakower's handing Brodsky's tax returns and information

to Suh and Weisman on March 23, 2010.  They then  disseminate the return information on

subpoenas and writs of execution to banks, brokerage companies, an accountant and  employers:

   Exhibit A –   Un-redacted Information Subpoena (redacted) (Dec. C60-62)
   Exhibit B –   Information Subpoena Questionnaire, questions 1-21 (Dec. C63-66)
   Exhibit C –   Image Archive of Honeywell International, Inc. check (Dec. C67)
   Exhibit D –   Schwab Statement: 2/1/2010  to 2/28/2010 showing return
        information for Boeing Co., Exelon Corporation, Xerox Corp.,
        American Electric Power Co., Inc. (Dec. C68-69)
   Exhibit E –   Schwab Statement: 12/1/2009 to 12/31/2009 showing return
        information for Boeing Co., Exelon Corporation, Xerox Corp.,
        Honeywell International (Dec. C70-71)
   Exhibit F –   Schwab Statement: 11/1/2009 to 11/30/2009 showing return information
        for Boeing Co., Exelon Corporation, Xerox Corp.(Dec. C72-73)
   Exhibit G –   Schwab Statement: 10/1/2009 to 10/31/2009 showing return
        information for Boeing Co.,  Xerox Corp., Exelon Corp.(Dec. C74-75)
   Exhibit H –   Schwab Statement: 8/1/2009 to 9/30/2009 showing return
        information for Exelon Corp., DuPont E. I. De Nemour & Co.,
        American Electric Power Co., Inc.(Dec. C76-77)
   Exhibit I –    Schwab Statement: 1/30/2010 to 2/26/2010 showing two
        Checking Accounts (Dec. C78-85)
   Exhibit J –    HSBC Joint Checking Statement, 1/8/2009 – 2/6/2009 (Dec. C86)
   Exhibit K –   HSBC Bank – Charles Schwab check, 9/28/2009 (Dec. C87)
   Exhibit L –   Charles Schwab Bank Check, 12/28/2009 (Dec. C88)
   Exhibit M –   Charles Schwab Bank Check, 1/4/2010 (Dec. C89-90)
   Exhibit N –   Charles Schwab Bank Check, 2/10/2010 (Dec. 91-92)
   Exhibit O –   HSBC bank deposit, 9/25/2009 (Dec. C93)
   Exhibit P –   Brodsky's 2008 Individual Income Tax Return (redacted)(Dec. C94-95)
   Exhibit Q –   Brodsky's 2007 Individual Income Tax Return (redacted)  (Dec. C96-97)
   Exhibit R –   HSBC personal check of nonparty (Dec. C98)

Exhibit S –   HSBC personal check of nonparty (Dec. C99)
Exhibit T –   Commerce Bank Statement of Time Deposit, 7/27/2007 (Dec. 100)
*Exhibit U –   Missing Information
*Exhibit V –   Missing Information
Exhibit W –   Notice not served to Brodsky, August 31, 2009 (Dec. C101-104)
Exhibit X –   Notice of Judgment Debtor Exemption (Dec. C 105-107)

5.   Attached as **Exhibit D** [¶ 114-123] (Dec. D108-131) are excerpts from deposition

of April 1, 2010   at the board corresponding to dissemination of Brodsky's tax return information

for 2007, 2008 and 2009 [Dec. D94-96, 109]:

**Honeywell** (tax return) [¶ 114](Dep. 62:2-63:12; 111:12-18)(Dec. D110)
**American Electric Power** (tax return)[¶115](Dep.76:16-77:2;79:17-25)(Dec.D111-4)
**Eastman Kodak:** (tax return)[¶ 116](Dep. 82:23-84:3)(Dec. D115)
**ExxonMobil** (tax return)[¶ 117] (Dep. 84:18-85:18)(Dec. D116)
**General Electric** (tax return)[¶ 118] (Dep. 85:19-86:18)(Dec. D117)
**Merck**    (tax return) [¶ 119]  (Dep. 90:5-17)  (Dec. D118)
**Walt Disney** (tax return)[¶ 120](Dep. 90:18-91:9)(Dec. D119)
**Exelon** (Schwab on tax return)[¶ 121] (Dep. 93:13-25;96:13-16;98:8-9)(Dec. D120)
**Xerox** (Schwab on tax return) [¶122] (Dep. 96:2-11,97:18-98:2)(Dec. D121-122)
**Boeing** (Schwab on tax return)[¶ 123] (Dep. 93:11; 98:4-14)(Dec. D 123-124)

6. Attached as **Exhibit E** [¶ 126-136](Dec. A23; E132-189) are abstracts of the

subpoenas, restraining orders and correspondence to banks and brokerage companies; notices

of levy and executions:

¶127.  (i)       Charles Schwab and Co., Inc., 311 Main Street, San Francisco, CA 94105:
                 Two restraining notices; Meryl Brodsky etc. February 8, 2010 **(Dec. E133-148)**
                 Two Subpoenas duces tecum, Meryl Brodsky and joint owner, March 5, 2010
                 and March 23, 2010 **(Dec. E152-156 )**
                 Brodsky's CPLR § 3120 letters, February 14 and March 11, 2010 **(Dec. E149-151)**
                 **Notes and exhibits to Schwab garnishment (D. E157-161)**
                 ***Illegal disclosure of Boeing, Honeywell, AEP, Merck and DuPont from returns**
                 **Notice and Levy, execution of two Schwab accounts,  February 12, 2010**
                 *Amount garnished from the two accounts: $9,160.29, plus fees*
¶128. (ii)       TD Bank, 1701 Route 70 East, Cherry Hill, NJ 08034:
                 Information Subpoena with Restraining Notice, September 1, 2009
                 Subpoena duces tecum, March 4, 2010  **(Dec. E164-166)**
                 TD Bank letter, March 11, 2010; Brodsky's letter, March 12, 2010 **(Dec. E162-163)**
¶129. (iii)      HSBC Bank, P.O. Box 2013, Buffalo, NY 14240:
                 ***Two subpoenas duces tecum and restraining orders on two bank accounts:**
                 **Meryl Brodsky; Meryl Brodsky and joint owner**
                 Brodsky's  CPLR § 3120 letter, February 13, 2010 – No answer **(Dec. E167-169)**

¶130. (iv)    ComputerShare, 250 Royall Street, Canton, MA 02021:
              **\*Illegal Disclosure: Information Subpoena with Restraining Order;**
              **Questionnaire in Connection with Information Subpoena with**
              **Restraining Notice to ExxonMobil and Eastman Kodak Companies,**
              **April 7, 2010 (Dec. E173-182)**
              Suh's turnover order served on ComputerShare May 19, 2010
              **Illegal disclosure: Notice and Levy, execution of  ExxonMobil**
              Brodsky's CPLR § 3120 letter, November 30, 2010   **(Dec. E171 )**
              ComputerShare letter to Meryl Brodsky, December 10, 2010  **(Dec. E172 )**

¶131.  (v)    Office of the Sheriff, 66 John Street, New York, NY 10038:
              Sheriff's levy to ComputerShare for ExxonMobil stock, May 20, 2010 **(Dec. E170)**
              Brodsky's CPLR § 3120 letter, December 28, 2010 – No Answer **(Dec.  E188-189)**

¶132. (vi)    BNY Mellon, P.O. Box 358016, Pittsburgh, PA 15252:
              Information subpoena with restraining order, April 7, 2010
              **\*Illegal disclosure: Notice and Levy, execution of individual and joint**
              **holdings of Alcatel Lucent, Citadel Broadcasting, General Electric and**
              **Exelon, July 7, 2010; (Dec. A23)**
              **\*Sheriff's levy to BNY Mellon, July 7, 2010**
              BNY letter, response to plaintiff's phone call, September 21, 2010 and
              October 1, 2010 **(Dec. E183-184)**
              Brodsky's CPLR § 3120 letter, October 16, 2010 **(Dec. E185)**
              Replevin of Exelon stock, October 23, 2010

¶133. (vii)   Walt Disney Company, 500 S. Buena Vista Street MC 9722, Burbank, CA 91521:
              Information subpoena with restraining order, April 7, 2010
              **\*Illegal disclosure: Notice and Levy, joint holdings, Walt Disney, July 7, 2010**
              Sheriff's Levy; Walt Disney letter, January 13, 2011, stop order removed **(Dec. E186)**

¶134.(viii)   Real estate liens on one jointly owned and one private apartment

¶135. (ix)    Defendant Suh's  phone calls to three employers from W-2s

¶136.  (x)    Mark Feinsot, CPA, 38 West 32nd Street, New York, NY 10001:
              Subpoena duces tecum for tax returns to Mark Feinsot, CPA,
              April 5, 2010 **(Dec.  F200-202)**

    7.    Attached as **Exhibit F** [¶ 142-196] (Dec. F190-230) is Suh's email to J. Rakower,

c/o Iris Roberts, June 11, 2010 (Dec. F191); Feinsot's motion to quash, barring dissemination of

Brodsky's tax returns (Dec. F192-226); Brodsky's affidavit and Schonfeld, Esq.'s affirmation  for

adverse claims. (Dec. F227-230)Suh did not answer Feinsot and importuned J. Rakower to "fix" it,

which she did. There being no judicial exceptions pursuant to 26 U.S.C. § 6103 and § 7431, J.

Rakower nonetheless hands Brodsky's returns to Suh and Weisman then precludes Feinsot's and

Brodsky's motions. Despite previously  stating, "Oral Argument Directed," now, "The appearance is

on the papers only, you don't have to come to court."(Dec. F191) Feinsot, by Sikorski, Esq., states:

To make matters worse for an accountant or other party who discloses tax records of a taxpayer IRC § 7525(a), the act of improper disclosure is a misdemeanor, IRC § 7216 (a) (2). This is in the nature of an attorney violating a client's privilege. **A client or a taxpayer alone, not the attorney or accountant, has control over this information. The accountant cannot be forced to disclose this information except in exceptional circumstances (usually criminal proceedings, IRC § 7525(2)), and even then only under court order. [¶ 147]**

Pointing out two conflicting orders of August 31, 2009 and September 24, 2007, Sikorski states:

The two judgments, copies of which are attached, are described in the second order as 'Duplicate original of order dated July 17, 2007'. Yet, both orders are different from e a c h other. This raises the question as to whether the second order can be enforced. It is claimed to be a duplicate, yet it clearly is not. It seems that only the first judgment can be enforced, as it is the original, and the other judgment should be vacated.[¶ 151; Dec. F196-197]

Shutting out Brodsky's affidavit as well as Schonfeld's affirmation, "I am asking the Court to leave the judgment intact and to postpone on any Garnishment or the compelling of Ms. Brodsky's brokers to turn over funds to satisfy the judgment until the appeal is determined," J. Rakower, Suh and Weisman evince extrinsic fraud. [¶ 184; Dec. F230]

8. Attached as **Exhibit G** [¶ 187-204] (Dec. G231-243) are two decisions of J. Rakower, No. 118316/06 (N.Y. Sup. Ct. July 9, 2010) (Seq. 04) (Dec G232-235) & (Seq.05) (Dec.G236-239); Rakower's disposition of Case #111590-2011, November 2011(Dec.G240-241); and Appellate decision, *Brodsky v. N.Y.C. Campaign Finance Board*, 2013 N.Y. App. Div. LEXIS 4552. (Dec. G242-243).

Handing Brodsky's return information to Suh and Weisman [¶187-189] enabled them to locate Brodsky's assets, forcing the companies, notably, ExxonMobil to transfer return information to them and release monies for a fraudulent debt. Stating "the Board 'will no longer need the subpoenaed records from Feinsot,'"Rakower holds him liable for debt because the August 2009 order does and he refuses to disseminate Brodsky's tax returns. (Dec. G239)

After two state judges recused, Case No. 111590-2011 "for renewal and to vacate the money

judgment" pursuant to CPLR § 5015(a)(2) and (3), was routed to J. Rakower who precluded adverse claims. Lacking any answer, Brodsky goes to Rakower's chambers and witnesses her scrawl, "Decline to sign... leave to renew is denied," evincing extrinsic fraud. [¶ 198-199; Dec. G241]

Weisman's and Suh's attempt to stop litigation by failing to serve the August 31, 2009 order, or file notice of entry, incurred additional legal fees. The First Department affirmed that Feinsot was exempt, "The court, however, found petitioner Feinsot was not personally liable for the repayment. Petitioners appealed to this court and we affirmed," *Brodsky v. N.Y.C. Campaign Finance Board*, 2013 N.Y. App. Div. LEXIS 4552. [¶ 202; Dec. G242]

9. Attached as **Exhibit H** [¶ 197] (Dec. H244-245) is the Disciplinary Committee of the NYC Association of the Bar's response to Brodsky's complaint, leaving the matter open. Suh and Weisman threatened two or more attorneys with baseless sanctions to deny Brodsky defense throughout the proceeding costing over $30,000. Accordingly, "[C]oncerning the material allegations of professional misconduct...We have found that a judicial determination of such matters is helpful to the Committee," dated October 28, 2010. [¶ 197]

10. Attached as **Exhibit I** [¶ 1]( Dec. I246-252) is the Second Circuit opinion, *Brodsky v. Carter*, No. 15-cv-3469, 2016 U.S. Dist. LEXIS 40461 (S.D.N.Y. Mar. 28, 2016), *aff'd* 673 F. App'x 42 (2d Cir. 2016) which does ***not*** state Brodsky's IRC claims are precluded by res judicata, collateral estoppel or the statute of limitations. The Decision opines that Brodsky's pleading lacks "specifics" needed to substantiate violations of § 6103 pursuant to 26 U.S.C. § 7431(a)(2) and (d). The facts contained in this Declaration, **Exhibit A** through **Exhibit I** create a foundation:

> A complaint filed pursuant to section 7431 must allege with specificity the returns or return information inspected or disclosed, the dates of inspection or disclosure, to whom information was disclosed, and any other facts sufficient to inform the defendant of the particulars of the alleged violation. Absent such information, motions to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) have been successful. Generally, however, courts dismiss without prejudice and provide plaintiffs an opportunity to amend the complaint.(https://www.irs.gov/pub/irs-pdf/p4639.pdf)

# EXHIBIT A

# Exhibit 1



Computershare Investor Services
250 Royall Street
Canton Massachusetts 02021
www.computershare.com

April 20, 2010

JIHAA SUH
NEW YORK CITY CAMPAIGN FINANCE BOARD
40 RECTOR ST, 7TH FL
NEW YORK NY 10006

| | |
|---|---|
| Company Name: | EASTMAN KODAK COMPANY / EKC |
| Holder Account Number: | ⬛⬛⬛⬛⬛⬛⬛ |
| Registration: | Meryl Brodsky |

| | |
|---|---|
| Company Name: | EXXON MOBIL CORPORATION / XOM |
| Holder Account Number: | ⬛⬛⬛⬛⬛⬛⬛ |
| Registration: | Miss Meryl Brodsky |

Dear Sir / Madam:

We are in receipt of your follow-up request regarding the subpoena with restraining notice pertaining to the case of Meryl Brodsky, Mark Feinsot, and elect Meryl Brodsky to City Counsel 2005 vs. New York City Finance Board, a copy of which is enclosed for your convenience.

Please be advised that Computershare charges a processing fee of $10.00, plus $0.25 per page to respond to Subpoenas. We kindly ask that you submit a check to Computershare in the amount of $10.25, accompanied by a copy of this letter.

Our records show that account number ⬛⬛⬛⬛⬛⬛ was established with a credit of certificate number ⬛⬛⬛⬛ for ⬛⬛ shares on April 21, 1983. On April 19, 2010, the account held ⬛ certificates totaling ⬛⬛ shares and on this date, the stock closed at $7.40 per share. On January 31, February 28, and March 31, 2010, the account held the same balance. Eastman Kodak Company suspended their semi-annual dividend May 5, 2009. Therefore no dividends were paid in 2009.

Account number ⬛⬛⬛⬛⬛⬛⬛ was established with a transfer credit of certificate number ⬛⬛⬛⬛ for ⬛⬛ shares on January 9, 1981. On April 19, 2010, the account held ⬛ certificates totaling ⬛⬛⬛ shares, and ⬛⬛⬛⬛⬛⬛ plan shares and on this date, the stock closed at $68.23 per share. On January 31 and Febrauary 28, 2010 the account held ⬛⬛⬛⬛⬛⬛⬛ shares. On March 31, 2010, the account held ⬛⬛⬛⬛⬛⬛ shares.

Exxon Mobil Corporation pays a quarterly dividend and records show the account is enrolled in full dividend reinvestment. Since January 1, 2009, there have been five dividends paid to the account. They are as follows:

March 09 $⬛⬛⬛⬛, June 09 $⬛⬛⬛⬛⬛, September 09 $⬛⬛⬛⬛⬛, December 09 $⬛⬛⬛⬛⬛, and March 2010 $⬛⬛⬛⬛⬛.

13

Please note certificate shares are held by the shareholder. Since August 31, 2009, we have no record of any sale transaction on either account. We are unable to locate any accounts listed in the names of ~~Carol Brodsky~~ and/or ~~Charles Mac Brodsky~~, jointly or individually held. We have enclosed a Certification of Business Records. Please note that it is our policy to use our own Certification for matters of this nature. We apologize for any delay in receiving all the details pertaining to your initial request.

If you have any further questions, please visit our web site at www.computershare.com. Or you may contact us by phone at 781-575-2879. We offer an automated telephone service to assist you at any time, or you may reach a representative Monday through Friday, 8:30 AM to 5 PM Eastern Time.

Sincerely,

Norberth McKearnoy
Assistant Team Leader
Computershare Shareholder Services
Enclosures: Copy of Subpoena, Certification
REF: rd/U1B0001036839

14



Did you know? Shareholders can manage their holdings online with free access to Computershare's Investor Center website. Use this simple tool to quickly and easily update account information, sign up for electronic delivery of documents and more. Enroll FREE today at www.computershare.com/investor.

**Computershare Investor Services**
211 Quality Circle, Suite 210
College Station Texas 77845
www.computershare.com

MERYL BRODSKY
150 E 61 ST APT 11 K
NEW YORK NY 10065

January 12, 2017

| | |
|---|---|
| Company: | EXXON MOBIL CORPORATION |
| Registration: | MISS MERYL BRODSKY |
| Holder Account Number: | ██████████ |
| Document I.D.: | 16356WF00030934 |
| Our Reference: | XOM/0021479132/1/ |

Dear Sir/Madam:

Thank you for your inquiry regarding the above referenced account. We appreciate the opportunity to be of service to you on behalf of Exxon Mobil Corporation.

On July 22, 2010, 223 shares were transferred from account number ██████████ to NEW YORK CITY SHERRIFF'S OFFICE ██████████████████. An account statement containing the information for the new account was mailed directly to the address registered to that account.

Please be advised that the fee $100 was refunded to your address of record which you will be receiving in 7 to 10 business days. Also note that we need an approval from the New York City Sheriff's Office as the check is not payable on your name.

Should you have any questions, please call us toll free at 1-800-252-1800. Our telephone representatives are available Monday through Friday between the hours of 8:30 AM and 6:00 PM Eastern Time. If you are calling from outside of the US, please call collect at 1-781-575-2058. Please note that any available representative can assist you. If you have Internet access, you may also obtain information about available services by visiting our web site at www.computershare.com/exxonmobil or write to us at ExxonMobil Shareholder Services, c/o Computershare, P.O. Box 30170, College Station, TX 77842-3170.

Sincerely,

*David Hardison*

Service Representative

Enclosure: None

15



Computershare Investor Services
211 Quality Circle, Suite 210
College Station Texas 77845
www.computershare.com

MISS MERYL BRODSKY
150 E 61 ST APT 11 K
NEW YORK NY 10065-8527

February 14, 2017

Company:            EXXON MOBIL CORPORATION
Registration:       MISS MERYL BRODSKY
Holder Account Number:
Document I.D.:      17039WF00574877
Our Reference:      XOM/0021486529/1/

Dear Shareholder:

Thank you for your inquiry regarding the above referenced account. We appreciate the opportunity to be of service to you on behalf of Exxon Mobil Corporation.

According to our records, check number 89327, in the amount of $13,237.93, representing the July 27, 2010 sale payment, was negotiated on August 5, 2010.

We have enclosed a photocopy of the canceled check, which should be retained in your personal records.

Should you have any questions, please call us toll free at 1-800-252-1800. Our telephone representatives are available Monday through Friday between the hours of 8:30 AM and 6:00 PM Eastern Time. If you are calling from outside of the US, please call collect at 1-781-575-2058. Please note that any available representative can assist you. If you have Internet access, you may also obtain information about available services by visiting our web site at www.computershare.com/exxonmobil or write to us at ExxonMobil Shareholder Services, c/o Computershare, P.O. Box 30170, College Station, TX 77842-3170.

Sincerely,

Service Representative

Enclosure: Check copy



DJIA ▽ 20940.51  -0.19%          U.S. 10 Yr ▽ 0/32 Yield  2.281%          Euro   1.0897  0.21%

# Exxon Mobil Corp.
## XOM  (U.S.: NYSE)

AT CLOSE 4:00 PM EDT 04/28/17
### $81.65 USD 0.39 0.48%

AFTER HOURS 7:36 PM EDT 04/28/17
$81.62  -0.03  -0.04% ▽
AFTER HOURS VOL 730.686



5 D                                                      $      %

|                | Apr 24 | Apr 25 | Apr 26 | Apr 27 | Apr 28 |
|----------------|--------|--------|--------|--------|--------|

$82.0
$81.5
$81.0
$80.5

Volume
11,341,483

1 Day Range
81.56 - 82.49

65 Day Avg Vol
12,261,998

52 Week Range
80.30 - 95.55
(04/19/17 - 07/15/16)

## NEWS (XOM)

6 hours ago  Dow Jones Newswires
**Exxon Profit Jump a Sign of Strengthening Oil Companies -- 5th Update**

6 hours ago  The Wall Street Journal
**Exxon Profit Earnings Point to Industry Recovery**

10 hours ago  Dow Jones Newswires
**Exxon Profit Jump a Sign of Strengthening Oil Companies -- 4th Update**

### KEY STOCK DATA          ?

P/E Ratio (TTM)
**43.61** (04/28/17)

EPS (TTM)
$1.87

Market Cap
$344.52 B

Shares Outstanding
4.15 B

Public Float
4.13 B

<u>Exhibit 2</u>



**CITY OF NEW YORK**
**OFFICE OF THE SHERIFF**
**66 John Street, 13th Floor**
**New York, NY 10038**

Meryl Brodsky
150 East 61st Street, Apt. 11-K
New York, NY 10065

Re: Requested execution with endorsed partially satisfied return.
   Meryl Brodsky, et. al v. NYC Campaign Finance Board. Sheriff's Case 10013826

February 6, 2017

Dear Ms. Brodsky,

Pursuant to CPLR 5021(4) (B) enclosed please find a certified copy of the requested execution endorsed "partially satisfied" in the amount of **$12,546.04** returned to the New York County Clerk on August 3, 2010. Additionally, a copy of the check sent to us by the garnishee ExxonMobil-Computershare is enclosed as proof of payment received along with our check to the creditor. Presently, there are no cases filed against you with our office. Please feel free to call if you have any questions.

Yours Truly,

Julio Lopez
Lieutenant
(212) 291-4945

20

©2009 BY BlumbergExcelsior, Inc., PUBLISHER, NYC 10013
www.blumberg.com

120—Execution Against Property. To Sheriff, Notice to Garnishee.
Blank Court. 6 blanks suggested; original; office copy; 2 copies each
for debtor and garnishee (if officer cannot serve personally). 1-09

*Supreme* Court of the State of New York, County of New York     *Index No.* 118316/06   4/21/06

Meryl Brodsky, Mark Feinsot, and Elect Meryl
Brodsky to City Council 2005                          *Plaintiff(s)*          EXECUTION
                                                                              WITH NOTICE TO
                              *against*                                       GARNISHEE

New York City Campaign Finance Board
*(Judgment Creditor)*                                  *Defendant(s)*

THE PEOPLE OF THE STATE OF NEW YORK TO THE SHERIFF OF ANY COUNTY, GREETING:

WHEREAS, *in an action in the* Supreme     Court of New York State

*County of* New York                                                          *as plaintiff(s) and*
*between* Meryl Brodsky et al. (see above caption)                            *as defendant(s)*
New York City Campaign Finance Board
*who are all the parties named in said action, a judgment was entered on* August 31, 2009
*in favor of* New York City Campaign Finance Board                            *judgment creditor(s)*
*and against* Meryl Brodsky et al. (see above caption)                        *judgment debtor(s)*
*whose last known address is* 150 East 61st St. Apt 11K, NY, NY 10065-8527    11,875 *together with*
*in the amount of $*              35,850 *including costs, of which $*
*interest thereon from*                                   *remains due and unpaid;*         *with*

WHEREAS, *a transcript of the judgment was filed on* August 31, 2009
*the Clerk of the County of* New York     *, in which county the judgment was entered; and*
WHEREAS, *a transcript of the judgment was docketed in the office of the Clerk of your county on* August 31, 2009
                                          Meryl Brodsky
NOW, THEREFORE, WE COMMAND YOU *to satisfy the said judgment out of the real and personal*
*property of the above-named judgment debtor and the debts due to* him *and that only the property in which said judgment*
*debtor who is not deceased has an interest or the debts owed to* him *shall be levied upon or sold hereunder; AND TO*
*RETURN this execution to the clerk of the above captioned court within 60 days after issuance unless service of this execu-*
*tion is made within that time or within extensions of that time made in writing by the attorney(s) for the judgment creditor.*
      Pursuant to CPLR § 5205(l), $2,500 *of an account containing direct deposit or electronic payments reasonably identifiable*
*as statutorily exempt payments, as defined in CPLR § 5205(l)(2), is exempt from execution and the garnishee cannot levy upon or*
*restrain $2,500 in such an account.* N/A *because not a banking institution account*
      Pursuant to CPLR § 5222(i), *an execution shall not apply to an amount equal to or less than* 90% *of the greater of 240 times*
*the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or 240 times the state minimum hourly wage*
*prescribed in Labor Law § 652 as in effect at the time the earnings are payable, except such part as a court determines to be unnec-*
*essary for the reasonable requirements of the judgment debtor and his or her dependents.*

*Notice to Garnishee*  TO: Mellon Investor Services LLC/Attn: Shareholder Relations
                       ADDRESS: 480 Washington Blvd., Jersey City, NJ 07310

      WHEREAS, *it appears that you are indebted to the judgment debtor, above named, or in possession or custody of*
*property not capable of delivery in which the judgment debtor has an interest, including, without limitation, the following*
*specified debt and property:* See attached list of specified property
      NOW, THEREFORE, YOU ARE REQUIRED *by section 5232(a) of the Civil Practice Law and Rules forth-*
*with to transfer to the sheriff all personal property not capable of delivery in which the judgment debtor is known or believed*
*to have an interest now or hereafter coming into your possession or custody including any property specified in this*
*notice; and to pay to the sheriff, upon maturity, all debts now due or hereafter coming due from you to the judgment debtor,*
*including any debts specified in this notice; and to execute any documents necessary to effect such transfer or payment;*
      AND TAKE NOTICE *that until such transfer or payment is made or until the expiration of 90 days after the*
*service of this execution upon you or such further time as is provided by any order of the court served upon you whichever*
*event first occurs, you are forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such*
*property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of*
*the sheriff or pursuant to an order of the court;*
      AND TAKE FURTHER NOTICE THAT *at the expiration of 90 days after a levy is made by service of this*
*execution, or of such further time as the court upon motion of the judgment creditor has provided, this levy shall be void*
*except as to property or debts which have been transferred or paid to the sheriff or as to which a proceeding under sections*
*5225 or 5227 of the Civil Practice Law and Rules has been brought.*

*Dated:*            *Signature*                              *Print name signed* Jihee Suh
*Attorney(s) for Judgment Creditor* Jihee Suh, Associate Counsel
*Office and Post Office Address* NYC Campaign Finance Board
                 40 Rector Street, 7th Fl., New York NY 10006

*A notice to judgment debtor in the form presented by CPLR §5222(e).   — HAS NOT — been served on judgment debtor within a year.*

*ENDORSEMENT*

*Please take notice that the following named defendants were not served with a summons herein, viz.:*

Mark Feinsot and Elect Meryl Brodsky to City Council 2005

*and that, as to them, the execution must be restricted as below prescribed.*

*An execution against property shall not be levied upon the sole property of such a defendant, but it may be collected out of real and personal property owned by him jointly with the other defendants who were summoned or with any of them, and out of the real and personal property of the latter or any of them.*

Jihee Suh, Associate Counsel
*Attorney(s) for*
NYC Campaign Finance Board
40 Rector Street, 7th Fl.
New York, NY 10006

*Name and Address of Garnishee*
Mellon Investor Services LLC
Attn: Shareholder Relations
480 Washington Blvd. Jersey City, NJ 07310

*Address of Judgment Debtor*
Meryl Brodsky
150 East 61st St., Apt 11K
New York, NY 10065-8527

*Location of Property*
Mellon Investor Services LLC
Attn: Shareholder Relations
480 Washington Blvd. Jersey City, NJ 07310
Investor ID# 125132717808

*INDEX NO.* 118316/06          COURT NYS Supreme     COUNTY OF New York



*AGAINST PROPERTY*
*With Notice to Garnishee*

Meryl Brodsky, Mark Feinsot, and Elect Meryl                                    LAW OFFICES OF
                                                                               NYC Campaign Finance Board
                                        *Plaintiff(s)*                          40 Rector Street, 7th Fl.
                                                                               New York, NY 10006
*against*
New York City Campaign Finance Board
(Judgment Creditor)
                                        *Defendant(s)*

*Sheriff of any County*                          *Attorney(s) for*
*Levy and collect as within directed*            *Office and Post Office Address*
All shares on attached list                      NY County Sheriff's Office/Joseph Fucito
                                                 31 Chambers Street, New York, NY 10007
*with interest from*
*besides your fees, etc.*                         *Dated and time received*

                                                 _____ *Sheriff*

22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------- X

In the Matter of the Application of

MERYL BRODSKY, MARK FEINSOT, and ELECT
MERYL BRODSKY TO CITY COUNCIL 2005,

                      Petitioners/Judgment Debtors,

      v.

NEW YORK CITY CAMPAIGN FINANCE BOARD,

                  Respondent/Judgment Creditor.
--------------------------------------------------------------- X

Index No. 118316/06

Hon. Eileen A. Rakower

## LIST OF JUDGMENT DEBTOR MERYL BRODSKY'S SPECIFIED PROPERTY SUBJECT TO EXECUTION

1) ▓ shares of General Electric Company stock

2) Any dividends to be issued by General Electric Company to Meryl Brodsky

3) ▓ shares of Alcatel-Lucent stock

4) Any dividends to be issued by Alcatel-Lucent to Meryl Brodsky

5) ▓ shares of Citadel Broadcasting Corporation stock

6) Any dividends to be issued by Citadel Broadcasting Corporation to Meryl Brodsky

7) ▓ shares of Exelon Corporation stock

8) Any dividends to be issued by Exelon Corporation to Meryl Brodsky

Dated: New York, New York
       April 16, 2010

Jihee G. Suh, Associate Counsel
Hillary Weisman, Deputy General Counsel
Sue Ellen Dodell, General Counsel
New York City Campaign Finance Board
40 Rector Street, 7th Floor
New York, NY 10006
(212) 306-7100

*Attorneys for the Judgment Creditor*
*New York City Campaign Finance Board*

AUG 0 3 2010

SHERIFF'S RETURN
CITY OF NEW YORK
NEW YORK COUNTY

DEPUTY SHERIFF

PARTLY SATISFIED
COLLECTED $ 12,546.04

2010 APR 20 PM 2: 41





Computershare Trust Company, N.A.
PO Box 43078
Providence, RI 02940-3078
Within USA, US territories & Canada   800 252 1800
Outside USA, US territories & Canada   781 575 2058
www.computershare.com/exxonmobil

000317

NEW YORK CITY SHERRIF'S OFFICE
ATTN: JOSEPH FUCITO
LAW ENFORCEMENT BUREAU
66 JOHN ST
13TH FLOOR
NEW YORK NY 10038

Holder Account Number

COR

SSN/TIN Certified                    Yes
Symbol                               XOM
Cusip                                30231G102
001CS0007.SAL.C.REG.D.S.CLS.051656_2698/000317/0003176

## Exxon Mobil Corporation - Sale Advice

This advice is a result of the sale of Plan and/or Direct Registration shares.

| Trade Date | Transaction Description | Shares/Units Sold | Price Per Share/Unit ($) | Gross Amount of Sales ($) | Deduction Amount ($) | Deduction Type | Net Amount of Sale ($) |
|---|---|---|---|---|---|---|---|
| 22 Jul 2010 | Sale | 223.000000 | 59.550200 | 13,279.69 | 41.76 | Transaction Fee | 13,237.93 |

Computershare Trust Company, N.A., as agent, upon written request, will provide the name of the executing broker dealer associated with the transaction(s), and within a reasonable amount of time will disclose the source and amount of compensation received from third parties in connection with the transaction(s), if any. If trade time is not included above, it may be available upon written request.

---

2 3 U D C                                              X O M

001CD70003      CO.US4
WARNING: MULTIPLE SAFETY FEATURES. THE FACE OF THIS CHECK HAS A BLUE BACKGROUND AND FLUORESCENT INK (HOLD UNDER BLACKLIGHT TO VIEW). REFER TO SECURITY ENDORSEMENT BACKER FOR TRUE WATERMARK AND ADDITIONAL FEATURES.



PLEASE DEPOSIT THIS CHECK PROMPTLY.

Bank of America
Atlanta, DeKalb County, Georgia
64-127B
611 GA

Check Number: 0000089327

Pay      $****THIRTEEN THOUSAND TWO HUNDRED AND THIRTY SEVEN DOLLARS AND NINETY
         THREE CENTS ****                                                27 Jul 2010

Pay to the   NEW YORK CITY SHERRIF'S OFFICE
order of     ATTN: JOSEPH FUCITO                          $****13,237.93****
             LAW ENFORCEMENT BUREAU
             66 JOHN ST
             13TH FLOOR
             NEW YORK NY 10038

Computershare, Inc.
Authorized Paying Agent



Authorized Signature(s)

Computershare, Inc.
250 Royall St. Canton, MA 02021           Security Features Details on Back

⑈0000089327⑈ ⑆061112788⑆ 335 900 7369⑈

No 054548

DATE 08/18/2010

THE CITY OF NEW YORK
DEPARTMENT OF FINANCE
OFFICE OF THE SHERIFF
NEW YORK COUNTY DIVISION

PAY TO THE ORDER OF
NYC ELECTION CAMPAIGN FINANCE FUND
ATTN: JOHN GILIAN SSR, ESQ.
40 RECTOR STREET, 7TH FL.
NEW YORK, NY 10006

AMOUNT
******$12,546.04

TWELVE THOUSAND FIVE HUNDRED FORTY-SIX DOLLARS
AND 04 CENTS

NON NEGOTIABLE

VOID UNLESS PRESENTED FOR
PAYMENT WITHIN 90 DAYS

THE CHASE MANHATTAN BANK
NEW YORK, NY 10005

THIS DOCUMENT IS PRINTED ON SECURITY PAPER AND A MICRO PRINT SIGNATURE LINE. ABSENCE OF THESE FEATURES INDICATE A COPY.

No 054548

THE CITY OF NEW YORK
DEPARTMENT OF FINANCE
OFFICE OF THE SHERIFF
NEW YORK COUNTY DIVISION
31 CHAMBERS ST., NEW YORK, N.Y. 10007

STATEMENT OF
DISBURSEMENT
DISTRIBUTION

| CASE NUMBER | TITLE OF ACTION | DATE |
|---|---|---|
| 13826 | NEW YORK CITY CAMPAIGN FINANCE BOARD VS. DARRYL BRODSKY, MARK PRESSET AND FIRST | 08/18/2010 |

DISBURSEMENT DISTRIBUTION

| VOUCHER NUMBER | POUNDAGE | FEES | PLAINTIFF/ATTORNEY | MISCELLANEOUS | TOTAL DISBURSEMENTS |
|---|---|---|---|---|---|
| 58200 | 661.89 | 30.00 | 12,546.04 | 0.00 | $13,237.93 |

MERYL BRODSKY
150 EAST 61ST STREET, #11-K
NEW YORK, NEW YORK 10065
TELEPHONE/FAX: (212) 866-2105
EMAIL:

January 24, 2017

CONFIDENTIAL – CORRECTED COPY
NYC Sheriff's Office, Attn. Legal Affairs
30-10 Starr Avenue
Long Island City, New York 11101

Re: Sheriff's Case # 10013826 Closed. (See Attachment 1)

Dear Sir or Madam:

I am personally informed by the NYC Sheriff's Office at 66 John Street, New York, N.Y. 10038 that I have an unsatisfied judgment against me for interest of $7,917.00 This is a serious misrepresentation.

Following a lawsuit, *Elect Meryl Brodsky et al. v. the New York City Campaign Finance Board*, 113316/06 (N.Y. Sup. Ct. June 27, 2007) commenced in May 2007, Brodsky paid $25,975.44 to the NYC Campaign Finance Board, c/o JP Morgan Chase, 4 CMC, Brooklyn, New York on July 26, 2007. Brodsky was obligated to return $26,010 "unspent" funds pursuant to her accountant's audit. ($34.56 was previously paid on September 11, 2006 for a total $26,010.) See Attachments 2 and 3.

The Campaign Finance Board (CFB) never credited $26,010 against the alleged debt. Thus, claiming so much interest is a fraud. After a three-year lapse, the same judge imposed an additional amount that Brodsky did not owe. (*Brodsky et al. v. CFB*, N.Y. Sup. Ct. July 9, 2010) The board levied 223 shares of Brodsky's ExxonMobil stock on July 22, 2010 for an $11,875 judgment, plus interest and sheriff's poundage, totaling $13,237.93. On August 26, 2010, Jihee Suh sent Brodsky a Satisfaction of Judgment. See Attachment 4. Therefore, based on all of the foregoing, interest is not due and owing. Please try to correct this misrepresentation at your earliest convenience.

Further, I am informed by ExxonMobil that I need an approval from the NYC Sheriff's Office to receive the cancelled check, # 89327. See Attachment 5. The letter, dated January 12, 2017 states, "Also note we need an approval from the New York City Sheriff's Office as the check is not payable in your name." Pursuant to NYS Public Officer's law, Sections 87(2)(b) and 89(2)(b)(iii), I need the information for tax returns and other matters. If you could provide approval for ExxonMobil to release a copy of the cancelled check, in writing, email or telephone, this request will be answered. I can be reached at 212-866-2105;

Yours truly,

*Meryl Brodsky*
Meryl Brodsky

Attachments

27

Exhibit 3



THE CITY OF NEW YORK
OFFICE OF THE COMPTROLLER
CLAIMS AND ADJUDICATIONS
1 CENTRE STREET  ROOM 1200
NEW YORK, N.Y.  10007-2341

WWW.COMPTROLLER.NYC.GOV

Scott M. Stringer
COMPTROLLER

015 - 152

Date:           01/31/2017
RE:             Acknowledgment - Law
MERYL BRODSKY
Claim number:   2017LW002809
Contract no:

MERYL BRODSKY
150 E 61 ST
NEW YORK, NY 10065

Receipt is hereby acknowledged of your claim against the City of New York. Please refer to the above claim number on any correspondence or inquiry you may have with this office. The claim is currently under investigation. If you have any questions regarding your claim, you may contact us at 212-669-4736.

Yours truly,

Bureau of Law & Adjustment

LAW DIVISION
(212) 669-4736

ARTHUR W. GREIG
ATTORNEY AT LAW
401 BROADWAY, SUITE 1902
NEW YORK, NEW YORK 10013

(212) 941-0290

July 26, 2007

Hillary Weisman, Esq.
Deputy General Counsel
New York City Campaign Finance Board
40 Rector Street, 7th Floor
New York, N.Y. 10006

Re:    Matter of Meryl Brodsky ,
       Elect Meryl Brodsky to City Council 2005
       NYC Campaign Finance Board

Dear Ms. Weisman:

This office represents Meryl Brodsky and her campaign committee, Elect Meryl Brodsky to City Council 2005. Enclosed please find an official check in the amount of $25,975.44 representing the balance of the public funds which the Campaign owes to the NYC Campaign Finance Board and the City Fund. As you may know, the Campaign originally offered to return this money in August, 2006.

Since Ms. Brodsky and the Campaign intend to appeal Justice Rakower's recent decision and order, the funds herein are tendered and paid "under protest."

Thank you for your kind attention to this matter, and should you require any further information, please feel free to contact this office.

Very truly yours,

Arthur W. Greig

AWG/ms
enclosure: Official Check in the amount of $25,975.44

cc:    Meryl Brodsky

Commerce Bank

406- 21156
1-1397/250

7/24/2007

PAY TO THE ORDER OF ***NYC ELECTION CAMPAIGN FINANCE FUND***

$25,975.44

Twenty Five Thousand Nine Hundred Seventy Five Dollars AND 44 Cents   DOLLARS

THE SUM 25,975 DOLS 44 CTS

PAID UNDER PROTEST

RE: FROM: ELECT MERYL BRODSKY

2921 BROADWAY
NEW YORK, NY 10025

OFFICIAL CHECK

Account: 9001405
Amount: 25,975.44
PostDate: 20070816
Tran_ID:
CheckNum: 40621156
DIN: 647666700
ReturnReasonDescription: 0
ECEItemSeqNum: 0

---

SPL 0647666700
2010 B0 P1
08/16/2007

COMMERCE
BANK

JP MORGAN CHASE
For Deposit Only to the Account of
New York City Campaign Finance Board
The NYC Election Campaign Finance Fund
003-001235

8970042075

Account: 9001405
Amount: 25,975.44
PostDate: 20070816
Tran_ID:
CheckNum: 40621156
DIN: 647666700
ReturnReasonDescription: 0
ECEItemSeqNum: 0

MERYL BRODSKY
CAROL BRODSKY
150 East 61st Street
Apt No. 11K
New York, NY 10021

352

1-108/210

Date September 11, 2006

Pay to the
Order of New York City Election Campaign Finance Fund   $ 34 56/100

Thirty Four Dollars & Fifty Six Cents   Dollars

HSBC

HSBC Bank USA New York, NY 10025

For _____

Meryl Brodsky

⑆021081098⑆0580209000⑈   0352   ⑆0000003456⑈

JP MORGAN CHASE
For Deposit Only to the Account of
New York City Campaign Finance Board
The NYC Election Campaign Finance Fund
063-001235

Exhibit 4



**CITY OF NEW YORK**
**OFFICE OF THE SHERIFF**
**66 John Street, 13th Floor**
**New York, NY 10038**

Meryl Brodsky
150 East 61st Street, Apt. 11-K
New York, NY 10065

Re: Amended property execution endorsed "fully satisfied" return.
   Meryl Brodsky, et. al v. NYC Campaign Finance Board. Sheriff's Case 18013826

April 10, 2017

Dear Ms. Brodsky,

In my previous letter to you I sent you a "partially retuned" endorsed property execution Pursuant to CPLR 5021(4)(B). However, the property execution was mistakenly endorsed incorrectly and I have enclosed a certified copy of the corrected property execution endorsed "fully satisfied" A corrected return was sent to the New York County Clerk's Office on April 10, 2017. This does not change your current status with our office with regard to your previous request. Please feel free to call if you have any questions.

Yours Truly,

Julio Lopez
Lieutenant
(212) 291-4945

©2009 BY Blumberg Excelsior, Inc., PUBLISHER, NYC 10013
www.blumberg.com

120—Execution Against Property, To Sheriff, Notice to Garnishee;
Blank Court. 6 blanks suggested; indicate office copy; 2 copies each
for debtor and garnishee if office cannot serve personally. 5-09

*Supreme Court of the State of New York, County of New York*   *Index No.* 118316/06

Meryl Brodsky, Mark Feinsot, and Elect Meryl
Brodsky to City Council 2005                    *Plaintiff(s)*

*against*

New York City Campaign Finance Board

*(Judgment Creditor)*                           *Defendant(s)*

*EXECUTION
WITH NOTICE TO
GARNISHEE*

THE PEOPLE OF THE STATE OF NEW YORK TO THE SHERIFF OF ANY COUNTY, GREETING:

WHEREAS, *in an action in the Supreme*          *Court of New York State*
*County of New York*
*between* Meryl Brodsky et al.(see above caption)                *as plaintiff(s) and*
New York City Campaign Finance Board                            *as defendant(s)*
*who are all the parties named in said action, a judgment was entered on* August 31, 2009
*in favor of* New York City Campaign Finance Board              *judgment creditor(s)*
*and against* Meryl Brodsky et al. (see above caption)          *judgment debtor(s)*
*whose last known address is* 150 East 51st St. Apt 11K, NY, NY 10065-8527
*in the amount of $*            35,850 *including costs,* of which $          11,875 *together with*
*interest thereon from*                      *remains due and unpaid;*                  *with*

WHEREAS, *a transcript of the judgment was filed on* August 31, 200°           , *in which county the judgment was entered; and*
*the Clerk of the County of* New York

WHEREAS, *a transcript of the judgment was docketed in the office of the Clerk of your county on* August 31, 2009
Meryl Brodsky

NOW, THEREFORE, WE COMMAND YOU *to satisfy the said judgment out of the real and personal
property of the above named judgment debtor and the debts due to him, and that only the property in which said judgment
debtor who is not deceased has an interest or the debts owed to him shall be levied upon or sold hereunder; AND TO
RETURN this execution to the clerk of the above captioned court within 60 days after issuance unless service of this execu-
tion is made within that time or within extensions of that time made in writing by the attorney(s) for the judgment creditor*

Pursuant to CPLR § 5205(l), $2,500 of an account containing direct deposit or electronic payments reasonably identifiable
as statutorily exempt payments, as defined in CPLR § 5205(l)(2), is exempt from execution and the garnishee cannot levy upon or
restrain $2,500 in such an account. N/A because not a banking institution account

Pursuant to CPLR § 5222(i), an execution shall not apply to an amount equal to or less than 90% of the greater of 240 times
the federal minimum hourly wage prescribed in the Fair Labor Standards Act of 1938 or 240 times the state minimum hourly wage
prescribed in Labor Law § 652 as in effect at the time the earnings are payable, except such part as a court determines to be unnec-
essary for the reasonable requirements of the judgment debtor and his or her dependents.

*Notice to Garnishee*   TO:Mellon Investor Services LLC/Attn: Shareholder Relations
ADDRESS:480 Washington Blvd., Jersey City, NJ 07310

WHEREAS, *it appears that you are indebted to the judgment debtor, above named, or in possession or custody of
property not capable of delivery in which the judgment debtor has an interest, including, without limitation, the following
specified debt and property:* See attached list of specified property

NOW, THEREFORE, YOU ARE REQUIRED *by section 5232(a) of the Civil Practice Law and Rules forth-
with to transfer to the sheriff all personal property not capable of delivery in which the judgment debtor is known or believed
to have an interest now in or hereafter coming into your possession or custody including any property specified in this
notice; and to pay to the sheriff, upon maturity, all debts now due or hereafter coming due from you to the judgment debtor,
including any debts specified in this notice; and to execute any documents necessary to effect such transfer or payment;*

AND TAKE NOTICE *that until such transfer or payment is made or until the expiration of 90 days after the
service of this execution upon you or such further time as is provided by any order of the court served upon you whichever
event first occurs, you are forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such
property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of
the sheriff or pursuant to an order of the court;*

AND TAKE FURTHER NOTICE THAT *at the expiration of 90 days after a levy is made by service of this
execution, or of such further time as the court upon motion of the judgment creditor has provided, this levy shall be void
except as to property or debts which have been transferred or paid to the sheriff or as to which a proceeding under sections
5225 or 5227 of the Civil Practice Law and Rules has been brought.*

Dated:                          *Signature*                           *Print name signed,* Jihee Suh
*Attorney(s) for Judgment Creditor* Jihee Suh, Associate Counsel
*Office and Post Office Address* NYC Campaign Finance Board
40 Rector Street, 7th Fl., New York NY 10006

*A notice to judgment debtor in the form prescribed by CPLR §5222(e) — HAS — HAS NOT — been served on judgment debtor within a year.*

35

*ENDORSEMENT*

*Please take notice that the following named defendants were not served with a summons herein, viz.:*

Mark Feinsot and Elect Meryl Brodsky to City Council 2005

*and that, as to them, the execution must be restricted as below prescribed.*

*An execution against property shall not be levied upon the sole property of such a defendant, but it may be collected out of real and personal property owned by him jointly with the other defendants who were summoned or with any of them, and out of the real and personal property of the latter or any of them.*

Jihee Suh, Associate Counsel
*Attorney(s) for*
NYC Campaign Finance Board
40 Rector Street, 7th Fl.
New York, NY 10006

*Name and Address of Garnishee*
Mellon Investor Services LLC
Attn: Shareholder Relations
480 Washington Blvd. Jersey City, NJ 07310

*Address of Judgment Debtor*
Meryl Brodsky
150 East 61st St., Apt 11K
New York, NY 10065-8527

*Location of Property*
Mellon Investor Services LLC
Attn: Shareholder Relations
480 Washington Blvd. Jersey City, NJ 07310
Investor ID# 125132717808

*INDEX NO.* 118316/06          COURT NYS Supreme     COUNTY OF New York

## Execution

*AGAINST PROPERTY*
*With Notice to Garnishee*

| | |
|---|---|
| Meryl Brodsky, Mark Feinsot, and Elect Meryl | LAW OFFICES OF |
| | NYC Campaign Finance Board |
| *against* | 40 Rector Street, 7th Fl. |
| New York City Campaign Finance Board | New York, NY 10006 |
| (Judgment Creditor) | |

*Plaintiff(s)*

*Defendant(s)*

*Sheriff of any County*
*Levy and collect as within directed*
All shares on attached list

*with interest from*
*besides your fees, etc.*

*Attorney(s) for*
*Office and Post Office Address*
NY County Sheriff's Office/Joseph Fucito
31 Chambers Street, New York, NY 10007

*Dated and time received*

_____ *Sheriff*

SHERIFF'S RETURN
CITY OF NEW YORK
NEW YORK COUNTY

Deputy Sheriff

APR 1 0 2017

FULLY SATISFIED

# **Exhibit 5**



CITY OF NEW YORK
OFFICE OF THE SHERIFF
66 John Street, 13th Floor
New York, NY 10038


Meryl Brodsky
150 East 61st Street, Apt. 11-K
New York, NY 10065


Re: Requested execution with endorsed partially satisfied return.
    Meryl Brodsky, et. al. v. NYC Campaign Finance Board. Sheriff's Case 10013826

May 3, 2017

Dear Ms. Brodsky,

Enclosed for your records, please find a copy of our letter to ExxonMobile c/o Computer share honoring their request.

Yours Truly,

Julio Lopez
Lieutenant
(212) 291-4945



**CITY OF NEW YORK**
**OFFICE OF THE SHERIFF**
66 John Street, 13th Floor
New York, NY 10038

ExxonMobil Shareholder Services
c/o Computershare
PO Box 30170
College Station, TX  77842-3170

May 3, 2017

Company: Exxon Mobil Corporation
Registration: Miss Meryl Brodsky
Holder Account Number: ▮▮▮▮▮▮▮▮
Document ID: 16356WF00030934
Your Reference: XOM/0021479132/1/

To Whom It May Concern:

This letter is in reference to your January 12, 2017 letter sent to Miss Meryl Brodsky, regarding a July 22, 2010 Exxon Mobil Corporation share transfer.  On July 22, 2010 223 shares of ExxonMobil stock were transferred from Miss Brodsky's account to the New York City Sheriff's Office to satisfy a judgment.

Miss Brodsky requested a copy of the check related to this sale.  In your response, you stated that "we need an approval from the New York City Sheriff s Office as the check is not payable on your name."  Enclosed find a copy of the January 2017 letter with the relevant sentence underlined.

Please accept this letter as an approval for you to release a copy of the relevant check to Ms. Brodsky.

Please contact me if you have any further questions.  I can be reached at 212-291-4945.

Sincerely,

Julio Lopez
Lieutenant
Office of the Sheriff

Enclosure

Computershare

Did you know? Most shareholders can manage their holdings online with our secure online shareholder service. Create one ID, use it as a single tool to quickly verify and/or adjust account information, get up-to-date information by accessing a document, or to read other shareholder-specific needs.

Computershare Investor Services
211 Quality Circle, Suite 210
College Station Texas 77845
www.computershare.com

MERYL BRODSKY
150 E 61 ST APT 11 K
NEW YORK NY 10065

January 12, 2017

Company:                       EXXON MOBIL CORPORATION
Registration:                  MISS MERYL BRODSKY
Holder Account Number:         ████████████
Document I.D.:                 16336WF00030934
Our Reference:                 XOM/0021479132/1/

Dear Sir/Madam:

Thank you for your inquiry regarding the above referenced account. We appreciate the opportunity to be of service to you on behalf of Exxon Mobil Corporation.

On July 22, 2010, 323 shares were transferred from account number ████████████ to NEW YORK CITY SHERIFF'S OFFICE ████████████. An account statement containing the information for the new account was mailed directly to the address registered to that account.

Please be advised that the fee $100 was refunded to your address of record which you will be receiving in 7 to 10 business days. Also note that we need an approval from the New York City Sheriff's Office as the check is not payable on your name.

Should you have any questions, please call us toll free at 1-800-252-1800. Our telephone representatives are available Monday through Friday between the hours of 8:30 AM and 6:00 PM Eastern Time. If you are calling from outside of the US, please call collect at 1-781-575-2058. Please note that any available representative can assist you. If you have internet access, you may also obtain information about available services by visiting our web site at www.computershare.com/exxonmobil or write to us at ExxonMobil Shareholder Services, c/o Computershare, P.O. Box 30170, College Station, TX 77842-3170.

Sincerely,

Service Representative

Enclosure: None

41

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------- x

MERYL BRODSKY, MARK FEINSOT, and ELECT
MERYL BRODSKY TO CITY COUNCIL 2005,

                                Petitioners,

-against-

NEW YORK CITY CAMPAIGN FINANCE BOARD,

                                Respondent.

-------------------------------------------------------------- x

Index No.  118316/06

Hon. Eileen A. Rakower

Memorandum of Law in
Opposition to Respondent's
Order to Show Cause

## Preliminary Statement

    Petitioners oppose Respondent's Order to Show Cause.  Petitioner has filed a Notice of Appeal, appealing this court's final determination in this matter dated December 16, 2009.  Such action stays all further proceedings.  In addition, we ask the court to reconsider its denial of Petitioner's Motion to Vacate the judgment in view of the new information that has come to light, to wit, Respondent's continued failing to acknowledge the amount repaid by Petitioner in plain violation of the CPLR.  Finally, we ask the court to Quash the Subpoena.

## I. The Order is Appealable

    Respondent contends that petitioners have no right to appeal Article 78 proceedings.  See ¶23 of Affirmation of Jihee Suh.  While we understand that a public agency might want to give petitioners as few opportunities as possible to challenge its decision, the CFB's statement of the law is flatly incorrect.  The Appellate Division has

repeatedly held that <u>non-final</u> decisions of a trial court are not appealable. <u>City of Newark v. Law Dep't of City of New York</u>, 779 N.Y.S.2d 59 at 60 (1st Dept. 2004); <u>Cohen v. State</u>, 770 N.Y.S.2d 361 at 362 (3d Dept. 2003); <u>Il Classico Restaurant, Inc. v. Colin</u>,680 N.Y.S.2d 107 at 108 2d Dept. 1998 (rejecting consideration on appeal of an interlocutory matter but considering the final order of an Article 78 proceeding). Respectfully, we submit that the relevant question for this court to decide is whether the December 16, 2009 order was final or non-final.

The order was final.  It denied petitioners cross motion to vacate the judgment. The Petitioner believes that Respondent's material omissions and fraudulent representations made in the judgment document, and other documents served on the petitioner render the judgment fraudulent and therefore should be vacated.  There is no further recourse for Petitioner in this matter that can be redressed with this court in this litigation.  Petitioner submits, therefore, that an appeal of right lies based on the court's decision.

In <u>Potash v. Malik</u>, the Appellate Division held that in an Article 78 proceeding an appeal lied from a Special Term decision finding that the City Clerk had wrongly invalidated signatures from a petition and ordered the Clerk to go back and count the number of valid signatures under the court imposed standards.  The Clerk filed an appeal but agreed to re-count the signatures under the standards imposed by the Special Term order to determine if the petition was valid under the rules imposed by Special Term. The Appellate Division considered the appeal and reversed in Special Term, considering the Special Term decision "final" in spite of the continuance in counting.  <u>Potash</u> 232 N.Y.S.2d 993 (4th Dep't. 1962) at 996.

2

Respondent here argues that the pendency of collection procedures renders the court's Decision and Order non-final. Surely this can not be the case. Respondent's view would eviscerate and render meaningless the stay provisions of CPLR § 5519. Furthermore, this court's decision did not reserve any part of Respondent's motion for decision. It did not grant Respondent's Motion for Contempt. There is no question that Respondent would have had to file a new motion to seek Contempt against Petitioner.

Since the December 16 decision and Order of the court was final, an appeal of right lies from it and, we respectfully submit that all collection proceedings must be stayed.

## II. Petitioner Need Not Serve an Unredacted Version of Her Information Subpoena Response on Respondent

Respondent concedes that the automatic stay provision in CPLR § 5519(a)(5) applies to an order "direct[ing] the execution of any instrument." The December 16 order of this court directs Petitioner to respond to the Information Subpoena, which of course requires that execution of a document answering questions about Petitioner's assets, and that it must be duly signed and notarized. Respondent's argument, besides referring to Petitioner's common sense interpretation of the statute as "strained and erroneous" amounts to an unsupported conclusory statement that "an information Subpoena is not an instrument for purposes of § 5519(a)(5)". Petitioner is certainly under the impression that the court has ordered her to execute an instrument.

Petitioner served a copy of the redacted Information Subpoena response to Respondent, even though the statute does not require it, in a good faith attempt to give Respondent notice of how we were proceeding. We deposited it with the judge and clerk.

3

The statute, we believe permits us to deposit the instrument solely with the court, rather than the clerk, because to deposit it with the clerk would make it public record and defeat the purpose of the stay provision. We therefore ask that if Petitioner is required to submit an unredacted version of the Information Subpoena Response, she be allowed to deposit it with your honor's chambers.

III. The Deposition Subpoena is Defective and Null and Void

Respondent's Deposition Subpoena fails to comply with the most basic notice requirement for enforcing money judgments. CPLR § 5223 states as follows:

> At any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena, which shall specify all of the parties to the action, the date of the judgment, the court in which it was entered, the amount of the judgment and the amount then due thereon, and shall state that false swearing or failure to comply with the subpoena is punishable as a contempt of court.

Emphasis added.

Attached is a copy of the Deposition Subpoena. We note that – yet again – Respondent fails to acknowledge that Petitioner had paid the great majority of money owed pursuant to the court's original decision and order in contravention of the CPLR's very clear instruction.

The undersigned is aware that Respondent has taken collection actions against other candidates within its jurisdiction, so it would stretch belief that the omission of such an obvious provision was mere oversight. Petitioner also advised Respondent about defects in the subpoena by letter, attached, and by telephone on January 22, 2010 and asked them to modify or withdraw it, but they refused. We believe that this is yet another

4

material omission – if not fraud -- on the court and Petitioner regarding the amount owed

to Respondent and we therefore respectfully suggest that the court should reconsider its

denial of the Motion to Vacate the Judgment.

Given Respondent's refusal to modify or withdraw an obviously defective

subpoena, we ask the court to Quash it pursuant to CPLR §2304.

Dated: Brooklyn, NY
      February 8, 2010

Respectfully submitted,

Leo Glickman
Stoll, Glickman & Bellina, LLP
71 Nevins Street
Brooklyn, NY 11217
(718) 852-0507

5

```
*********************
***    TX REPORT    ***
*********************


TRANSMISSION OK

TX/RX NO            1940
DEPT. ID            0000001
RECIPIENT ADDRESS   912123067143
DESTINATION ID
ST. TIME            01/18 16:20
TIME USE            00'34
PAGES SENT          1
RESULT              OK
```

# STOLL, GLICKMAN & BELLINA ᴸᴸᴾ ATTORNEYS AT LAW

71 Nevins Street
Brooklyn, NY 11217
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

January 18, 2010

Jihee Suh
NYC Campaign Finance Board
40 Rector St.
New York, NY 10006
By Fax: 212-306-7143

Re: Meryl Brodsky et al. v. New York City Campaign Finance Board

Dear Ms. Suh:

I write in reference to a subpoena allegedly executed by you on January 14, 2010 commanding the Meryl Brodsky appear in your office on January 26, 2010. The subpoena is defective in a number of ways, and we ask that, on behalf of your client, withdraw or modify the subpoena. Feel free to call to discuss our view about its defects.

Given the short period of time you have made the subpoena returnable, if you do not notify me that you will modify or withdraw the subpoena by close of business Tuesday, January 19, I will assume you are refusing to do so and will act accordingly. Also, if you are refusing to withdraw or modify the subpoena, I ask as a courtesy that you put that in writing to me by email or however it would be most convenient for you.

**STOLL, GLICKMAN BELLINA** LLP

71 Nevins Street
Brooklyn, NY 11217
P: (718) 852-3710
F: (718) 852-3586

Jihee Suh                                                      January 18, 2010
NYC Campaign Finance Board
40 Rector St.
New York, NY 10006
By Fax: 212-306-7143

Re: <u>Meryl Brodsky et al. v. New York City Campaign Finance Board</u>

Dear Ms. Suh:

I write in reference to a subpoena allegedly executed by you on January 14, 2010 commanding the Meryl Brodsky appear in your office on January 26, 2010. The subpoena is defective in a number of ways, and we ask that, on behalf of your client, withdraw or modify the subpoena. Feel free to call to discuss our view about its defects.

Given the short period of time you have made the subpoena returnable, if you do not notify me that you will modify or withdraw the subpoena by close of business Tuesday, January 19, I will assume you are refusing to do so and will act accordingly. Also, if you are refusing to withdraw or modify the subpoena, I ask as a courtesy that you put that in writing to me by email or however it would be most convenient for you.

Thank you.

Sincerely,

Leo Glickman

49

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              1948
DEPT. ID              0000001
RECIPIENT ADDRESS     912123067143
DESTINATION ID
ST. TIME              01/22 15:03
TIME USE              00'32
PAGES SENT            1
RESULT                OK
```

## STOLL, GLICKMAN & BELLINA ᴸᴸᴾ ATTORNEYS AT LAW

**71 Nevins Street**
**Brooklyn, NY 11217**

P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

January 22, 2010

Jihee Suh
NYC Campaign Finance Board
40 Rector St.
New York, NY 10006
By Fax: 212-306-7143

Re: <u>Meryl Brodsky et al. v. New York City Campaign Finance Board</u>

Dear Ms. Suh:

As we stated in our January 18 letter to you, your subpoena is defective in a number of ways. Since you have not taken the opportunity to discuss the defects, and refused to modify or withdraw it accept insofar as to adjust the date, we consider the "subpoena" a nullity. Therefore, my client will not be appearing at your office on January 26.

Thank you.

Sincerely,

Leo Glickman

**Subject:**   NY Post just called

**From:**   Leo Glickman (lglickman@stollglickman.com)

**To:**   meryl7@verizon.net;

**Date:**   Friday, February 19, 2010 12:20 PM


Maggie Haberman, sounds like she's doing a little story on your litigation with CFB.  I just gave her some of the facts of the case.


```
Stoll, Glickman & Bellina LLP
Campaign Finance and Election Law, Civil Rights, Criminal Defense
71 Nevins Street
Brooklyn , New York
 11217
718.852.0507
WWW.STOLLGLICKMAN.COM
```

**IN THE NEWS:**    MLB TRADE DEADLINE    THE BACHELORETTE    HILLARY CLINTON    DONALD TRUMP    BILL COSBY

HOME    SECTIONS    SEARCH    FOLLOW    SUBSCRIBE    SIGN IN

METRO

# Pol fights for 'tainted' cash

By Maggie Haberman    February 22, 2010 | 5:00am

A failed Democratic City Council candidate has been waging a four-year court battle with campaign-finance officials in a bid to hang on to thousands of taxpayer dollars she allegedly handed out improperly to a top staffer after her election.

Meryl Brodsky, a Manhattan Democratic district leader who lost a four-way primary for an Upper East Side council seat in 2005, still owes more than $11,000, from a total of $35,000, the Campaign Finance Board says.

Brodsky came in third in the race won by Dan Garodnick and got $55,000 in matching funds from the board.

Although she eventually repaid $26,000, Brodsky went to court in 2007 to argue the expenses were legitimate — and that the money for her treasurer was based on the work she expected he would have to do preparing for a campaign-finance audit. She lost, and also lost her appeal of the decision.

## COLUMNISTS

### Republicans ready to take on Cuomo in race to replace Libous

### Words we'd never thought we'd say: Talk to us, Chuck Schumer!

### Why 30 Rock is the greatest building in the world

**SEE ALL COLUMNISTS**



**SAVE 60% ON THE 2015 RELEASE OF CREATIVE CLOUD.** Students and teachers, get every creative app for mobile and desktop.

## PROMOTED STORIES



**10 Times Cheating Was a Truly Stupid Idea**
SundanceTV



**Wealthfront raises $35 million as it seeks to become the Uber of...**
Biz Journals



**We Tried Blue Apron: Here's What Happened**
Blue Apron on Mentisatto



**If At First You Don't Succeed, Tax, Tax Again?**
Airlines for America - A4A



**The Online Furniture Retailer That's Shaking up the Industry**
HP Matter



**Why Fishermen Don't Have Bananas On Board**
Columbia Sportswear



Promoted Content by

Bloomberg staffer, 22, left brain dead by hit-run driver

**Subject:** Fw: "Pol fights for 'tainted' cash" by Maggie Haberman, 2/22/2010

**From:** MERYL BRODSKY (meryl7@verizon.net)

**To:** maggie.haberman@nypost.com;

**Date:** Monday, March 1, 2010 11:40 AM

Hello Ms. Haberman:

Attached please find two letters, one of which I condensed. If you wish to publish it, feel free to edit and condense. Thank you.

Re: "Pol Fights for 'tainted' cash" by Maggie Haberman    February 22, 2010

As a Manhattan district leader, I feel justified in highlighting the transgressions of the NYC Campaign Finance Board (CFB) through the legal process: something as important as campaign finance compliance warrants public attention. It was the self-same board members of the CFB that represented the losers, 9-0, in Lopez-Torres, a US Supreme Court case decided in January 2008. Their attempt to remove and replace the merit panel selection of judges with elections was a failure. It is the same aberrant behavior that characterizes their actions against candidates for city office, who, like judicial candidates that rightly enter a panel for review, simply stand for election; actions the CFB tries to suppress, to wit, at the public's expense. Their manipulation of the political and judicial processes should be reversed. Needless to say, my case is on appeal.

----- Forwarded Message ----
**From:** MERYL BRODSKY <meryl7@verizon.net>
**To:** letters@nypost.com
**Sent:** Sun, February 28, 2010 12:45:19 AM
**Subject:** "Pol fights for 'tainted' cash" by Maggie Haberman, 2/22/2010

Re: "Pol Fights for 'tainted' cash" by Maggie Haberman    February 22, 2010

In my own behalf, I have no compunction about retaliating against the abusive, harassing and illegal tactics of the NYC Campaign Finance Board (CFB). As a Manhattan district leader, I feel justified in highlighting the transgressions of the CFB through the legal process: something as important as campaign finance compliance warrants public attention. It was the self-same board members of the CFB that represented the losers, 9-0, in Lopez-Torres, a US Supreme Court case decided in January 2008.  Their attempt to remove and replace the merit panel selection of judges with elections was a failure.  It is the same aberrant behavior that characterizes their actions against candidates for city office, who like judicial candidates that rightly enter a panel for review, simply stand for election; actions the CFB tries to suppress, to wit, at the public's expense. Their distortion and manipulation of both the judicial and political processes in this City should be reversed.   Needless to say, my case is on appeal.

Feel free to edit and condense this letter.

**Subject:** RE:

**From:** Leo Glickman (lglickman@stollglickman.com)

**To:** meryl7@verizon.net;

**Date:** Friday, March 19, 2010 5:33 PM

Let's talk Monday. I received the entered order yesterday. You must appear for the deposition on April 1. I will also have to provide the information subpoena questionnaire on March 23.

Stoll, Glickman & Bellina LLP
Campaign Finance and Election Law, Civil Rights, Criminal Defense
71 Nevins Street
Brooklyn, New York
  11217
718.852.0507
WWW.STOLLGLICKMAN.COM

**From:** MERYL BRODSKY [mailto:meryl7@verizon.net]
**Sent:** Thursday, March 18, 2010 12:03 PM
**To:** Leo Glickman
**Subject:**

Hi Leo:

What's a good time to call you on your cell? Tomorrow? When do I have to depose?  Can I mention for the record, due to the lack of personal service of contempt motions and subpoenas, I am doing it under protest.

I have questions about the proceeding, etc.

Many thanks, Meryl



**New York City**
**Campaign Finance Board**
40 Rector Street, New York, NY 10006
tel. 212.306.7100
fax 212.306.7143
www.nyccfb.info

Joseph P. Parkes, S.J.
Chairman

Arc Chang
Richard J. Davis
Katheryn C. Patterson
Mark S. Piazza
Members

Amy M. Loprest
Executive Director

Shauna Tarshis Denkensohn
Deputy Executive Director

Sue Ellen Dodell
General Counsel

**By Facsimile**

March 22, 2010

Leo Glickman, Esq.
Stoll, Glickman & Bellina
71 Nevins Street
Brooklyn, New York 11217

Re: _Brodsky et al. v. New York City Campaign Finance Board_, Index No. 118316/06 (N.Y. Sup. Ct. June 27, 2007), _aff'd_, 869 N.Y.S.2d 508 (1st Dep't 2008)

Dear Mr. Glickman:

I am writing to inform you that the deposition on April 1, 2010 in the above-referenced matter may be videotaped.

Please contact me at (212) 306-5261 if you have any questions.

Sincerely,

Jihee G. Suh

55

**STOLL, GLICKMAN & BELLINA** LLP **ATTORNEYS AT LAW**

71 Nevins Street
Brooklyn, NY 11217
P: (718) 852-3710
F: (718) 852-3586
www.stollglickman.com

March 22, 2010

Jihee Suh
NYC Campaign Finance Board
40 Rector St.
New York, NY 10006
By Fax: 212-306-7143

Re:  Meryl Brodsky et al. v. New York City Campaign Finance Board

Dear Ms. Suh:

I am in receipt of your letter dated March 22, 2010. We are concerned about the potential for misuse of the videotape. Your client has already gone to the press about this pending litigation, and we are concerned that you would want to use the videotape to embarrass or harass Ms. Brodsky.

More importantly, presumably it is your client's intention to ask Ms. Brodsky questions to assist you in identifying her assets. Obviously, any disclosure of that information beyond the parties to this litigation would pose a security issue to Ms. Brodsky.

We therefore ask that you sign a protective order that would enjoin the parties and their attorneys from disseminating the information elicited in the deposition. (See Liebman and Charme v. Lanzoni 624 N.Y.S.2d 752 (Civ. Ct., NY County 1995.)) Please let me know if you are agreeable to signing such a stipulation, and I will draft a proposed order.

Sincerely,

Leo Glickman

NYC CAMPAIGN FIN. BD.   Fax:212-306-7143            Mar 24 2010 16:35   P. 02



**New York City**
**Campaign Finance Board**

40 Rector Street, New York, NY 10006
tel.  212.306.7100
fax  212.306.7143
www.nyccfb.info

Joseph P. Parkes, S. J.
Chairman

Art Chang
Richard J. Davis
Katheryn C. Patterson
Mark S. Piazza
Members

Amy M. Loprest
Executive Director

Shauna Tarshis Denkensohn
Deputy Executive Director

Sue Ellen Dodell
General Counsel

**By Facsimile**

March 24, 2010

Leo Glickman, Esq.
Stoll, Glickman & Bellina
71 Nevins Street
Brooklyn, New York 11217

Re:  _Brodsky et al. v. New York City Campaign Finance Board_, Index No. 118316/06 (N.Y.
     Sup. Ct. June 27, 2007), aff'd, 869 N.Y.S.2d 508 (1st Dep't 2008)

Dear Mr. Glickman:

I am writing in response to your letter dated March 22, 2010.   We notified you that the
deposition of Meryl Brodsky may be videotaped because the applicable law and rules "freely
permit a party taking a deposition to record it on videotape," as noted in the case you cited.

Information relating to litigation is public, and thus your implication that the CFB's
disclosure to the press was somehow improper is baseless and does not justify your proposed
protective order.  The absence of any justification for your request is also demonstrated by the
fact that you have already provided some of Ms. Brodsky's financial information without such
an order and have never previously raised your purported concerns.  Those purported concerns
are unwarranted because the CFB has not disseminated information about Ms. Brodsky's
financial assets to the press, and because existing privacy laws already protect certain personal
confidential information.

Moreover, a core part of the CFB's mandate is the disclosure of information concerning
candidates' violations of campaign finance laws and rules, the assessment of penalties,
repayment of public funds, and outstanding payments.  As a government agency, the CFB is also
subject to the New York State Freedom of Information Law (FOIL).  Thus, we cannot enter into
the protective order requested in your letter because it is contrary to the CFB's disclosure
obligations.

Lastly, as you are well aware, Ms. Brodsky's conduct with respect to the remaining
amount owed has forced the CFB to engage in efforts to ascertain information from third parties
concerning her income and assets.  Your proposed protective order is overbroad and would
obstruct such efforts and other judgment enforcement mechanisms involving third parties.

Leo Glickman, Esq.
March 24, 2010
Page 2

    Accordingly, the CFB will not agree to your proposed protective order, but will agree, in the event that the deposition is videotaped, not to disseminate the videotape to a third party except to a court if necessary for judgment enforcement litigation, or if necessary to comply with a FOIL request for portions of the videotape that are not exempt from disclosure, and will note such agreement on the record at the deposition.

    Please contact me at (212) 306-5261 if you have any questions or would like to discuss this matter further.

Sincerely,

Jihee G. Suh

# EXHIBIT C

*A*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------- x

MERYL BRODSKY, MARK FEINSOT, and ELECT
MERYL BRODSKY TO CITY COUNCIL 2005,
Petitioners,
-against-
NEW YORK CITY CAMPAIGN FINANCE BOARD,

Respondent.

Index No. 118316/06

PETITIONER MERYL
BRODSKY'S RESPONSE TO
RESPNDENT'S
INFORMATION SUBPOENA
QUESTIONNAIRE

---------------------------------------------------------------- x

The following are my answers to the questions posed in the Respondent's
"INFORMATION SUBPOENA QUESTIONNAIRE":

1. ▬▬

2. ▬▬

3. ▬▬▬▬▬

4. ▬▬▬▬▬▬

5. ▬▬

6. ▬▬

7. ▬▬▬▬▬▬▬

8. ▬▬

9. ▬▬

10. ▬▬▬

11. ▬▬▬▬▬

12. ▬▬▬

13. ▬▬▬

b. ▬▬▬▬▬▬▬▬▬

c. ▬▬▬▬



2

Signed,

*Meryl Brodsky*

Meryl Brodsky

State of New York
County of New York

Sworn to me, this 6th day of January, 2010

Notary Public

LEO GLICKMAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02GL6151114
Qualified in New York County
My Commission Expires August 16, 2010

3



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------ X
In the Matter of the Application of                          :

MERYL BRODSKY, MARK FEINSOT, and ELECT     :   **INFORMATION SUBPOENA**
MERYL BRODSKY TO CITY COUNCIL 2005,              :   **QUESTIONNAIRE**
                                                                   :   **in connection with**
                    Petitioners.                                :   **INFORMATION SUBPOENA**
                                                                   :   **regarding**
v.                                                                 :
                                                                   :   Meryl Brodsky
NEW YORK CITY CAMPAIGN FINANCE BOARD,       :   (Judgment Debtor)
                                                                   :   150 East 61st Street. #11K
                    Respondent/Judgment Creditor.         :   New York, New York 10021
                                                                   :
------------------------------------------------------------------ X

Pursuant to the attached information subpoena, you are hereby commanded to answer in a
signed, notarized writing, separately and fully, the following questions:

1. Is your residential address, as listed above, correct and complete?  If not, please
   correct and/or complete the information above.

2. Do you rent or own the residence listed above?

3. What is your telephone number?

4. What is your date of birth?

5. Are you married?  If so, what is your spouse's name?

6. Are you employed?  If so, what is your occupation, name, address, and telephone
   number of your employer, and what is your annual salary?

7. What is your gross annual income?  (Gross income is salary, wages or other
   income, including any and all investment income, rental property income, overtime
   earnings, commissions, and income from trusts, before any deductions are made
   from such income.)

8. Are you self-employed?  If so, what are your monthly earnings?

9. Are you or your spouse owners or principals of a business or do either of you have
   any other connection with a business or firm?  If so,

a.  What is the name of the business or firm, including any corporate or trade name? If it is a partnership, what are the names and addresses of the partners? If not a partnership, what are the names and addresses of the other investors, owners, or principals, in addition to you or your spouse?

b.  What is the address of the business or firm?

c.  What position do you or your spouse hold in the business or firm?

d.  Do you or your spouse own stock or any other form of security in the business or firm? If so, in what form is this security and what is the value of the security?

e.  What was the amount of income received by you or your spouse from the business or firm during the last twelve months?

f.  On a monthly basis, what is the average salary or income you or your spouse derive from your business or firm?

10. If you or your spouse owns the business or firm, list all accounts receivable due to the business or firm, stating the name, address and amount due on each receivable.

11. What money, other than income included in your responses to Questions No. 6, 7, 8, and 9 above, have you received in the last two years? If you earn money from any other sources, including the following, list the amount, how often, and the name and address of the source:

a.  Alimony

b.  Loan payments

c.  Rental property income

d.  Pensions

e.  Bank accounts

12. Advise us of your taxable and net income by attaching to your answers a copy of the last two federal tax returns you filed, including W-2 forms and schedules.

2

13. Do you or your spouse have any bank or savings accounts?  If so, please provide the following details for each account:

    a.  Bank name

    b.  Address of the bank branch where the account is located

    c.  The name(s) the accounts are in

    d.  The type of account (checking, savings, certificate of deposit, etc.)

    e.  The account number

    f.  The balance in the account as of September 2009

    g.  If applicable, the date the account was closed

14. Have you closed any bank account since the summons in this action was served on you?  If so, please provide the name and address of the bank for each account you closed.

15. Do either you or your spouse have or own, any of the following?

    a.  Safe deposit boxes?  If so, detail particulars, including the locations and names of the institutions maintaining the boxes.

    b.  Life insurance?  If so, detail particulars, including the name and address of the carrier, the type of insurance policy, and the value of the insurance.

    c.  Stocks, bonds, or other securities?  If so, detail particulars, including the types and forms of the securities, in whose names the securities are held, the value of the securities, and the amount of money you or your wife receive from the securities, including how often and the name and address of the source.

    d.  Real estate?  If so, detail particulars, including the address of the property, the date the property was purchased and the purchase price, the name and address of all owners, the name and address of all tenants, and monthly rental paid by each tenant.

    e.  Unsatisfied money judgments in your or your spouse's favor?  If so, detail particulars, including the amounts due, the index numbers, and the names of the courts.

    f.  Is there a lien on any of the above?

    g.  Unsatisfied money judgments against you or your spouse?  If so, detail

particulars, including the amounts due, the creditors' names, the index numbers, and the names of the courts.

    h.  Mortgages on real or personal property? If so, detail particulars, including the name and address of all mortgagees and the balance due on all mortgages.

16. What is the name and address of your accountant?

17. Do you owe anyone money? If so, have they sued you, obtained judgment, levied execution or attachment, obtained a garnishee or court order directing you to pay installments on account of the judgment, examined you in supplementary proceedings, or had a receiver of your property appointed?

18. Does anyone owe you money? Have you sued them?

19. Are you acting as executor, administrator, trustee, receiver, guardian under a power of attorney, or in any other such capacity?

20. Are you under any orders for alimony, support, or maintenance?

21. Do you have any other assets not specifically mentioned above? If so, detail particulars, including the type of assets, and value of the assets.

**False swearing or failure to comply with this information subpoena and information subpoena questionnaire is punishable by contempt of court.**

4

HSBC Bank USA, N.A. - Image Archive



| Account Number | Date Posted | ird Ind | Check Number | Amount | Sequence Number | Tran Code |
|---|---|---|---|---|---|---|
| | 01/04/2010 | | 0244223526 | 1524.66 | 7815014234 | 000000 |

HSBC Bank USA, N.A. - Image Archive

 **SCHWAB**

Account Statement
Retain for Your Records

Statement Period: February 1, 2010 to February 28, 2010
Last Statement: January 31, 2010

Schwab One® Account
Account Number: 4127-1418

Cut paper clutter.
Switch to eStatements at schwab.com/paperless.
Questions? Call 1-800-435-4000

Account Opened in: 2009
Page 1

MERYL BRODSKY
372 CENTRAL PARK W APT 10U
NEW YORK NY        10025-8208

### Account Value Summary

| | |
|---|---|
| Cash & Sweep Money Market Funds | $ 0.00 |
| Margin Loan Balance | $ 0.00 |
| Investments | $ 6,303.30 |
| Total Account Value | $ 6,303.30 |

### Total Funds Available: Cash + Margin

| | |
|---|---|
| Available to Withdraw | $ 1,303.00 |
| Securities Buying Power | $ 6,518.00 |

### Change in Value Summary

| | |
|---|---|
| Starting Account Value | $ 6,138.38 |
| Transactions & Income This Period | $ 74.03 |
| Income Reinvested This Period | $ 0.00 |
| Change in Value of Investments This Period | $ 90.89 |
| Ending Account Value | $ 6,303.30 |
| Change in Account Value Since  1/1/10 | $ 348.67 |

### Rate Summary

| | |
|---|---|
| Value Adv Money Fd SWVXX | 0.01% |
| Sch Investor Money Fund | 0.01% |
| Margin Loan Rates vary by balance | 6.00% to 8.50% |

### Investment Detail

| Description | Symbol | Quantity Long/Short | Price | Market Value |
|---|---|---|---|---|
| Investments | | | | |
| BOEING CO (M) | BA | 50    L | $ 63.1600 | $ 3,158.00 |
| EXELON CORPORATION (M) | EXC | 51    L | 43.3000 | 2,208.30 |
| XEROX CORP (M) | XRX | 100    L | 9.3700 | 937.00 |
| | | Total Account Value | | $ 6,303.30 |

### Transaction Detail

| Settle Date | Trade Date | Transaction | Description | Quantity | Price | Total |
|---|---|---|---|---|---|---|
| **Cash Activity** | | | | | | |
| 02/05 | 02/05 | SchwabBank Trnsfr | TO INV CKG 4400-15571241 JOURNAL FUNDS | | | $ (2,840.77) |
| **Investments Activity** | | | | | | |
| 02/03 | 02/03 | Received | AMER ELECTRIC PWR CO INC: AEP | 84 | $ 34.7000 | |
| 02/05 | 02/02 | Sold | AMER ELECTRIC PWR CO INC: AEP | (84 ) | 35 | $ 2,931.01 |

*Please see "Footnotes for Your Account" section for an explanation of the footnote codes and symbols on this statement.*

© 2004 Charles Schwab & Co.,Inc. All rights reserved. Member SIPC   CRS 33640 (0001-05565) STP10479R1-03 (12-04)

CN2A2102-002365 351535



 SCHWAB

Account Statement
Retain for Your Records

Schwab One® Account
Account Number: 4127-1418

Statement Period: February 1, 2010 to February 28, 2010
Page 2

## Dividends Pending

| Payable Date | Transaction | Description | Quantity | Rate Per Share | Share Distribution | Cash Distribution |
|---|---|---|---|---|---|---|
| 03/05 | Qualified Dividend | BOEING CO | 50 | 0.4200 | | $21.00 |
| 03/10 | Qualified Dividend | EXELON CORPORATION | 51 | 0.5250 | | 26.78 |

*Pending transactions are not included in account value.*

## Income Summary

| Description | This Period | Year to Date |
|---|---|---|
| *Federally Taxable* | | |
| Cash Dividends | | $4.25 |
| Total Income | $0.00 | $4.25 |

## Footnotes For Your Account

(M)    Denotes a marginable investment.

For information on how Schwab pays its representatives, go to http://aboutschwab.com/about/overview/compensation.html.

© 2004 Charles Schwab & Co.,Inc.  All rights reserved.  Member SIPC.  CRS 22640 (0001-0396)  S1P10479R1-03 (12-04)

CN2A2102-603365 351536



**SCHWAB**

Account Statement

Retain for Your Records

Statement Period: December 1, 2009 to December 31, 2009

Last Statement: November 30, 2009

Schwab One® Account
Account Number: 4127-1418

*Cut paper clutter.*
*Switch to eStatements at schwab.com/paperless.*
*Questions? Call 1-800-435-4000*

Account Opened in: 2009
Page 1

MERYL BRODSKY
372 CENTRAL PARK W APT 10U
NEW YORK NY      10025-8208

### Account Value Summary

| | |
|---|---|
| Cash & Sweep Money Market Funds | $ (90.24) |
| Margin Loan Balance | $ 0.00 |
| Investments | $ 6,044.87 |
| **Total Account Value** | **$ 5,954.63** |

### Change in Value Summary

| | |
|---|---|
| Starting Account Value | $ 5,940.40 |
| Transactions & Income This Period | $ (170.84) |
| Income Reinvested This Period | $ 0.00 |
| Change in Value of Investments This Period | $ 185.07 |
| **Ending Account Value** | **$ 5,954.63** |
| Change in Account Value Since  5/22/09 | $ 5,954.63 |

### Total Funds Available:  Cash + Margin

| | |
|---|---|
| Available to Withdraw | $ 954.00 |
| Securities Buying Power | $ 6,064.00 |

### Rate Summary

| | |
|---|---|
| Value Adv Money Fd SWVXX | 0.01% |
| Sch Investor Money Fund | 0.01% |
| Margin Loan Rates vary by balance | 6.00% to 8.50% |

### Investment Detail

| Description | Symbol | Quantity Long/Short | | Price | Market Value |
|---|---|---|---|---|---|
| Cash and Money Market Funds (Sweep) | | | | | |
| CASH | | | | | $ (90.24) |
| **Investments** | | | | | |
| BOEING CO (M) | BA | 50 | L | $ 54.1300 | $ 2,706.50 |
| EXELON CORPORATION (M) | EXC | 51 | L | 48.8700 | 2,492.37 |
| XEROX CORP (M) | XRX | 100 | L | 8.4600 | 846.00 |
| | | **Total Account Value** | | | **$ 5,954.63** |

### Transaction Detail

| Settle Date | Trade Date | Transaction | Description | Quantity | Price | Total |
|---|---|---|---|---|---|---|
| Cash Activity | | | | | | |
| 12/04 | 12/04 | Qualified Dividend | BOEING CO: BA | | | $ 21.00 |
| 12/24 | 12/24 | SchwabBank Trnsfr | TO INV CKG 4400-15571241 JOURNAL FUNDS | | | (200.00) |
| 12/31 | 12/31 | Funds Paid | CHECK ISSUED  6169300 | | | (21.00) |
| 12/31 | 12/31 | SchwabBank Trnsfr | TO INV CKG 4400-15571241 JOURNAL FUNDS | | | (250.00) |

*Please see "Footnotes for Your Account" section for an explanation of the footnote codes and symbols on this statement.*

© 2004 Charles Schwab & Co. Inc.  All rights reserved.  Member SIPC   CRS 22646 (0091-0386)  STP10479R1-03 (12/04)

PNCK2102-005067 401436



**CHARLES SCHWAB**

Account Statement
Retain for Your Records

Schwab One® Account
Account Number: 4127-1418

Statement Period: December 1, 2009 to December 31, 2009
Page 2

## Transaction Detail (continued)

| Settle Date | Trade Date | Transaction | Description | Quantity | Price | Total |
|---|---|---|---|---|---|---|
| Investments Activity | | | | | | |
| 12/24 | 12/24 | Received | HONEYWELL INTERNATIONAL: HON | 7 | $39.8800 | |
| 12/30 | 12/24 | Sold | HONEYWELL INTERNATIONAL: HON | (7) | 40 | $267.04 |

## Income Summary

| Description | This Period | Year to Date |
|---|---|---|
| Federally Taxable | | |
| Cash Dividends | $21.00 | $21.00 |
| **Total Income** | **$21.00** | **$21.00** |

## Footnotes For Your Account

(M)   Denotes a marginable investment.

For information on how Schwab pays its representatives, go to http://aboutschwab.com/about/overview/compensation.html.

©2004 Charles Schwab & Co.,Inc. All rights reserved. Member SIPC. CRS 22640 (0901-0366) STP10479R1-03 (12/04)

PNCK3102-005087 601437



 **SCHWAB**

Account Statement
Retain for Your Records

Statement Period: November 1, 2009 to November 30, 2009
Last Statement: October 31, 2009

Schwab One® Account
Account Number: 4127-1418

*Cut paper clutter.*
*Switch to eStatements at schwab.com/paperless.*
*Questions? Call 1-800-435-4000*

Account Opened in: 2009
Page 1

0011 GNMA2105 001770 SMI 10025A068604 364820    004.5
MERYL BRODSKY
372 CENTRAL PARK W APT 10U
NEW YORK NY        10025-8208

### Account Of

MERYL BRODSKY
372 CENTRAL PARK W APT 10U
NEW YORK NY        10025-8208

### Account Value Summary

| | |
|---|---|
| Cash & Sweep Money Market Funds | $ 92.72 |
| Margin Loan Balance | $ 0.00 |
| Investments | $ 5,847.68 |
| Total Account Value | $ 5,940.40 |

### Change in Value Summary

| | |
|---|---|
| Starting Account Value | $ 3,143.60 |
| Transactions & Income This Period | $ 2,500.00 |
| Income Reinvested This Period | $ 0.00 |
| Change in Value of Investments This Period | $ 296.80 |
| Ending Account Value | $ 5,940.40 |
| Change in Account Value Since 5/22/09 | $ 5,940.40 |

### Total Funds Available: Cash + Margin

| | |
|---|---|
| Available to Withdraw | $ 939.72 |
| Securities Buying Power | $ 6,086.00 |

### Rate Summary

| | |
|---|---|
| Value Adv Money Fd SWVXX | 0.01% |
| Sch Investor Money Fund | 0.01% |
| Margin Loan Rates vary by balance | 6.00% to 8.50% |

### Investment Detail

| Description | Symbol | Quantity Long/Short | | Price | Market Value |
|---|---|---|---|---|---|
| Cash and Money Market Funds (Sweep) | | | | | |
| CASH | | | | | $ 92.72 |
| Investments | | | | | |
| BOEING CO (M) | BA | 50 | L | $ 52.4100 | $ 2,620.50 |
| EXELON CORPORATION (M) | EXC | 51 | L | 48.1800 | 2,457.18 |
| XEROX CORP (M) | XRX | 100 | L | 7.7000 | 770.00 |
| | | Total Account Value | | | $ 5,940.40 |

*3G00037700102S*

### Transaction Detail

| Settle Date | Trade Date | Transaction | Description | Quantity | Price | Total |
|---|---|---|---|---|---|---|
| Cash Activity | | | | | | |
| 11/09 | 11/09 | Funds Received | FUNDS RECEIVED | | | $ 2,500.00 |

Please see "Footnotes for Your Account" section for an explanation of the footnote codes and symbols on this statement.

© 2004 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. CRS 22646 (0001-0386) STP10479R1-03 (12-04)
GNMA2105 003770 364820



SCHWAB

Schwab One® Account
Account Number: 4127-1418

## Transaction Detail (continued)

| Settle Date | Trade Date | Transaction | Description | Quantity | Price | Total |
|---|---|---|---|---|---|---|
| **Investments Activity** | | | | | | |
| 11/20 | 11/17 | Bought | EXELON CORPORATION: EXC | 51 | $ 46.9790 | $ (2,408.88) |

## Dividends Pending

| Payable Date | Transaction | Description | Quantity | Rate Per Share | Share Distribution | Cash Distribution |
|---|---|---|---|---|---|---|
| 12/04 | Qualified Dividend | BOEING CO | 50 | 0.4200 | | $ 21.00 |

*Pending transactions are not included in account value*

## Footnotes For Your Account

(M)   Denotes a marginable investment.

For information on how Schwab pays its representatives, go to http://aboutschwab.com/about/overview/compensation.html.

© 2004 Charles Schwab & Co., Inc. All rights reserved. Member SIPC. CRS 22640 (0001-0386) STP10479R1-00 (12/04)

CNBA2102-003770 364821

SIPC

**SCHWAB**

Account Statement
Retain for Your Records

Statement Period: October 1, 2009 to October 31, 2009
Last Statement: September 30, 2009

Schwab One® Account
Account Number: 4127-1418

Cut paper clutter.
Switch to eStatements at schwab.com/paperless.
Questions? Call 1-800-435-4000

Account Opened in: 2009
Page 1

MERYL BRODSKY
372 CENTRAL PARK W APT 10U
NEW YORK NY          10025-8208

### Account Value Summary

| | |
|---|---|
| Cash & Sweep Money Market Funds | $ 1.60 |
| Margin Loan Balance | $ 0.00 |
| Investments | $ 3,142.00 |
| Total Account Value | $ 3,143.60 |

### Change in Value Summary

| | |
|---|---|
| Starting Account Value | $ 3,969.60 |
| Transactions & Income This Period | $ (533.40) |
| Income Reinvested This Period | $ 0.00 |
| Change in Value of Investments This Period | $ (292.60) |
| Ending Account Value | $ 3,143.60 |
| Change in Account Value Since  5/22/09 | $ 3,143.60 |

### Total Funds Available: Cash + Margin

| | |
|---|---|
| Available to Withdraw | $ 1.60 |
| Securities Buying Power | $ 1.60 |

### Rate Summary

| | |
|---|---|
| Value Adv Money Fd SWVXX | 0.01% |
| Sch Investor Money Fund | 0.01% |
| Margin Loan Rates vary by balance | 6.00% to 8.50% |

### Investment Detail

| Description | Symbol | Quantity Long/Short | | Price | Market Value |
|---|---|---|---|---|---|
| Cash and Money Market Funds (Sweep) | | | | | |
| CASH | | | | | $ 1.60 |
| Investments | | | | | |
| BOEING CO (M) | BA | 50 | L | $ 47.8000 | $ 2,390.00 |
| XEROX CORP (M) | XRX | 100 | L | 7.5200 | 752.00 |
| | | Total Account Value | | | $ 3,143.60 |

### Transaction Detail

| Settle Date | Trade Date | Transaction | Description | Quantity | Price | Total |
|---|---|---|---|---|---|---|
| **Cash Activity** | | | | | | |
| 10/01 | 10/01 | Funds Received | CASHIERS CHECK | | | $ 3,200.00 |
| 10/07 | 10/07 | Journaled Funds | JOURNAL FRM 99979116 | | | 105.00 |

*Please see "Footnotes for Your Account" section for an explanation of the footnote codes and symbols on this statement.*

© 2004 Charles Schwab & Co. Inc. All rights reserved. Member SIPC. CRS 22640 (0931-0386) S1P10479R1-03 (12-04.

CNA42102-902936 348678

*G00003936204G*



 **SCHWAB**

Account Statement
Retain for Your Records

Schwab One® Account

Account Number: 4127-1418

Statement Period: October 1, 2009 to October 31, 2009
Page 2

## Transaction Detail (continued)

| Settle Date | Trade Date | Transaction | Description | Quantity | Price | Total |
|---|---|---|---|---|---|---|
| Investments Activity | | | | | | |
| 10/02 | 10/02 | Delivered | EXELON CORPORATION: EXC | (80 ) | $ 47.9800 | |
| 10/07 | 10/02 | Bought | BOEING CO: BA | 50 | 51.0300 | $ (2,564.45) |
| 10/07 | 10/02 | Bought | XEROX CORP: XRX | 100 | 7.2600 | (738.95) |

## Footnotes For Your Account

(M)   Denotes a marginable investment.

For information on how Schwab pays its representatives. go to http://aboutschwab.com/about/overview/compensation.html.

© 2004 Charles Schwab & Co. Inc. All rights reserved. Member SIPC. CRS 22640 (0901-0385) STP10479R1-03 (12-04)

CNAA2109/003036 046079

SiPC

**SCHWAB**

Account Statement
Retain for Your Records

Statement Period: August 1, 2009 to September 30, 2009
Last Statement: July 31, 2009

Schwab One® Account
Account Number: 4127-1418

*Cut paper clutter.*
*Switch to eStatements at schwab.com/paperless.*
*Questions? Call 1-800-435-4000*

Account Opened in: 2009
Page 1

MERYL BRODSKY
372 CENTRAL PARK W APT 10U
NEW YORK NY        10025-8208

## Account Value Summary

| | |
|---|---|
| Cash & Sweep Money Market Funds | $ 0.00 |
| Margin Loan Balance | $ 0.00 |
| Investments | $ 3,969.60 |
| **Total Account Value** | **$ 3,969.60** |

## Total Funds Available:  Cash + Margin

| | |
|---|---|
| Available to Withdraw | $ 0.00 |
| Securities Buying Power | $ 0.00 |

## Change in Value Summary

| | |
|---|---|
| Starting Account Value | $ 0.00 |
| Transactions & Income This Period | $ 4,358.79 |
| Income Reinvested This Period | $ 0.00 |
| Change in Value of Investments This Period | $ (389.19) |
| **Ending Account Value** | **$ 3,969.60** |
| Change in Account Value Since  5/22/09 | $ 3,969.60 |

## Rate Summary

| | |
|---|---|
| Value Adv Money Fd SWVXX | 0.01% |
| Sch Investor Money Fund | 0.01% |
| Margin Loan Rates vary by balance | 6.00% to 8.50% |

## Investment Detail

| Description | Symbol | Quantity Long/Short | | Price | Market Value |
|---|---|---|---|---|---|
| Investments | | | | | |
| EXELON CORPORATION (M) | EXC | 80 | L | $ 49.6200 | $ 3,969.60 |
| | | **Total Account Value** | | | **$ 3,969.60** |

## Transaction Detail

| Settle Date | Trade Date | Transaction | Description | Quantity | Price | Total |
|---|---|---|---|---|---|---|
| **Cash Activity** | | | | | | |
| 09/17 | 09/17 | Funds Paid | CLIENT REQUEST #3113524 | | | $ (5,033.96) |
| 09/28 | 09/28 | Funds Received | FUNDS RECEIVED | | | 4,092.95 |
| **Investments Activity** | | | | | | |
| 09/16 | 09/11 | Sold | DU PONT E I DE NEMOUR&CO: DD | (78 ) | $ 32 | $ 2,485.83 |
| 09/16 | 09/11 | Sold | DU PONT E I DE NEMOUR&CO: DD | (22 ) | 32 | 701.13 |
| 09/16 | 09/16 | Received | AMER ELECTRIC PWR CO INC: AEP | 60 | 31.8300 | |
| 09/16 | 09/16 | Received | DU PONT E I DE NEMOUR&CO: DD | 100 | 33.9000 | |
| 09/17 | 09/14 | Sold | AMER ELECTRIC PWR CO INC: AEP | (60 ) | 31 | 1,847.00 |
| 09/28 | 09/23 | Bought | EXELON CORPORATION: EXC | 80 | 51 | (4,092.95) |

*Please see "Footnotes for Your Account" section for an explanation of the footnote codes and symbols on this statement.*

© 2009 Charles Schwab & Co Inc.  All rights reserved.  Member SIPC.  CHS 22640 (0001-0386)  STP1047SR1-03 (12/04.



SCHWAB

Schwab One® Account
Account Number: 4127-1418

Statement Period: August 1, 2009 to September 30, 2009
Page 2

**Footnotes For Your Account**

(M)    Denotes a marginable investment.

For information on how Schwab pays its representatives, go to http://aboutschwab.com/about/overview/compensation.html.

© 2004 Charles Schwab & Co.,Inc. All rights reserved. Member SIPC. CRS 22640 (0001-0388). STP10479R1-03 (12/04)

7499K2102-005450 392222





*charles* **SCHWAB**
BANK

MERYL BRODSKY

'000013949010*

313949

Account Number
440015571241

Statement Period
January 30, 2010 to
February 26, 2010

## Customer Service Information

Call Toll Free: (877) 824-5625

Send Written Inquiries to:
Charles Schwab Bank
P.O. Box 4987
Greenwood Village, CO 80155-4987

Send Deposits to:
Charles Schwab Bank
P.O. Box 628291
Orlando, FL 32862-9925

## Schwab Bank News

A brokerage message from Charles Schwab & Co., Inc.

It's not too early to make a tax-smart move. Open or contribute to a Schwab IRA before the April 15 deadline for 2009 IRA contributions. Find out more on page 2.

**Please Read:** Important changes to your Schwab Bank Deposit Account Agreement and the Schwab Bank Electronic Funds Transfer Terms and Conditions are disclosed starting on page 3. Please review and retain for your records. If you have any questions, please contact Schwab Bank Customer Service at 1-888-403-9000.

We've added a new section to your statement
We've created a new section called Nonsufficient Funds Fee. This way you can see your overdraft fees separately from your returned items fees from a period and year to date perspective.

If you have any questions, please contact Schwab Bank Customer Service at 1-888-403-9000. We're available 8:30 a.m. to 11:00 p.m. ET, Monday through Friday, and 9:00 a.m. to 10:30 p.m. ET on weekends. (0310-0787)

Page 1 of 8

MERYL BRODSKY
372 CENTRAL PARK W APT 10U
NEW YORK NY 10025-8208

© 2009 Charles Schwab Bank. All rights reserved. Member FDIC.

*charles* SCHWAB
BANK

MERYL BRODSKY

Account Number
44001 55712 41

Statement Period
January 30, 2010 to
February 26, 2010

## Schwab Bank News *(continued)*

A brokerage message from Charles Schwab and Co., Inc.

Take the easy way out with a smart, easy Schwab IRA.

It's not just easy to open an IRA at Schwab. It's also smart, because a Schwab IRA has low minimums and no account service fees¹—plus, you have access to helpful guidance when you need it.

Opening an IRA at Schwab.com only takes about 15 minutes. We'll waive the $1,000 minimum if you set up a monthly transfer of at least $100—a convenient way to automatically pay yourself first.

To open an IRA today, go to **schwab.com/openIRA** or talk to a Schwab investment professional at 1-888-774-3759 or personal assistance. They'll help you understand your IRA options and even walk you through opening your account.

Already have a Schwab IRA? Visit schwab.com/fundIRA and log in to contribute. If you'd like to transfer an IRA to Schwab, we can walk you through every step along the way.

1 Other fees may apply. Please refer to the *Charles Schwab Pricing Guide* for additional fee information. Once the account is open, account approval and funding must be completed before any trading can begin.

Brokerage Products · Not FDIC-Insured · No Bank Guarantee · May Lose Value

Charles Schwab & Co., Inc. and Charles Schwab Bank are separate but affiliated companies and subsidiaries of The Charles Schwab Corporation. Brokerage products and services, including IRA accounts, are offered by Charles Schwab & Co., Inc., Member SIPC. Deposit and lending products and services are offered by Charles Schwab Bank, Member FDIC and an Equal Housing Lender.
(0310-0564)

CS9 A32-00394   5/13/20
© 2009 Charles Schwab Bank. All rights reserved. Member FDIC

Page 2 of 8

79

*charles*SCHWAB
BANK

MERYL BRODSKY

*00001394920A*

Account Number
440015571241

Statement Period
January 30, 2010 to
February 26, 2010

Page 3 of 8

## Schwab Bank News *(continued)*

### Amendment to the Schwab Bank Deposit Account Agreement

#### Section 2.6: Use of Account
The following new section has been added:

You may not use your account or any account-related service to process gambling transactions, or to conduct any other activity, that would violate applicable law. If we are uncertain regarding the legality of any transaction, we may refuse the transaction or freeze the amount in question while we investigate the matter.

#### Section 6.1: Longer Delays May Apply
This change was effective February 27, 2010.

This section has been replaced in its entirety with the following:

In some cases, we will not make all of the funds that you deposit by check available to you on the first Business Day after the day of your deposit. Depending on the type of check that you deposit, funds may not be available until the second Business Day after the day of your deposit. However, the first $100 of your deposits will be available on the first Business Day.

If we are not going to make all of the funds from your deposit available on the first Business Day, we will notify you at the time you make your deposit. We will also tell you when the funds will be available. If your deposit is not made directly to one of our employees, or if we decide to take this action after you have left the premises, we will either mail the notice to you, or send you the notice electronically by the Business Day after we receive your deposit.

If you will need the funds from a deposit right away, you should ask us when the funds will be available.

In addition, funds you deposit by check may be delayed for a longer period under the following circumstances:
• We believe a check you deposit will not be paid.
• You deposit checks totaling more than $5,000 on any one day.
• You redeposit a check that has been returned unpaid.
• You have overdrawn your account repeatedly in the last six months.

• There is an emergency, such as failure of computer or communications equipment.

We will notify you if we delay your ability to withdraw funds for any of these reasons, and we will tell you when the funds will be available. They will generally be available no later than the seventh Business Day after the day of your deposit.

#### Section 7.1: Nonsufficient Funds

This section has been replaced in its entirety with the following:

When you do not have enough Available Funds in your account or sufficient Overdraft Protection to cover a check or other transaction (e.g., in-person withdrawal, ATM withdrawal, automatic payment, or other electronic transaction), we may, at our sole discretion and without notice to you, either return the item unpaid or pay it and overdraw your account. If we return the item we may charge you a Nonsufficient Funds Fee. The Nonsufficient Funds Fee that applies to your account is described in the Pricing Guide.

If we overdraw your account to pay an item, you agree to immediately repay us the amount of the overdraft without notice or demand from us. You agree that we may apply any subsequent deposits to your account, including deposits of benefit payments such as Social Security payments and any funds that become available in your accounts to pay your negative balance. Each account holder is jointly and severally responsible for paying any overdrafts created by authorized signer(s) or a party to your account, whether or not they participate in the transaction or benefit from its proceeds.

If we pay items by overdrawing your account on one or more occasions, we are not obligated to continue paying any future nonsufficient funds item without notifying you.

#### Section 9.3: Originating Transfers

This change is effective April 1, 2010.

The following paragraph has been added:

©5C60612j.011549 54321:
*© 2009 Charles Schwab Bank. All rights reserved. Member FDIC*

*charles* SCHWAB
BANK

MERYL BRODSKY

Account Number
44001557 1241

Statement Period
January 30, 2010 to
February 26, 2010

## Schwab Bank News *(continued)*

When using Schwab.com to transfer funds between your Schwab Bank accounts, the minimum transfer amount is $1.00 and the maximum amount per transfer is $1,000,000. There are no minimum and maximum limitations if you set up your transfer by calling Customer Service.

The Timing of Transfer Requests portion of this section has been revised. In the second paragraph, the second sentence is replaced with the following:

For all other transfers, you must have Available Funds on deposit in your account two Business Days in advance of the Transfer Completion Date.

### Section 17: Overdraft Credit Line and Truth-in-Lending Disclosure

Section B. Agreement to Pay, Making Payments, has been revised. In the second paragraph the last sentence is replaced with the following:

You will be charged a Late Payment Fee (see Pricing Guide) if payment is not received within two Business Days after the due date.

### Amendments to the Schwab Bank Electronic Funds Transfer Terms and Conditions

The following changes are effective April 1, 2010.

A separate form will be required for each account you want to set up for electronic funds transfers.

### Section 5: Minimum and Maximum Transfer Amounts

This section has been replaced with the following:

The minimum transfer amount for the Service is $1. The maximum amount per transfer allowed by Schwab Bank is $100,000. The daily transfer limit is $100,000 into and $100,000 out of your account. Regardless of the amount of the transfer limit, you may not transfer more than the amount of your Available Funds.

### Section 6: On-Request Transfers

The cut-off time to request transfers into or out of your Schwab Bank account has changed from 7:00 p.m. eastern time to 5:30 p.m. eastern time.

(0310-0944)

©2009 Charles Schwab Bank. All rights reserved. Member FDIC.

*G00J'39490304*

charles SCHWAB
BANK

MERYL BRODSKY

Account Number
440015571241

Statement Period
January 30, 2010 to
February 26, 2010

Account Number: 440015571241

## High Yield Investor Checking ®

### Summary

| | Amount |
|---|---|
| Beginning Balance | $0.05 |
| Deposits and Credits | 2,855.77 |
| Interest Paid | 0.64 |
| Withdrawals and Other Debits | (2,715.00) |
| Other Fees | 0.00 |
| **Ending Balance** | **$141.46** |

### Nonsufficient Funds Fees

| | This Period | Year to Date |
|---|---|---|
| Total Overdraft Fees | $0.00 | $0.00 |
| Total Returned Item Fees | $0.00 | $0.00 |

### Activity

| Date Posted | Description | Debits | Credits | Balance |
|---|---|---|---|---|
| 01-30 | Beginning Balance | | | $0.05 |
| 02-05 | Funds Transfer from Brokerage -1418 | | $2,840.77 | $2,840.82 |
| 02-17 | ATM Withdrawal BANK OF AMERICA 'BROADWAY & 97TH STREET NEW YORK, NY, US | $303.00 | | $2,537.82 |
| 02-17 | ATM Withdrawal BANK OF AMERICA '96TH & MADISON NEW YORK, NY, US | $202.00 | | $2,335.82 |

'3PA5203-V'SA'5  5PE'XX
©2009 Charles Schwab Bank. All rights reserved. Member FDIC.

82

*charles*SCHWAB
BANK

MERYL BRODSKY

Account Number
4400155571241

Statement Period
January 30, 2010 to
February 26, 2010

## High Yield Investor Checking *(continued)*

Account Number: 4400155571241

### Activity *(continued)*

| Date Posted | Description | Debits | Credits | Balance |
|---|---|---|---|---|
| 02 18 | ATM Withdrawal<br>BANK OF AMERICA 'BROADWAY & 97TH STREET NEW YORK, NY, US | $503.00 | | $1,832.82 |
| 02 18 | ATM Withdrawal<br>HSBC 739 AMSTERDAM AVE NEW YORK, NY, US | $303.00 | | $1,529.82 |
| 02 19 | ATM Withdrawal<br>BANCO POPULAR COLUMBUS AVENUE NEW YORK, NY, US | $1,002.00 | | $527.82 |
| 02 20 | ATM Withdrawal<br>BANCO POPULAR COLUMBUS AVENUE NEW YORK, NY, US | $402.00 | | $125.82 |
| 02 26 | ATM Fee Rebate | | $15.00 | $140.82 |
| 02 26 | Interest Paid | | $0.64 | $141.46 |
| **02/26** | **Ending Balance** | | | **$141.46** |

### Interest Earned

| | | | |
|---|---|---|---|
| Interest Earned | 01/30/2010 to<br>02/26/2010 | 28 day(s) | |
| Annual Percentage Yield Earned | | | 0.59% |
| Average Daily Balance | $1,406.43 | | |
| Interest Rate as of | 02/26/2010 | 0.59% | |
| Interest Earned This Period | | | $0.64 |
| Interest Paid Year to Date | | | $0.66 |

©2009 Charles Schwab Bank. All rights reserved. Member FDIC.

Page 6 of 8

83

*G00139490404*

## charles SCHWAB
### BANK

MERYL BRODSKY

Account Number
4400155571241

Statement Period
January 30, 2010 to
February 26, 2010

FOR YOUR CHECKING ACCOUNT ONLY

THIS WORKSHEET IS PROVIDED TO ASSIST YOU IN BALANCING YOUR CHECKBOOK

**Step 1**

List all deposits and other credits that did not appear on this statement

| Date | Amount |
|------|--------|
|      |        |
|      |        |
|      |        |
|      |        |
|      |        |

Total $ _____

**Step 2**

List outstanding checks, which await and other items that do not appear on this statement

| Date | Amount |
|------|--------|
|      |        |
|      |        |
|      |        |
|      |        |

Total $ _____

This Statement's Ending Balance        $ _____

Add Deposits Credits Not Yet Credited on This Statement (Total Step 1) +   $ _____

SUBTOTAL =   $ _____

Subtract Checks Other Debits Not Listed on This Statement (Total Step 2) -   $ _____

YOUR CURRENT CHECKBOOK BALANCE =   $ _____

IMPORTANT DEPOSIT ACCOUNT INFORMATION

Electronic Transfers - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you can call us at the telephone number on the first page of this statement to find out whether or not the deposit has been made. In Case of Errors or Questions About Your Electronic Fund Transfers - Telephone us or write us at the phone number or the address shown on the first page of this statement as soon as you can if you think your statement or receipt is wrong or if you need more information about a transfer on the statement or receipt. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

1. Tell us your name and account number (if any)
2. Describe the error or transfer you are unsure about.  Explain as clearly as you can why you believe there is an error or why you need more information.
3. Tell us the dollar amount of the suspected error.

We will investigate your complaint and correct any error promptly.  If we take more than 10 business days to do this, we will credit your account for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation.

©2009 Charles Schwab Bank. All rights reserved. Member FDIC

Page 7 of 8

84

*charles* SCHWAB
BANK

MERYL BRODSKY

Account Number
440015571241

Statement Period
January 30, 2010 to
February 26, 2010

Page 8 of 8

This page intentionally left blank.

© 2008 Charles Schwab Bank. All rights reserved. Member FDIC.



INTEREST CHECKING
**Statement of Account**
Account Number 058-02090-0

**January 8, 2009 - February 6, 2009**
Page 1 of 2

MERYL BRODSKY          10-00058R
CAROL BRODSKY
MAIL RETURN 01-08 RETURN MAIL UNIT

**Questions?**
Call 800-975-4722 or write:
HSBC
P.O. Box 9
Buffalo, New York 14240

SUMMARY OF ACTIVITY FOR THE PERIOD  01-08-09  TO  02-06-09

DATE OF LAST STATEMENT WAS  01-07-09

|  |  |
|---|---|
| YOUR BALANCE ON 01-07-09 WAS | 137.13 |
| THERE WERE CHECKS AND OTHER SUBTRACTIONS | -309.09 |
| THERE WERE DEPOSITS AND OTHER ADDITIONS | 900.00 |
| THERE WERE CHARGES AND FEES OF | -15.00 |
| INTEREST POSTED THIS PERIOD | .01 |
| YOUR BALANCE ON 02-06-09 | 713.05 |

INTEREST PAID THIS YEAR                                    .01
OVERDRAFT ACCOUNT NUMBER                09101850620

TRANSACTION DETAIL

| DATE POSTED | DESCRIPTION OF TRANSACTIONS | CHECKS AND OTHER SUBTRACTIONS | DEPOSITS AND OTHER ADDITIONS | BALANCE |
|---|---|---|---|---|
| 01-20-09 | ONLINE TRANSFER FROM CHECKING 00058017615 ON 01/18 REFERENCE NO: IB892343 | | 500.00 | 637.13 |
| 01-26-09 | CHECK #0595 | 254.09 | | |
| 01-26-09 | CHECK #0592 | 20.00 | | 363.04 |
| 01-28-09 | ONLINE TRANSFER FROM CHECKING 00058017615 ON 01/28 REFERENCE NO: IB840417 | | 400.00 | 763.04 |
| 01-30-09 | MONTHLY IMAGE CANCELLED CHECK RETURN FEE | 2.00 | | |
| 01-30-09 | SERVICE CHG* BASED ON    $293 COMBINED BALANCE. THE FOLLOWING BALANCES WERE INCLUDED BUT ARE BELOW THE REQUIREMENTS NECESSARY TO AVOID THIS CHARGE. THEY ARE: $0.00  OUTSTANDING CREDIT BALANCE $293.92  AVERAGE DEPOSIT BALANCE *- $12.00 MAINTENANCE FEE | 12.00 | | |
| 01-30-09 | DEBIT MASTERCARD - MONTHLY SERVICE CHARGE | 1.00 | | |
| 01-30-09 | INTEREST EARNED AND PAID FROM 01/01/09 THROUGH 01/30/09 INCLUSIVE AVERAGE DAILY AVAILABLE BALANCE       $314.72 ANNUAL PERCENTAGE YIELD EARNED  0.04% | | .01 | 748.05 |
| 02-03-09 | CHECK #0596 | 35.00 | | 713.05 |

ITEMS PAID ON THIS STATEMENT:

NUMBERED CHECKS:

#0592 ...........20.00        #0595 ..........254.09 #        #0596 ...........35.00

* GAP IN PAID CHECK SEQUENCE

OTHER ITEMS:

2.00                        12.00                        1.00

Please examine your statement at once. For your convenience, instructions for balancing your account are included.

If you change your address, please notify your branch office of your new address. All deposited items are credited subject to final payment.

HSBC Bank USA, N.A. - Image Archive

MERYL BRODSKY
CAROL BRODSKY
150 East 61 St Street
Apt No. 11k
New York, NY 10021

612
1-108/210

September 28, 2009   DATE

$ 4092 95/100

PAY TO THE
ORDER OF  Charles Schwab

Four Thousand Ninety Two Dollars & Ninety Five Cents   DOLLARS

HSBC
New York, NY 10025

FOR

⑆021001088⑆058020900⑆ 0612

Meryl Brodsky

FOR DEPOSIT ONLY
JP MORGAN CHASE
ACCOUNT #7864*1694
CHARLES SCHWAB & CO., INC.
LOCATION # 00616

| Account Number | Date Posted | Ird Ind | Check Number | Amount | Sequence Number | Tran Code |
|---|---|---|---|---|---|---|
| 00000000058020900 | 09/28/2009 | | 0000000612 | 4092.95 | 7878671602 | 000612 |

Item 7 of 9

HSBC Bank USA, N.A. - Image Archive

87

HSBC Bank USA, N.A. - Image Archive

**MERYL BRODSKY**
372 CENTRAL PARK W. APT. 10U
NEW YORK, NY 10025-8208

*charles* SCHWAB
BANK

1001

04-221/1212
3600

December 28, 2009

Pay to the
Order of __Meryl Brodsky_____ $ 200 00/100

__Two Hundred Dollars & 00/100_____ Dollars

Charles Schwab Bank
Reno, Nevada

**High Yield Investor Checking**

For _____  _Meryl Brodsky_____ MB

⑈121202211⑈ ⑊4001557124⑊° 1001⑊

| Account Number | Date Posted | Ird Ind | Check Number | Amount | Sequence Number | Tran Code |
|---|---|---|---|---|---|---|
| | 12/28/2009 | | 0000001001 | 200.00 | 7816431608 | 001001 |

Item 2 of 2

MERYL BRODSKY
372 CENTRAL PARK W. APT. 10U
NEW YORK, NY 10025-8208

**charles SCHWAB**
BANK

1002

94-221/1212
3500

January 4 2010

Pay to the
Order of _____ Meryl Brodsky _____ $ 250 00/100

Two Hundred Fifty Dollars & 00/100 _____ Dollars

Charles Schwab Bank
Reno, Nevada

**High Yield Investor Checking**

For _____

Meryl Brodsky

⑆121202218⑆ ⑈1001557121⑈ 1002

DEPOSIT      5058 09  4909
# 058020900 $250.00
01/04/2010 14:56:02

PAY ANY BANK

MERYL BRODSKY
372 CENTRAL PARK W. APT. 10U
NEW YORK, NY 10025-8208

charles SCHWAB
BANK

1003

94-221/1212
3500

Pay to the
Order of __J. Wayne Dresbey_____ $ 1,500 00

___One Thousand Dollars & 00/100_____ Dollars

High Yield Investor Checking

Charles Schwab Bank
Reno, Nevada

For _____

Meryl Brodsky

⑆121202211⑆ 4000455712424⑆ 1003

Security
Features
Details on
Back

For Deposit
only

DEPOSIT          5058 18   7483
# 058017615    $1000.00
02/10/2010      13:11:37

PAY ANY BANK



HSBC ◀✕▶

**DEPOSIT** Checking ✕ Savings ☐

PLEASE ENDORSE EACH CHECK | DOLLARS | CENTS

OFFICE   DATE 9/25/09

DEPOSIT FOR THE ACCOUNT OF ▼

Virgil Blodsey

| | DOLLARS | CENTS |
|---|---|---|
| CASH | 100 | 00 |
| COIN | | |
| CHECKS AS FOLLOWS ON: | 4,000 | 00 |
| | | |
| | | |
| TOTAL ▶ | 5000 | 00 |

MY ACCOUNT NUMBER IS

0 5 8  0 2 0 9 0   0

HSBC

For Bank Use Only

T/C

DO NOT WRITE BELOW THIS LINE

BR 97 SF (Rev  6.06)
APS # 084843

0 580 20900⑆     5⑆0000 500000⑆

DEPOSIT    8058020900 $5000.00
057 07  2429   16:21:41  09/25/2009

THANK YOU

SEP 25 11

U 529
8 3 0 6 7

⑆022000020⑆
HSBC Bank USA, N.A.
SEP 25 09

4000333464

| Account Number | Date Posted | Ird Ind | Check Number | Amount | Sequence Number | Tran Code |
|---|---|---|---|---|---|---|
| 00000000058020900 | 09/25/2009 | | 0000000005 | 5000.00 | 40333464 | 000005 |

Item 1 of 9



Form **1040**  Department of the Treasury — Internal Revenue Service
**U.S. Individual Income Tax Return** **2008**  (99)  IRS Use Only — Do not write or staple in this space.

OMB No. 1545-0074

For the year Jan 1 - Dec 31, 2008, or other tax year beginning                , 2008, ending               20

**Label**
(See instructions.)

Your first name   MI   Last name
MERYL  BRODSKY

Your social security number ▓▓▓▓

If a joint return, spouse's first name   MI   Last name

Spouse's social security number

**Use the IRS label. Otherwise, please print or type.**

Home address (number and street). If you have a P.O. box, see instructions.   Apartment no.

City, town or post office. If you have a foreign address, see instructions.   State   ZIP code
NEW YORK, NY

You **must** enter your social security number(s) above. ▲ ▲

Checking a box below will not change your tax or refund.

**Presidential Election Campaign**  ► Check here if you, or your spouse if filing jointly, want $3 to go to this fund? (see instructions) . . . . . . . . . ►   ☐ You   ☐ Spouse

**Filing Status**

Check only one box.

1  ☒ Single
2  ☐ Married filing jointly (even if only one had income)
3  ☐ Married filing separately. Enter spouse's SSN above & full name here ►
4  ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here ►
5  ☐ Qualifying widow(er) with dependent child (see instructions)

**Exemptions**

6a  ☒ **Yourself.** If someone can claim you as a dependent, do not check box 6a . . . . . . . . . .
b  ☐ **Spouse** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Boxes checked on 6a and 6b.

c Dependents:

| (1) First name   Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if qualifying child for child tax credit (see instrs) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**If more than four dependents, see instructions.**

No. of children on 6c who:
• lived with you . . .
• did not live with you due to divorce or separation (see instrs) . . .

Dependents on 6c not entered above.

Add numbers on lines above ►   1

d Total number of exemptions claimed . . . . . . . . . . . . . . . .

**Income**

**Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.**

**If you did not get a W-2, see instructions.**

**Enclose, but do not attach, any payment. Also, please use Form 1040-V.**

7  Wages, salaries, tips, etc. Attach Form(s) W-2 . . . . . . . . . . . . . . . . .   7
8a  Taxable interest. Attach Schedule B if required . . . . . . . . . . . . . . .   8a
b  Tax-exempt interest. **Do** not include on line 8a . . . . . . . . .   8b
9a  Ordinary dividends. Attach Schedule B if required . . . . . . . . . .   9a
b  Qualified dividends (see instrs) . . . . . . . . . . . . . . .   9b
10  Taxable refunds, credits, or offsets of state and local income taxes (see instructions) . . .   10
11  Alimony received . . . . . . . . . . . . . . . . . . . . . . . . .   11
12  Business income or (loss). Attach Schedule C or C-EZ . . . . . . . . . . .   12
13  Capital gain or (loss). Att Sch D if reqd. If not reqd, ck here . . . . . ☐   13
14  Other gains or (losses). Attach Form 4797 . . . . . . . . . . . . . .   14
15a  IRA distributions . . . . . . . . . 15a  b Taxable amount (see instrs) . .   15b
16a  Pensions and annuities . . . . . 16a  b Taxable amount (see instrs) . .   16b
17  Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E .   17
18  Farm income or (loss). Attach Schedule F . . . . . . . . . . . . . . .   18
19  Unemployment compensation . . . . . . . . . . . . . . . . . . .   19
20a  Social security benefits . . . . . . 20a  b Taxable amount (see instrs) . .   20b
21  Other income . . . . . . . . . . . . . . . . . . . . . . . . . . .   21
22  Add the amounts in the far right column for lines 7 through 21. This is your **total income** ►   22

**Adjusted Gross Income**

23  Educator expenses (see instructions) . . . . . . . . . . .   23
24  Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ . . . . . .   24
25  Health savings account deduction. Attach Form 8889 . . . . . .   25
26  Moving expenses. Attach Form 3903 . . . . . . . . . . . .   26
27  One-half of self-employment tax. Attach Schedule SE . . . . .   27
28  Self-employed SEP, SIMPLE, and qualified plans . . . . . . .   28
29  Self-employed health insurance deduction (see instructions) . . .   29
30  Penalty on early withdrawal of savings . . . . . . . . . . .   30
31a  Alimony paid  b Recipient's SSN . . . .   31a
32  IRA deduction (see instructions) . . . . . . . . . . . . .   32
33  Student loan interest deduction (see instructions) . . . . . . .   33
34  Tuition and fees deduction. Attach Form 8917 . . . . . . . .   34
35  Domestic production activities deduction. Attach Form 8903 . . . .   35
36  Add lines 23 - 31a and 32 - 35 . . . . . . . . . . . . . . . . . . . . . . . . .   36
37  Subtract line 36 from line 22. This is your **adjusted gross income** . . . . . ►   37

**BAA For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see instructions.**   FDIA0112L  10/13/08   Form **1040** (2008)

Form 1040 (2008)  MERYL BRODSKY

Page 2

| | | | | |
|---|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) . . . . . . . . . . . . . . . . . . . . | 38 | |
| | 39a | Check if: ☐ You were born before January 2, 1944, ☐ Blind. Total boxes ☐ Spouse was born before January 2, 1944, ☐ Blind. checked ► 39a | 39a | |
| | b | If your spouse itemizes on a separate return, or you were a dual-status alien, see instrs and ck here. ► 39b | 39b | |
| | c | Check if standard deduction includes real estate taxes or disaster loss (see instructions). . . . . . ► 39c | 39c | |
| **Standard Deduction for —** | 40 | Itemized deductions (from Schedule A) or your standard deduction (see left margin). . . . . . . . | 40 | |
| • People who checked any box on line 39a, 39b, or 39c or who can be claimed as a dependent, see instructions. | 41 | Subtract line 40 from line 38. . . . . . . . . . . . . . . . . . . . . . . . . . . | 41 | |
| | 42 | If line 38 is over $119,975, or you provided housing to a Midwestern displaced individual, see instructions. Otherwise, multiply $3,500 by the total number of exemptions claimed on line 6d . . . . . . . . | 42 | |
| | 43 | Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- . . . . . . . . . . . . | 43 | |
| • All others: | 44 | Tax (see instrs). Check if any tax is from: a ☐ Form(s) 8814 b ☐ Form 4972 . . . . . . . . . . | 44 | 0. |
| Single or Married filing separately, $5,450 | 45 | Alternative minimum tax (see instructions). Attach Form 6251 . . . . . . . . . . ► | 45 | 0. |
| | 46 | Add lines 44 and 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . ► | 46 | 0. |
| Married filing jointly or Qualifying widow(er), $10,900 | 47 | Foreign tax credit. Attach Form 1116 if required . . . . . . | 47 | |
| | 48 | Credit for child and dependent care expenses. Attach Form 2441 . . . . | 48 | |
| | 49 | Credit for the elderly or the disabled. Attach Schedule R . . . . | 49 | |
| Head of household, $8,000 | 50 | Education credits. Attach Form 8863 . . . . . . . . . | 50 | |
| | 51 | Retirement savings contributions credit. Attach Form 8880 . . . . | 51 | |
| | 52 | Child tax credit (see instructions). Attach Form 8901 if required . . . | 52 | |
| | 53 | Credits from Form: a ☐ 8396 b ☐ 8839 c ☐ 5695 . . . | 53 | |
| | 54 | Other crs from Form: a ☐ 3800 b ☐ 8801 c ☐ | 54 | |
| | 55 | Add lines 47 through 54. These are your total credits . . . . . . . . . . . . . . ► | 55 | 0. |
| | 56 | Subtract line 55 from line 46. If line 55 is more than line 46, enter -0- . . . . . . . . . . . ► | 56 | |
| **Other Taxes** | 57 | Self-employment tax. Attach Schedule SE . . . . . . . . . . . . . . . . . . . . | 57 | |
| | 58 | Unreported social security and Medicare tax from Form: a ☐ 4137 b ☐ 8919 . . . . . | 58 | |
| | 59 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required . . . . . | 59 | |
| | 60 | Additional taxes: a ☐ AEIC payments b ☐ Household employment taxes. Attach Schedule H . . | 60 | |
| | 61 | Add lines 56-60. This is your total tax . . . . . . . . . . . . . . . . . . . ► | 61 | |
| **Payments** | 62 | Federal income tax withheld from Forms W-2 and 1099 . . . . | 62 | |
| If you have a qualifying child, attach Schedule EIC. | 63 | 2008 estimated tax payments and amount applied from 2007 return . . | 63 | |
| | 64a | Earned income credit (EIC) . . . . . . . . . . . . . | 64a | |
| | b | Nontaxable combat pay election. . . ► 64b | | |
| | 65 | Excess social security and tier 1 RRTA tax withheld (see instructions) . . | 65 | |
| | 66 | Additional child tax credit. Attach Form 8812 . . . . . . . | 66 | |
| | 67 | Amount paid with request for extension to file (see instructions) . . . | 67 | |
| | 68 | Credits from Form: a ☐ 2439 b ☐ 4136 c ☐ 8801 d ☐ 8885 . | 68 | |
| | 69 | First-time homebuyer credit. Attach Form 5405 . . . . . . . | 69 | |
| | 70 | Recovery rebate credit (see worksheet) . . . . . . . . . | 70 | |
| | 71 | Add lines 62 through 70. These are your total payments . . . . . . . . . . . . . ► | 71 | |
| **Refund** | 72 | If line 71 is more than line 61, subtract line 61 from line 71. This is the amount you overpaid. . . . . | 72 | |
| Direct deposit? See instructions and fill in 73b, 73c, and 73d or Form 8888. | 73a | Amount of line 72 you want refunded to you. If Form 8888 is attached, check here . . . ► | 73a | |
| | ► b | Routing number . . . . . . . . ► c Type: ☐ Checking ☐ Savings | | |
| | ► d | Account number . . . . . . . . | | |
| | 74 | Amount of line 72 you want applied to your 2009 estimated tax . . ► | 74 | |
| **Amount You Owe** | 75 | Amount you owe. Subtract line 71 from line 61. For details on how to pay, see instructions . . . . . ► | 75 | |
| | 76 | Estimated tax penalty (see instructions) . . . . . . . . . | 76 | |

**Third Party Designee**
Do you want to allow another person to discuss this return with the IRS (see instructions)?  ☒ Yes. Complete the following.  ☐ No
Designee's name  ►Preparer   Phone no.   Personal identification number (PIN)

**Sign Here**
Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Joint return? See instructions. Keep a copy for your records.

| Your signature | Date | Your occupation RESEARCH | Daytime phone number |
|---|---|---|---|
| Spouse's signature. If a joint return, both must sign. | Date | Spouse's occupation | |

**Paid Preparer's Use Only**

| Preparer's signature ►MARK E FEINSOT | Date 12/23/09 | Check if self-employed ☒ | Preparer's SSN or PTIN |
|---|---|---|---|
| Firm's name (or yours if self-employed), address, and ZIP code | Mark E. Feinsot, CPA 352 7th Ave 12th Floor New York, NY 10001 | | EIN |
| | | | Phone no. (212) 631-7578 |

FDIA0112L  10/13/08   Form 1040 (2008)

Department of the Treasury — Internal Revenue Service

# 1040
## U.S. Individual Income Tax Return  2007

IRS Use Only — Do not write or staple in this space.

For the year Jan 1 - Dec 31, 2007, or other tax year beginning ____ 2007, ending ____ , 20 ____

OMB No. 1545-0074

Your first name ____ MI ____ Last name

**MERYL BRODSKY**

Your social security number

If a joint return, spouse's first name ____ MI ____ Last name

Spouse's social security number

Home address (number and street). If you have a P.O. box, see instructions. ____ Apartment no.

**You must enter your social security number(s) above. ▲**

City, town or post office. If you have a foreign address, see instructions. ____ State ____ ZIP code

**NEW YORK, NY**

Checking a box below will not change your tax or refund.

Check here if you, or your spouse if filing jointly, want $3 to go to this fund? (see instructions) ........ ▶  ☐ You  ☐ Spouse

**Filing Status**

1. ☒ Single
2. ☐ Married filing jointly (even if only one had income)
3. ☐ Married filing separately. Enter spouse's SSN above & full name here ▶
4. ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here ▶
5. ☐ Qualifying widow(er) with dependent child (see instructions)

**Exemptions**

6a. ☒ Yourself. If someone can claim you as a dependent, do not check box 6a ........

b. ☐ Spouse

Boxes checked on 6a and 6b ____

No. of children on 6c who:
• lived with you ....
• did not live with you due to divorce or separation (see instrs).
• Dependents on 6c not entered above

c. Dependents:

| (1) First name    Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ☐ if qualifying child for child tax credit (see instrs) |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

Add numbers on lines above ▶ ____ **1**

d. Total number of exemptions claimed .................................................... 

**Income**

| | | |
|---|---|---|
| 7 Wages, salaries, tips, etc. Attach Form(s) W-2 .............................. | 7 | ▮ |
| 8a Taxable interest. Attach Schedule B if required .............................. | 8a | ▮ |
| b Tax-exempt interest. Do not include on line 8a ...... | 8b | | |
| 9a Ordinary dividends. Attach Schedule B if required ....... | | 9a | ▮ |
| b Qualified dividends (see instrs) ...... | 9b | | |
| 10 Taxable refunds, credits, or offsets of state and local income taxes (see instructions) | 10 | |
| 11 Alimony received ............................................................. | 11 | |
| 12 Business income or (loss). Attach Schedule C or C-EZ .............. ▶ ☐ | 12 | ▮ |
| 13 Capital gain or (loss). Att Sch D if reqd. If not reqd, ck here ...... ▶ ☐ | 13 | |
| 14 Other gains or (losses). Attach Form 4797 .............................. | 14 | |
| 15a IRA distributions ......... | 15a | | b Taxable amount (see instrs) | 15b | |
| 16a Pensions and annuities ... | 16a | | b Taxable amount (see instrs) | 16b | |
| 17 Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | 17 | |
| 18 Farm income or (loss). Attach Schedule F ............................. | 18 | |
| 19 Unemployment compensation ............................................ | 19 | |
| 20a Social security benefits ... | 20a | | b Taxable amount (see instrs) | 20b | |
| 21 Other income | 21 | ▮ |
| 22 Add the amounts in the far right column for lines 7 through 21. This is your total income ▶ | 22 | ▮ |

**Adjusted Gross Income**

| | | |
|---|---|---|
| 23 Educator expenses (see instructions) ................. | 23 | |
| 24 Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ | 24 | |
| 25 Health savings account deduction. Attach Form 8889. | 25 | |
| 26 Moving expenses. Attach Form 3903 ................. | 26 | |
| 27 One-half of self-employment tax. Attach Schedule SE. | 27 | |
| 28 Self-employed SEP, SIMPLE, and qualified plans. | 28 | |
| 29 Self-employed health insurance deduction (see instructions). | 29 | |
| 30 Penalty on early withdrawal of savings ............. | 30 | |
| 31a Alimony paid  b Recipient's SSN ▶ | 31a | |
| 32 IRA deduction (see instructions) ................... | 32 | |
| 33 Student loan interest deduction (see instructions). | 33 | |
| 34 Tuition and fees deduction. Attach Form 8917 ...... | 34 | |
| 35 Domestic production activities deduction. Attach Form 8903 ...... | 35 | |
| 36 Add lines 23 - 31a and 32 - 35 ......................................... | 36 | ▮ |
| 37 Subtract line 36 from line 22. This is your adjusted gross income ▶ | 37 | ▮ |

For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see instructions.

FDIA0112L  12/06/07

Form **1040** (2007)

Page 2

| | | | |
|---|---|---|---|
| 37 (adjusted gross income) .................... | 38 | | |
| were born before January 2, 1943, ☐ Blind. Total boxes | | | |
| ouse was born before January 2, 1943, ☐ Blind. checked ► 39a ☐ | | | |
| on a separate return, or you were a dual-status alien, see instrs and ck here. ► 39b ☐ | | | |
| (from Schedule A) or your standard deduction (see left margin) ........... | 40 | | |
| om line 38. | 41 | | |
| 300 or less, multiply $3,400 by the total number of exemptions | | | |
| d. If line 38 is over $117,300, see the instructions ............ | 42 | | |
| tract line 42 from line 41. | 43 | | |
| line 41, enter -0- ............... | | | |
| Check if any tax is from: a ☐ Form(s) 8814   b ☐ Form 4972 | | | |
| c ☐ Form(s) 8889 ............... | 44 | | 0 |
| um tax (see instructions). Attach Form 6251 ......... | 45 | | |
| 45 ............... ► | 46 | | |

| | | |
|---|---|---|
| ependent care expenses. Attach Form 2441 ........ | 47 | |
| rly or the disabled. Attach Schedule R .... | 48 | |
| Attach Form 8863 ............. | 49 | |
| y credits. Attach Form 5695 ......... | 50 | |
| . Attach Form 1116 if required ....... | 51 | |
| nstructions). Attach Form 8901 if required ...... | 52 | |
| gs contributions credit. Attach Form 8880 .... | 53 | |
| ☐ Form 8396   b ☐ Form 8859   c ☐ Form 8839 | 54 | |
| ☐ Form 3800   b ☐ Form 8801   c ☐ Form | 55 | |

| | | |
|---|---|---|
| ugh 55. These are your total credits .................... | 56 | |
| rom line 46. If line 56 is more than line 46, enter -0- ......... ► | 57 | |
| Attach Schedule SE ............... | 58 | |
| urity and Medicare tax from: a ☐ Form 4137   b ☐ Form 8919 | 59 | |
| s, other qualified retirement plans, etc. Attach Form 5329 if required ....... | 60 | |
| income credit payments from Form(s) W-2, box 9 ............ | 61 | |
| yment taxes. Attach Schedule H ............... | 62 | |
| is your total tax ............... ► | 63 | |

| | | |
|---|---|---|
| ax withheld from Forms W-2 and 1099 .... | 64 | |
| yments and amount applied from 2006 return. ...... | 65 | |
| redit (EIC) ............... | 66a | |
| ay election .... ► 66b | | |
| and tier 1 RRTA tax withheld (see instructions) ..... | 67 | |
| ax credit. Attach Form 8812 ............. | 68 | |
| quest for extension to file (see instructions) ...... | 69 | |
| ☐ Form 2439   b ☐ Form 4136   c ☐ Form 8885 | 70 | |
| prior year minimum tax from 8801, line 27 ..... | 71 | |
| and 67 through 71 ............... ► | 72 | |

| | | |
|---|---|---|
| ayments ............... | 73 | |
| n 63, subtract line 63 from line 72. This is the amount you overpaid. | | |
| 3 you want refunded to you. If Form 8888 is attached, check here .. ► | 74a | |
| ............... ► c Type: ☐ Checking   ☐ Savings | | |
| u want applied to your 2008 estimated tax. ..... ► 75 | | |
| btract line 72 from line 63. For details on how to pay, see instructions ......... | 76 | |
| nalty (see instructions) ............... | 77 | |

r person to discuss this return with the IRS (see instructions)? ........ ☒ Yes. Complete the following.      ☐ No

er                                                                    Personal identification
                                                                     number (PIN)        ►
declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and
and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| | Date | Your occupation | Daytime phone number |
|---|---|---|---|
| | | RESEARCH | |
| nt return, both must sign. | Date | Spouse's occupation | |

| | Date | | Preparer's SSN or PTIN |
|---|---|---|---|
| E FEINSOT | 3/16/08 | Check if self-employed ☒ | |
| E. Feinsot, CPA | | | |
| th Ave 12th Floor | | EIN | |
| ork, NY 10001 | | Phone no. (212) 631-7578 | |

FDIA0112L  12/06/07                                                    Form 1040 (2007)

97

HSBC Bank USA, N.A. - Image Archive

CAROL BRODSKY
150 E. 61ST STREET, APT. 11K
NEW YORK, NY 10065-8527

2243

50-751/214

Date 10/06/09

Pay to the Order of  MERYL BRODSKY      $ 252.50

TWO HUNDRED FIFTY-TWO — 50/100  Dollars

Capital One, N.A.

For 2 TICKETS

Carol Brodsky

022000020
HSBC BANK USA, N.A.
BUFFALO, NY 10/07/09
4100203910

| Account Number | Date Posted | Ird Ind | Check Number | Amount | Sequence Number | Tran Code |
|---|---|---|---|---|---|---|
|  | 10/09/2009 |  | 0000002243 | 252.50 | 41203910 | 002243 |

Item 3 of 3

HSBC Bank USA, N.A. - Image Archive

HSBC Bank USA, N.A. - Image Archive



| Account Number | Date Posted | Ird Ind | Check Number | Amount | Sequence Number | Tran Code |
|---|---|---|---|---|---|---|
| | 10/09/2009 | | 0000006831 | 252.50 | 41203909 | 006831 |

Item 2 of 3

HSBC Bank USA, N.A. - Image Archive