SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

In the Matter of the Application of

MERYL BRODSKY, MARK FEINSOT, and ELECT
MERYL BRODSKY TO CITY COUNCIL 2005,

          Petitioners,

v.

NEW YORK CITY CAMPAIGN FINANCE BOARD,

          Respondent/Judgment Creditor.

------------------------------------------------------------------X

Index No. 118316/06

Hon. Eileen A. Rakower

## SUBPOENA DUCES TECUM

Jihee G. Suh, Associate Counsel
Hillary Weisman, Deputy General Counsel
New York City Campaign Finance Board
40 Rector Street, 7th Floor
New York, New York 10006

*Attorneys for Respondent/Judgment Creditor*
*New York City Campaign Finance Board*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------ X
In the Matter of the Application of                          :
                                                             :
MERYL BRODSKY, MARK FEINSOT, and ELECT      :     Index No. 118316/06
MERYL BRODSKY TO CITY COUNCIL 2005,         :
                                                             :     Hon. Eileen A. Rakower
                          Petitioners,                       :
                                                             :     **SUBPOENA DUCES TECUM**
v.                                                           :
                                                             :     Regarding:  Meryl Brodsky
NEW YORK CITY CAMPAIGN FINANCE BOARD,        :
                                                             :
                 Respondent/Judgment Creditor.              :
                                                             :
------------------------------------------------------------ X

THE PEOPLE OF THE STATE OF NEW YORK

To:    Mark Feinsot
       352 7th Avenue, 12th Fl.
       New York, New York 10001

GREETINGS:

   WHEREAS, in the above entitled action between Petitioners Meryl Brodsky, Mark

Feinsot, and Elect Meryl Brodsky to City Council 2005 (the "Committee") (collectively,

"Petitioners") and Respondent/Judgment Creditor New York City Campaign Finance Board (the

"Board"), a judgment was entered in the Supreme Court of the State of New York, New York

County, on August 31, 2009, in favor of Respondent Board, Judgment Creditor, and against

Petitioners in the aggregate amount of $35,850, of which $11,875 remains due and unpaid;

   NOW, THEREFORE WE COMMAND YOU, pursuant to N.Y.C.P.L.R. §§ 5223,

5224(a)(2) to produce certain books and papers for examination by **Tuesday, April 20, 2010** at

the offices of the New York City Campaign Finance Board, **40 Rector Street, 7th Floor, New

York, New York 10006**, to wit, true and complete copies of any and all of the following records:

1

1) Federal and state tax returns, including all attached W-2s and schedules, for Meryl Brodsky, for 2006, 2007, 2008, and 2009.

2) Documents concerning securities owned by Meryl Brodsky, including, but not limited to, individual stocks of American Electric Power Co., Dupont, Eastman Kodak, Exxon, General Electric, Honeywell, Merck, and the Walt Disney Co.

3) Documents concerning Meryl Brodsky's broker and/or other individual who has assisted her in transactions involving any of the securities referenced in No. 2 above.

TAKE NOTICE that false swearing on such examination or failure to comply with this subpoena is punishable as a contempt of court.

WITNESS, Sue Ellen Dodell, General Counsel, of the New York City Campaign Finance Board, at 40 Rector Street, 7th Floor, New York, New York 10006, on April 5, 2010.

Dated:   April 5, 2010

Jihee G. Suh, Associate Counsel
Hillary Weisman, Deputy General Counsel
New York City Campaign Finance Board
40 Rector Street, 7th Floor
New York, New York 10006

*Attorneys for Respondent/Judgment Creditor*
*New York City Campaign Finance Board*

2

*EXHIBIT B*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 5
-------------------------------------------------------------------X
In the Matter of the Application of MERYL
BRODSKY, MARK FEINSOT, and ELECT MERYL
BRODSKY TO CITY COUNCIL 2005,

**FILED**

JUN 27 2007

NEW YORK
COUNTY CLERK'S OFFICE

Index Number
118316/06

Petitioners,

- against -

NEW YORK CITY CAMPAIGN FINANCE BOARD,

Decision
and Order

Respondent.
-------------------------------------------------------------------X
HON. EILEEN A. RAKOWER

Petitioner Meryl Brodsky ("Brodsky") was a candidate for the New York City
Council in the 2005 primary election. Brodsky participated in the voluntary public
matching funds program established by the New York City Finance Act (the "Act").
Petitioner, Elect Meryl Brodsky to City Council 2005 ("Committee"), is a political
committee formed by Brodsky pursuant to the Act. Petitioner Mark Feinsot
("Feinsot") is the treasurer of the Committee and a certified public accountant.
Respondent New York City Campaign Finance Board ("Board") is a five-member
board which administers the Act.

The Committee, in preparation for the 2005 election, received contributions
and qualified to receive public matching funds pursuant to the Act. The Board
disbursed a total of $55,776 in matching funds to Brodsky's campaign. Following the
September 2005 primary elections, the Board conducted a post-election audit and
issued a draft audit report ("report") on February 6, 2006. The Board's preliminary
determination was that the Committee might be required to repay $47,310. This
amount represents $25,975.44 in unspent funds plus certain post-election
expenditures that appeared to be improper "due to timing, amount, and purpose."
These expenditures included five payments to Feinsot totaling $14,500, and a
payment to Staples in the amount of $1,045.

On February 20, 2006, the Committee responded to the draft report by
submitting to the Board a letter of engagement and invoices in an attempt to

1

substantiate fees paid to Feinsot after the election and documentation of its expenditures to Staples for a holiday card mailing. On April 28, 2006, the Board issued a "Notice of Alleged Violation, Proposed Penalty and Opportunity to Respond" proposing a $777 penalty for making improper post-election expenditure of $14,500 to Feinsot and $1,045 to Staples. On May 10, 2006 the Board issued a letter to petitioners " as a last opportunity" to respond to the Board's assessment that the Campaign must repay unspent funds in the amount of $41,565 (a different amount than that stated in the preliminary determination). On the same date the Committee submitted both additional documentation to substantiate Feinsot's services and lists of contributors, volunteers and staff to whom the holiday cards were mailed. Subsequently, the penalty was reduced from $777 to $650.

Brodsky and Feinsot appeared before three members of the Board on July 12, 2006 to offer further evidence in response to the recommended penalties. By letter dated August 10th, the Board issued its final determination which was followed by its August 17th final audit report further reducing the penalty against the Committee from $650 to $470. The final audit report determined that the unspent campaign funds plus $9,395 worth of post-election expenditures ($8,350 of the payments to Feinsot and the $1,045 payment to Staples) were improper, a total of $35,415. Thereafter, Petitioners filed a Freedom of Information Request with the Board to obtain a copy of the transcript from the July 12th meeting. The written transcript was received by the Board on August 28, 2006 and was available to the Petitioners on August 31, 2007.

Counsel for Petitioners, by letter dated September 15, 2006, wrote to dispute the Board's final determination. That letter, entitled "Elect Meryl Brodsky to City Counsel 2005- Proposed Settlement of Admin Code § 3-710(2)( c) Reimbursement; Alternatively, CFB Rule 5-02 (a) Petition," informed the Board that the Committee had determined that Petitioners repayment obligation was not $35,415 as the Board had determined but $26,010. Enclosed with the letter was a check for $34.56, the difference between the $25,975.44 unspent campaign funds and the $26,010 that the Committee believes it owes. The Committee further informed the Board that on August 20, 2006, Petitioners, who were aware that they were expected to repay the Board by September 11, 2006, had deposited the $25,975.44 in an eight month interest bearing certificate of deposit, scheduled to mature on April 20, 2007. By letter dated November 8, 2006, the Board informed the Committee that it had received the Committee's submission but the settlement offer/ Rule 5-02(a) Petition

2

was rejected. Additionally, it stated that if the Committee did not remit the full $35,380 by December 11, 2006, "the Board may initiate a civil action" against the Petitioners.

Petitioners commenced this Article 78 proceeding in December, 2006, seeking an order declaring arbitrary, capricious and contrary to law Respondent's determination that the Committee must repay $35,415. Further it seeks to have this court declare that the proper reimbursement obligation is $25,975.44; that the Committee was denied due process during the determination process; that Feisnot is not personally liable for Petitioners' reimbursement obligations; and finally declaring that petitioner is entitled to petitioners' attorneys fees.

Respondent Board cross moves for an order from this Court directing Petitioners to pay the $470 penalty plus interest; re-pay $35,380 in public funds plus interest; immediately remit the principle and interest accumulated from the $25,975.44 eight month certificate of deposit; and declare that Feinsot is personally liable for the Committee's debt to the Board.

Petitioners argue that the $14,500 in payments to Feinsot was permissible under Campaign Finance Board (CFB) Rule 5-03(e)(2)(ii) which allows reasonable staff salaries and consultancy fees for responding to a post-election audit. They argue that the letter of engagement entered into with Feisnot before the election stated that the majority his fees would be issued after the election, implying that the post-election audit would be the most time consuming element of his work.

Petitioners also argue that the $1,045 payment to Staples was reasonable under CFB Rule 5-03(e)(2)(ii) because a holiday card mailing to contributors, volunteers, and staff is a permissible post-election expense. They state that there is no requirement that a candidate must not identify her current position or that the card must make reference to her recent candidacy or latest election. Additionally, Petitioners argue that the Board's final determination was arbitrary and capricious because it was made by three Board members, only one of whom was actually present at the July 12th meeting. They state that the transcript from the July 12th meeting was not available to the Board until August 28th, eighteen days after Board members, two of whom were not present for the hearing, made their determination. Petitioners also challenge the Board's determination that they are not permitted to appeal a penalty determination via the Campaign Finance Board's Rule 5-02. Finally,

3

Petitioners' argue that the Act "requires the reimbursement of unspent funds, not of improperly spent funds." (Emphasis in the Petitioner's original.)

Respondent argues that there are limited types of proper campaign related post-election expenditures and that $9,395 of Petitioners' expenditures were improper. Respondent asserts that for more than one year prior to the election the committee paid Feisnot a total of $2,700, that no payment exceeded $500 and most were for $250. During that year, Feinsot was required to submit six disclosure statements, contribution documentation, respond to the board's inquiries and maintain contemporaneous documentation of financial transactions. After the election, Feinsot received monthly payments of $2,500 for September, 2005 and $3,000 payments for each of October, November and December, 2005 and $3,000 for January 2006 for a total of $14,500. The Board states that during this time period the Campaign needed to file only two disclosure statements and gather documentation for the Board's inquiries. Additionally, although the Committee claimed that its letter of engagement with Feinsot anticipated much of his work would be on the post campaign audit, these large payments began and ended before the post-election audit report was issued in February, 2006.

Respondent argues that the post-election payment to Staples for the holiday card mailing was also an improper expenditure. Respondent states that the holiday card said nothing about Brodsky and her campaign for City Council. Rather, the card made reference to Brodsky being District Leader, a position that she held since 2000. Thus, Respondent argues, the card was paid for with campaign funds for a non-campaign related expenditure. Additionally, Respondent states that while it is true that two people who were not present for the July 12th meeting and who did not have access to the written transcript did participate in the Board's final determination, those Board members did listen to the audio recording of the meeting before participating in the final determination process.

The New York City Campaign Finance Act, Administrative Code § 3-710 states, in pertinent part,

> 1. The Campaign Finance Board is hereby empowered to audit and examine all matters relating to the performance of its functions and any other matter relating to the proper administration of this chapter . . . .

4

2.(a) If the board determines that any portion of the payment made to the principle committee of a participating candidate from the fund was in excess of the aggregate amount of payments which such candidate was eligible to receive pursuant to this chapter, it shall notify such committee and such committee shall pay to the board an amount equal to the amount of excess payments.

(b) If the board determines that any portion of the payment made to a principle committee of a participating candidate from the fund was used for purposes other than qualified campaign expenditures, it shall notify such committee of the amount so disqualified and such committee shall pay to the board an amount equal to such disqualified amount.

(c) If the total amount of contributions, other receipts, and payments from the fund received by a participating candidate and his or her principle committee exceed the total campaign expenditures of such candidate and committee for all covered elections held in the same calendar year . . . such candidate and committee shall use such excess funds to reimburse the fund for payments received by such committee from the fund . . . . Such reimbursement shall be made not later than ten days after all liabilities have been paid and in any event, not later than either the closing date of the disclosure date report, or the day on which the campaign finance board issues its final audit report for such participating committee, for such covered election, as shall be set forth in rules promulgated by the campaign finance board.

New York City Campaign Finance Rule 5-03(e) states, in pertinent part,

(1) Pursuant to § 3-710 of the Code, the participants shall pay to the Board unspent campaign funds from an election not later than 10 days after all liabilities for the election have been paid and, in any event, not later than the day on

5

208

which the Board issues its final audit report for the participant's committee . . .. Unspent campaign funds determinations made by the Board shall be based on the participants receipts and expenditures (including any outstanding bills). The Board may also consider information revealed in the course of an audit or investigation in making an unspent campaign funds determination, including, but not limited to, the fact that campaign expenditure were made in violation of the law, that expenditures were made for any purpose other than the furtherance of the participant's nomination or election, or that the participant has not maintained or provided requested documentation.

(2)(ii)Before repaying unspent campaign funds, a participant may make post-election expenditures only for routine activities involving nominal cost associated with winding up a campaign and responding to the post-election audit. Such expenditures may include . . . reasonable staff salaries and consultancy fees for responding to a post election audit . . . a holiday card mailing to contributors, campaign volunteers and staff . . .. Routine post-election expenditures that may be paid for with unspent campaign funds do not include such items as post-election mailings other than as specifically provided for in this subparagraph . . . making bonus payments or gifts to staff or volunteers . . ..

The judicial review of an administrative determination is limited to the grounds invoked by the agency. (*Lindemann v. American Horse Shows Assn.*, 222 A.D.2d 248, 250 [1st Dept. 1995]). The reviewing court may not substitute its judgment for that of the agency's determination but must decide if the agency's decision is supported on any reasonable basis. (*Matter of Clancy -Cullen Storage Co. V. Board of Elections of the City of New York.* 98 A.D.2d 635,636 [1st Dept. 1983]). Once the court finds a rational basis exists for the agency's determination, its review is ended. (*Matter of Sullivan County Harness Racing Association, Inc. v. Glasser.* 30 N.Y. 2d 269 [1972]). The court may only declare an agency's determination "arbitrary and

6

capricious" if it finds that there is no rational basis for the determination. If the administrative body has acted within its lawful authority, the court has no alternative, but must confirm the determination.(*Matter of Pell v. Board of Education*, 34 N.Y.2d 222 [1974]).

Here, the Committee does not dispute that it was required to repay $25,975.44 in unspent campaign funds. It summarily concludes in its September 15, 2006 letter that it additionally owes $34.56. The Board, by contrast, repeatedly revisited its own February 6, 2006 preliminary audit which required the Committee to repay $47,310. There was continuous exchange of information between the Committee and the Board over the following six months which included written submissions and an appearance before the Board by Brodsky and Feinsot. The Campaign has the burden of producing sufficient contemporaneous documentation to support its contention that its expenditures were reasonable. (Administrative Code §§ 3-701, *et seq.*) and the Board's Rules only permit certain nominal expenditures after a campaign is over.

Respondent explains the process by which it came to its final determination in great detail. Specifically, for example, after the Board initially disallowed the $14,500 post election payments to Feinsot, the Committee was permitted to submit evidence to substantiate the necessity and reasonableness of that expenditure. The Board explains that it considered the Committee's minimal $2,700 pre-election payments to Feinsot for completion of numerous pre-election reports verses the $14,500 in post-election payments to Feinsot for what the board assessed was a minimal amount of work. After considering the evidence presented, the Board believed that, given the timing, amount and purported purpose of these payments, "the payments bore the indicia of being bonuses, gifts, or compensation for services rendered as a volunteer." Additionally, the Board explains it was not swayed by Feinsot's letter of engagement, which anticipated that the majority of Feinsot's billable time would be incurred during the post-election audit. The Board noted that the Committee failed to adequately explain why the payments in question began before the Board's October request for audit information and ended before the Committee received the draft audit report in February. Moreover, after examination of the "sample data" provided as documentation to substantiate these expenditures, the Board concluded that it contained "myriad incongruities that belied their reliability and alleged contemporaneity, as well as the Campaign's representation that the magnitude of compliance work was reasonable between September 2005 and December 2005." In fact, in her testimony before the Board on July 12, 2006, the Board heard that

7

Brodsky was saving money from her primary because she was anticipating a difficult general election in which she might be facing a candidate wealthy enough to "not opt into campaign finance." Brodsky completed her testimony regarding payments to Feinsot by stating, "So either you are in a bonus situation which I have questions about or you're in another situation where no matter what you do you've got a very tough - - a tough stretch, the home stretch is - - and as I said before, he was not only paid because we were saving - - I was saving money for a primary and he went along with it and I don't know why. And then I felt that remuneration was absolutely necessary and that he ought to get paid his billing and professional rates." Weighing all of the above, the Board did find certain tasks on the log sheet appeared plausible, and allowed $6,150.

Regarding the $1,045 post-election expenditure on holiday cards, the Board found that it too did not fall within the very limited parameters permitted by the CFB Rules. Specifically, the card was a mailing from "Meryl Brodsky, District Leader" a position that Brodsky held since her 2000 election. The card made no mention of the 2005 primary campaign for City Council, the campaign to which these funds were distributed and which paid for the mailing. Additionally, the Campaign did not comply with the Board's request for a list of recipients for the mailing but rather stated in a conclusory fashion that "the vast majority, if not all" of the cards were sent to residents of the District where Brodsky had run for City Counsel. The Board stated that the documentation provided to substantiate what the 2005 campaign purpose was for the mailing also raised questions as to the scope of the mailing. It concluded that the Campaign's proof was unavailing.

Throughout this process the Board re-evaluated its original findings. After considering the information revealed in the course of the audit and investigation (CFB Rule 5-03(e)(1)), the Board first reduced the Campaign's fine from $777 to $650, and eventually reduced it again to $450. Additionally, the Board reduced the amount of Feinsot's payments that the Campaign was required to return from $14,500 to $8,350. Moreover, even after the Board issued its final audit report, the Committee sought again to negotiate with the Board in its September 15, 2006, "Proposed Settlement of Admin. Code § 3-710(2)( c) Reimbursement ; Alternatively, CFB Rule 5-02 (a) Petition." As evidenced by the Board's November 8, 2006, letter in response, the Board once again revisited its determinations and ultimately denied the Committee's request for further relief.

8

Contrary to Plaintiff's contention, it is the role of the Board, in its final audit process, to determine if the Committee's choices were reasonable and lawful. The above quoted portions on Administrative Code § 3-710 clearly state that the Board has the authority to require a candidate to both repay any unspent campaign funds and repay funds that were used for expenditures that have been disqualified. The Campaign Finance Board Rules clearly state that routine post-election expenses do not include making bonus payments or gifts to staff, nor should they include post election mailings to anyone other than campaign contributors, volunteers and staff.

Additionally, the Committee's arguments regarding the unavailability of the July 12, 2006 Board meeting transcript and the fact that the Board's determination was made by a committee of three, two of whom were not present at that meeting, are without merit. The use of the audio recording in lieu of the transcript of the July 12, 2006 meeting by the three members who actually made the determination was sufficient to satisfy the Committee's due process considerations. (See, *Taub v. Pirnie*, 3 N.Y.2d 188, 194 [1957], stating, "It is enough if the [Board members] . . . have the means to make an informed decision, one that is based on knowledge sufficient for 'wise and proper judgment' " *citations omitted)*.

The Committee's due process complaints regarding the unavailability of a CFB Rule 5-02 appeal as to the penalty imposed by the Board is equally unavailing. It is plain that the Committee had more than one opportunity, albeit by way of other administrative avenues, to challenge the penalty imposed. Indeed, the Committee was successful in those appeals, first having the penalty reduced from $777 to $670, and eventually having it further reduced to $470. Accordingly, there is no reason for the Court to disturb the Board's penalty determination.

Respondent petitions this Court for an order declaring that Feinsot is jointly and severally libel for the Committee's repayment obligations to the Board. However, as the Appellate Division, First Department has recently reiterated in *Mossa, et al. v. New York City Campaign Finance Board,* (-- A.D.3d -- , 2007 WL 1674211[N.Y.A.D. 1st Dept.], 2007 Slip Op. 05158), a treasurer is not personally liable for the repayment of public funds owed by a candidate's election committee. Administrative Code §3-710 (unlike Administrative Code §3-711) imposes liability for any repayment to the Board on the Committee and not on any individual in the campaign.( *New York City Campaign Finance Board v. Ortiz*, 28 N.Y.3d 75 [1st Dept. 2006]).

9

Respondent also seeks an order directing the Committee to immediately remit to the Board the money that it has been directed to reimburse and to pay interest on the monies owed. Administrative Code §3-710(2)( c) requires that the Committee repay the Board and that "reimbursement shall be made not later than ten days after all liabilities have been paid. . . or the day on which the campaign finance board issues its final audit report for such participating committee . . . ." The Committee was aware since the Board's draft audit in February, 2005, at the very least, that it was in possession of $25, 975.44 in unspent campaign funds that it concedes were to be reimbursed to the Board. Additionally, pursuant to the Board's final determination in August, 2006, it was ultimately required to reimburse the Board a total of $35,415. Rather than comply with the Board's rules, the Committee placed the campaign funds in an interest bearing certificate of deposit and informed the Board that it would reimburse it when the certificate of deposit matured in April, 2007. The Board is empowered to impose civil penalties for what appears to be a violation of the Board's rules. Thus, this matter is remanded back to the Board for the limited purpose of further proceedings to determine civil penalties consistent with Administrative Code §§ 3-710.5, 3-711 and the Campaign Finance Board Rules.

The court finds that the Board conducted an extensive audit and investigation, made numerous re-evaluations of its own earlier determinations, and ultimately reduced the Committee's repayment and penalty amount from $47,310 to $35,415. The court finds that the Board's decision was not arbitrary nor capricious. Instead, the Board issued a considered and rational decision and, as such, it cannot be disturbed. (See, *Pell v. Board of Education, supra; Matter of Sullivan County Harness Racing Association, Inc. v. , supra)*. Wherefore, it is hereby

ORDERED that Petitioners' application seeking an order from the Court declaring as arbitrary and capricious and in violation of due process the Respondent Board's determination in that the Committee must pay $470 in penalties due to disqualified post-election expenditures is denied; and it is further

ORDERED that Petitioners' application seeking an order from the Court declaring as arbitrary and capricious and in violation of due process the Respondent Board's determination that the Committee must reimburse the Board $35, 415 is denied; and it is further

ORDERED that Petitioners' application to declare that Feinsot is not

personally liable for its pending reimbursement obligations to the Board is granted; and it is further

ORDERED that Respondent's application that the Court order Petitioners to pay interest on their pending reimbursement obligations is denied; and it is further

ORDERED that respondent's application that the Court order Petitioners to immediately remit the monies that they are required to reimburse the Board is granted; and it is further

ORDERED that this matter is remanded back to the Board for the limited purpose of further proceedings to determine civil penalties consistent with Administrative Code §§ 3-710.5, 3-711 and the Campaign Finance Board Rules.

All other relief requested is denied.

This constitutes the decision and order of the Court.


Dated: June 21, 2007

Eileen A. Rakower, J.S.C.

**FILED**

JUN 27 2007

NEW YORK
COUNTY CLERK'S OFFICE

11

*EXHIBIT C*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------- X

In the Matter of the Application of                          :

MERYL BRODSKY, MARK FEINSOT, and ELECT           :
MERYL BRODSKY TO CITY COUNCIL 2005,             :

                  Petitioners,                    :

v.                                                           :

NEW YORK CITY CAMPAIGN FINANCE BOARD,           :

                  Respondent.                     :

-------------------------------------------------------------- X

IAS PART 5 OF THE SUPREME COURT OF THE STATE OF NEW YORK, HELD IN AND FOR THE COUNTY OF NEW YORK, AT THE COUNTY COURT HOUSE THEREOF, ON AUG ___, 2007

JUDGMENT

Index No. 118316/06

Hon. Eileen A. Rakower

      Petitioners Meryl Brodsky, Mark Feinsot, and Elect Meryl Brodsky to City Council 2005 (the "Committee") (collectively, "Petitioners") having brought an Article 78 petition (the "Petition") before this Court, Part 5, seeking an order declaring that (i) Respondent New York City Campaign Finance Board's (the "Board") August 10, 2006 final determination that Petitioners must pay a $470 penalty to the Board was arbitrary and capricious and contrary to law, (ii) the Board's August 17, 2006 final determination that Petitioners must repay $35,415 in public funds was arbitrary and capricious and contrary to law, and (iii) Petitioner Mark Feinsot was not personally liable for repaying the $35,415 in public funds; and the Board having counterclaimed for an order (i) dismissing the Petition, (ii) requiring Petitioners to pay the $470 penalty owed to the Board pursuant to Board's final penalty determination, plus interest from August 10, 2006, (iii) requiring Petitioners to repay the $35,380 in outstanding public funds owed to the Board pursuant to the Board's final repayment determination, plus interest from

216

November 8, 2006, and (iv) requiring Petitioners to immediately release to the Board the

principal and accumulated interest in the Committee's August 20, 2006 Time Certificate

of Deposit towards partial satisfaction of the repayment determination;

NOW, upon reading and filing the Verified Petition, Petitioners' Memorandum of

Law, and the Affidavit of Meryl Brodsky and exhibits annexed hereto, each dated

December 8, 2006; and the December 11, 2006 Notice of Petition, heretofore served

herein; and the Verified Answer, Affirmative Defenses, and Counterclaims, the Affidavit

of Amy M. Loprest, Esq. in Support of Respondent's Verified Answer, Affirmative

Defenses, and Counterclaims, and the exhibits attached hereto, and the Memorandum of

Law in Support of Respondent New York City Campaign Finance Board's Verified

Answer, Affirmative Defenses, and Counterclaims, each dated February 27, 2007; and

the Affidavit of Meryl Brodsky, the Verified Answer, and Petitioners' Memorandum of

Law in Opposition to Respondent's Counter Claim and in Further Support of their

Verified Petition, each dated March 20, 2007; and Respondent Board having appeared by

its attorneys and due deliberation having been had thereon; and upon the written decision

and order of the Court, issued June 21, 2007, and entered June 27, 2007, granting in part

both the Petition and Respondent's counterclaims, and remanding the matter back to the

Board for limited further proceedings, it is hereby

ORDERED, ADJUDGED, and DECREED that Respondent New York City

Campaign Finance Board, of 40 Rector Street, 7th Floor, New York, NY 10006, recover

of Petitioners Meryl Brodsky, of 150 East 61st Street Apt. 11K, New York, NY 10021,

and Elect Meryl Brodsky to City Council 2005, of 340 West 28th Street Apt. 8B, New

York, NY 10001, the sum of (i) $35,380 in public funds, and (ii) a $470 civil penalty assessed by the Board, for an aggregate amount of $35,850, and that Respondent have execution therefore, and it is further

ORDERED, and ADJUDGED, ~~AND DECREED~~ that Respondent New York City Campaign Finance Board, of 40 Rector Street, 7th Floor, New York, NY 10006, recover of Petitioner Mark Feinsot, of 340 West 28th Street Apt. 8B, New York, NY 10001, the $470 civil penalty assessed by the Board and that Respondent have execution therefore, and it is further

ORDERED, and ADJUDGED, ~~AND DECREED~~ that Petitioners Meryl Brodsky, Mark Feinsot, and Elect Meryl Brodsky to City Council 2005 immediately remit the $35,380 in public funds and $470 civil penalty to Respondent New York City Campaign Finance Board, and it is further

ORDERED, and ADJUDGED, ~~AND DECREED~~ that Respondent New York City Campaign Finance Board's application that the Court order Petitioners to pay interest on the $35,380 in public funds and $470 civil penalty is denied, without prejudice to Respondent Board conducting further administrative proceedings to determine additional civil penalties pursuant to New York City Administrative Code §§ 3-710.5 and 3-711; and it is further

ORDERED, and ADJUDGED, ~~AND DECREED~~ that the matter be remanded to the Board in part for the limited purpose of allowing the Board to conduct further administrative proceedings to determine additional civil penalties pursuant to New York City Administrative Code §§ 3-710.5 and 3-711.

ENTER

EILEEN A. RAKOWER   JSC
J.S.C.

218

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In the Matter of the Application of

MERYL BRODSKY, MARK FEINSOT, and ELECT
MERYL BRODSKY TO CITY COUNCIL 2005,

       Petitioners,

v.

             Index No. 118316/06

             Hon. Eileen A. Rakower

NEW YORK CITY CAMPAIGN FINANCE BOARD

       Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

        JUDGMENT

    JIHEE SUH, ESQ.
    Associate Counsel
    New York City Campaign Finance Board
    40 Rector Street, 7th Floor
    New York, New York 10006
    (212) 306-7100

    *Attorneys for Respondent*
    *New York City Campaign Finance Board*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------ X
In the Matter of the Application of                                     :
                                                                       :
MERYL BRODSKY, MARK FEINSOT, and ELECT                                 :
MERYL BRODSKY TO CITY COUNCIL 2005,                                    :
                                                                       :
                                  Petitioners,                         :
                                                                       :
v.                                                                     :
                                                                       :
NEW YORK CITY CAMPAIGN FINANCE BOARD,                                  :
                                                                       :
                                  Respondent.                          :
                                                                       :
------------------------------------------------------------------ X

**PROPOSED
JUDGMENT**

Index No. 118316/06

Hon. Eileen A. Rakower

        Petitioners Meryl Brodsky, Mark Feinsot, and Elect Meryl Brodsky to City

Council 2005 (the "Committee") (collectively, "Petitioners") having brought an Article

78 petition (the "Petition") before this Court, Part 5, seeking an order declaring that (i)

Respondent New York City Campaign Finance Board's (the "Board") August 10, 2006

final determination that Petitioners must pay a $470 penalty to the Board was arbitrary

and capricious and contrary to law, (ii) the Board's August 17, 2006 final determination

that Petitioners must repay $35,415 in public funds was arbitrary and capricious and

contrary to law, and (iii) Petitioner Mark Feinsot was not personally liable for repaying

the $35,415 in public funds; and the Board having counterclaimed for an order (i)

dismissing the Petition, (ii) requiring Petitioners to pay the $470 penalty owed to the

Board pursuant to Board's final penalty determination, plus interest from August 10,

2006, (iii) requiring Petitioners to repay the $35,380 in outstanding public funds owed to

the Board pursuant to the Board's final repayment determination, plus interest from

November 8, 2006, and (iv) requiring Petitioners to immediately release to the Board the principal and accumulated interest in the Committee's August 20, 2006 Time Certificate of Deposit towards partial satisfaction of the repayment determination;

NOW, upon reading and filing the Verified Petition, Petitioners' Memorandum of Law, and the Affidavit of Meryl Brodsky and exhibits annexed hereto, each dated December 8, 2006; and the December 11, 2006 Notice of Petition, heretofore served herein; and the Verified Answer, Affirmative Defenses, and Counterclaims, the Affidavit of Amy M. Loprest, Esq. in Support of Respondent's Verified Answer, Affirmative Defenses, and Counterclaims, and the exhibits attached hereto, and the Memorandum of Law in Support of Respondent New York City Campaign Finance Board's Verified Answer, Affirmative Defenses, and Counterclaims, each dated February 27, 2007; and the Affidavit of Meryl Brodsky, the Verified Answer, and Petitioners' Memorandum of Law in Opposition to Respondent's Counter Claim and in Further Support of their Verified Petition, each dated March 20, 2007; and Respondent Board having appeared by its attorneys and due deliberation having been had thereon; and upon the written decision and order of the Court, issued June 21, 2007, and entered June 27, 2007, granting in part both the Petition and Respondent's counterclaims, and remanding the matter back to the Board for limited further proceedings, it is hereby

ORDERED, ADJUDGED, AND DECREED that Respondent New York City Campaign Finance Board, of 40 Rector Street, 7th Floor, New York, NY 10006, recover of Petitioners Meryl Brodsky, of 150 East 61st Street Apt. 11K, New York, NY 10021, and Elect Meryl Brodsky to City Council 2005, of 340 West 28th Street Apt. 8B, New

York, NY 10001, the sum of (i) $35,380 in public funds, and (ii) a $470 civil penalty assessed by the Board, for an aggregate amount of $35,850, and that Respondent have execution therefore, and it is further



ORDERED, ADJUDGED, AND DECREED that Respondent New York City Campaign Finance Board, of 40 Rector Street, 7th Floor, New York, NY 10006, recover of Petitioner Mark Feinsot, of 340 West 28th Street Apt. 8B, New York, NY 10001, the $470 civil penalty assessed by the Board and that Respondent have execution therefore, and it is further

ORDERED, ADJUDGED, AND DECREED that Petitioners Meryl Brodsky, Mark Feinsot, and Elect Meryl Brodsky to City Council 2005 immediately remit the $35,380 in public funds and $470 civil penalty to Respondent New York City Campaign Finance Board, and it is further

ORDERED, ADJUDGED, AND DECREED that Respondent New York City Campaign Finance Board's application that the Court order Petitioners to pay interest on the $35,380 in public funds and $470 civil penalty is denied, without prejudice to Respondent Board conducting further administrative proceedings to determine additional civil penalties pursuant to New York City Administrative Code §§ 3-710.5 and 3-711; and it is further

ORDERED, ADJUDGED, AND DECREED that the matter be remanded to the Board in part for the limited purpose of allowing the Board to conduct further administrative proceedings to determine additional civil penalties pursuant to New York City Administrative Code §§ 3-710.5 and 3-711.

223

Judgment signed and entered this _____ day of ~~July, 2007.~~

13   Aug. 2008

Duplicate ORIGINAL OF ORDER DATED JULY 17, 2007

ENTER:

J.S.C.

**HON. EILEEN A. RAKOWER**

Norman Goodman
Clerk

FILED

AUG 31 2009

NEW YORK
COUNTY CLERKS OFFICE

224

**Exhibit E**



**New York City
Campaign Finance Board**

40 Rector Street, New York, NY 10006
tel.  212.306.7100
fax  212.306.7143
www.nyccfb.info

Joseph P. Parkes, S. J.
Chairman

**Art Chang**
Richard J. Davis
Katheryn C. Patterson
Mark S. Piazza
Members

Amy M. Loprest
Executive Director

Shauna Tarshis Denkensohn
Deputy Executive Director

Sue Ellen Dodell
General Counsel

**By Certified Mail**

April 5, 2010

Mark Feinsot
352 7th Avenue, 12th Fl.
New York, New York 10001

Re:  *Brodsky et al. v. New York City Campaign Finance Board*, Index No. 118316/06 (N.Y.
     Sup. Ct. June 27, 2007), *aff'd*, 869 N.Y.S.2d 508 (1st Dep't 2008)

Dear Mr. Feinsot:

Enclosed please find a Subpoena Duces Tecum regarding the above-referenced matter.  Please
note that the documents that you are required to produce must be received by the New York City
Campaign Finance Board ("CFB") on or before **April 20, 2010**.  We will accept copies of the
records in lieu of your personal appearance.

In addition, we are requesting that you pay the New York City Campaign Finance Board
("CFB") the civil penalty of $470 owed by you, pursuant to the June 27, 2008 Decision and
Order and August 31, 2009 Judgment in the above-referenced matter (copies of which are
enclosed).  Please issue payment by check or money order made payable to the **New York City
Election Campaign Finance Fund, by no later than May 5, 2010**.  Any failure to make the
required payment will result in the commencement of judgment enforcement efforts by the CFB
against you.

Please contact me at (212) 306-7100 if you have any questions.  Thank you.

Sincerely,

Jihee G. Suh
Associate Counsel

226

# SUPREME COURT OF STATE OF NEW YORK
# COUNTY OF NEW YORK

Index No. 118316/06

In the Matter of the Application of

MERYL BRODSKY, MARK FEINSOT, AND ELECT
MERYL BRODSKY TO CITY COUNCIL 2005,

Petitioners/Judgement Debtors,

AFFIDAVIT OF
MERYL BRODSKY

v.

NEW YORK CITY CAMPAIGN FINANCE BOARD,

Respondent/Judgment Creditor,

v.

COMPUTERSHARE,

Garnishee.

STATE OF NEW YORK    )
                     ) SS:
COUNTY OF NEW YORK   )

Meryl Brodsky, being duly sworn deposes and says, I am the Petitioner and Judgment Debtor in the above-captioned matter, and submit this Affidavit in Opposition to the instant Order To Show Cause.

I ran for a seat in New York City Counsel in 2005 and received money from The New York City Campaign Finance Board.

I returned over $26,000 of that money to said Finance Board and now The New York City Campaign Finance Board is seeking to recover from me interest on that money. The amount they are seeking, with interest, penalties, and court costs they is now approximately $13,000.

I brought an Article 78 Proceeding in the Supreme Court of The State of New York to contest their allegation, that I owe said approximately $ 13,000 to them. My Article 78 proceeding was denied by the Supreme Court. I appealed that decision to The Appellate Division of The Supreme Court of the State of New York which affirmed the Supreme Court decision to deny my Article 78 Proceeding.

Brodsky, Meryl/Affidavit of Meryl Brodsky/06-9-10

227

I then filed a Notice of Appeal to appeal that decision to the Appellate Division of the State of New York. I believe that I have until October to perfect my appeal to the Appellate Division.

I am requesting that this Court hold in abeyance the Garnishee Order and any Order directing my stockbrokers and/or the transfer agents to transfer any of my shares of stock until my appeal to The Appellate Division is determined.

From which stated the amount the moving party is seeking from me is approximately $13,000, while value of the stock owned by me, which has a hold on it is valued at being approximately ▆▆▆▆▆. Therefore, the moving party is absolutely positively secured in enforcing the judgment if I unfortunately lose in the Appellate Division.

I am therefore requesting that their motion be held in abeyance until I perfect my appeal to The Appellate Division.

*Meryl Brodsky*

MERYL BRODSKY

Sworn to before me this
14 day of June, 2010

*Joel Schonfeld*
Notary Public

JOEL SCHONFELD
Notary Public, State of New York
No. 02SC8641200
Qualified in Nassau County
Commission Expires October 31, 20 10

## SUPREME COURT OF STATE OF NEW YORK
## COUNTY OF NEW YORK

*Index No. 118316/06*

In the Matter of the Application of

MERYL BRODSKY, MARK FEINSOT, AND ELECT
MERYL BRODSKY TO CITY COUNCIL 2005,

                                    Petitioners/Judgement Debtors,

                                                    AFFIRMATION OF
v.                                                  JOEL SCHONFELD

NEW YORK CITY CAMPAIGN FINANCE BOARD,

                                    Respondent/Judgment Creditor,

v.

COMPUTERSHARE,

                                    Garnishee.

STATE OF NEW YORK

COUNTY OF NEW YORK

    Joel Schonfeld, an attorney duly licensed to practice law in the State of New York, affirms under penalty of perjury:

1.    I am a member of the law firm of Schonfeld & Weinstein, L.L.P. with offices at 80 Wall St., New York, New York.

2.    I submit this Affirmation In Opposition to the instant Order To Show Cause signed by Hon. Eileen A. Rakower dated May 17, 2010.

3.    I have been retained by Meryl Brodsky on a referral from The Brooklyn Bar Asssociation. Ms. Brodsky came to my office for the first time on Monday, June 7, 2010 with a voluminous amount of papers.

4.    Ms. Brodsky advised me that she had brought an Article 78 proceeding a contesting the decision of the New York City Campaign Finance Board and was unsuccessful in her Article 78 proceeding.

Brodsky, Meryl/Affirmation of Joel Schonfeld/06-9-10

5.  Ms. Brodsky advised our firm that she took an appeal of that decision to the Appellate Division of the Supreme Court of the State of New York for The First Judicial District and that the Appellate Division denied the appeal and reaffirmed the denial of her Article 78 proceeding.

6.  Ms. Brodsky further advised us that she has filed a Notice of Appeal to the Appellate Division, to appeal the decision of the lower court.

7.  Ms. Brodsky requests that this matter be held in abeyance so that she might have an opportunity to perfect her appeal.

8.  I am asking the Court to leave the judgment intact and to postpone on any Garnishment or the compelling of Ms. Brodsky's brokers to turn over funds to satisfy the judgment until the appeal is determined.

9.  The New York City Campaign Finance Board is in no way prejudiced by this since by their own papers, they attest to the fact that the amount owed to them by Ms. Brodsky is approximately $13,000 and that The New York City Campaign Finance Board is presently tying up Ms. Brodsky's stock that is worth over ████████.

10. We consent to an order directing the transfer agent of Ms. Brodsky's stock or any other person from transferring or selling any of the stock held by Ms. Brodsky until this matter is determined by Appellate Division.

Dated: New York, New York
     June 17, 2010

Joel Schonfeld

Brodsky, Meryl/Affirmation of Joel Schonfeld/06-9-10

230

# EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:   _HON. EILEEN A. RAKOWER_    PART _15_
                          _Justice_

Meryl Barclay

          - v -                        INDEX NO.   _118 316/06_
                                       MOTION DATE   _____
NYC Campaign Finance Bd.               MOTION SEQ. NO.   _004_
                                       MOTION CAL. NO.   _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits | _2_ |
| Replying Affidavits | |

Cross-Motion:  ☐ Yes   ☒ No

Upon the foregoing papers, it is ordered that this motion

MOTION IS DECIDED IN ACCORDANCE WITH
THE ACCOMPANYING MEMORANDUM DECISION.

UNFILED JUDGMENT
This judgment has not been entered by the County Clerk
and notice of entry cannot be served based hereon.  To
obtain entry, counsel or authorized representative must
appear in person at the Judgment Clerk's Desk (Room
141B).

Dated:  _2/9/0_

                            _HON. EILEEN A. RAKOWER_

Check one:  ☑ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION
Check if appropriate:  ☐ DO NOT POST   ☐ REFERENCE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 15
------------------------------------------------------------------------X
In the Matter of the Application of

MERYL BRODSKY, MARK FEINSOT, and ELECT
MERYL BRODSKY TO CITY COUNCIL 2005,

                              Petitioners,

- against -

NEW YORK CITY CAMPAIGN FINANCE BOARD,

                           Respondent/Judgment Creditor,

          -against-
COMPUTERSHARE,

                      Garnishee.
------------------------------------------------------------------------X

Index No.
118316/06

Seq No.:
004&005

Decision
and Order

HON. EILEEN A. RAKOWER, J.S.C.

    Respondent The New York City Campaign Finance Board ("the Board")
moves, by Order to Show Cause, for an order to be issued to Garnishee
Computershare ("Computershare"), an Investor Service Company, pursuant to CPLR
§5225(b), directing it to turn over a "sufficient number of [petitioner] Brodsky's
Exxon-Mobil Corporation shares" to satisfy the amount owed by her, which is
currently $13,290.40. Brodsky opposes. By separate Order to Show Cause, Mark
Feinsot, Brodsky's accountant, moves to quash a subpoena which was served upon
him on April 5, 2010. The subpoena commands Mr. Feinsot to produce Brodsky's tax
returns for the years 2006 through 2009. The Board opposes Mr. Feinsot's motion.

1

By Order of this Court, dated June 21, 2007, Brodsky's Article 78 petition, challenging the Board's determination that she must reimburse them $35,415, was denied, and the Board's application for an order directing Brodsky to "immediately remit the monies that [she is] required to reimburse the board," was granted. Brodsky appealed the June 21, 2007 decision, and the decision was affirmed by the Appellate Division First Department. A judgment was entered, and thereafter Brodsky returned $26,010 in funds to the Board. The sum currently due, $13,290.40, was calculated by the Board after fees and interest were added to the remaining balance.

The Board requests that Computershare be directed to sell the shares, and turn the money over to the New York City Sheriff's Department. The Board submits a letter from Computershare which states that it "does not object to the Garnishment issued and will comply with any Order of the Court directing Computershare to sell a sufficient number of shares to satisfy the outstanding judgment . . ."

Brodsky submits her own affidavit, and her attorney's affirmation, in opposition to the application. Brodsky claims that the application should be denied because she is appealing the Appellate Division's decision[1]. Brodsky submits no notice of appeal here.

CPLR §5225(b) states, in relevant part:

> . . . Upon a special proceeding commenced by the judgment creditor against a person in possession or custody of money or other personal property in which the judgment debtor has an interest . . . the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment to the judgment creditor . . .

CPLR §5225(b) entitles the Board to collect on the long outstanding judgment through the sale of Brodsky's holdings in Exxon Mobil. The Board concedes that, if its Order to Show Cause is granted, the judgment will be fully satisfied by the sale of

---

[1]In her affidavit, Brodsky states that she filed a Notice of Appeal "to appeal that decision to the Appellate Division . . ." However, the Board points out that Brodsky is referring to the appeal of another decision issued by this Court on December 16, 2009. The December 16, 2009 decision compelled Brodsky to submit unredacted answers to an information subpoena. The Board asserts that a few months after Brodsky's alleged appeal, she submitted an unredacted answer to the information subpoena, rendering the appeal moot.

Brodsky's Exxon-Mobil stock, and the Board "will no longer need the subpoenaed records from Feinsot."

Wherefore it is hereby

ORDERED that the New York City Campaign Finance Board's Order to Show Cause is granted, and it is further

ORDERED and ADJUDGED that Computershare is directed, upon receipt of a certified copy of this order and judgment, to sell a sufficient number of Judgment Debtor Meryl Brodsky's shares of Exxon-Mobil to satisfy the judgment against Ms. Brodsky, plus Sheriff's fees and statutory interest, in the total amount of $13,290.40; and it is further

ORDERED and ADJUDGED that Computershare turn over to the New York City Sheriff's Office, the amount of $13,290.40; and it is further

ADJUDGED that upon such turn-over of funds, Computershare shall be discharged of all liability on this account to the extent of payment made; and it is further

ORDERED that Mark Feinsot's petition to quash the subpoena, dated April 5, 2010, is rendered moot, and Mr. Feinsot need not produce Meryl Brodsky's tax returns.

Dated: July 9, 2010.

Eileen A. Rakower

UNFILED JUDGMENT
This judgment has not been entered by the County Clerk and notice of entry cannot be served based hereon. To obtain entry, counsel or authorized representative must appear in person at the Judgment Clerk's Desk (Room 141B).

5

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: _____ Rakower _____          PART _15_

                      Justice

Meryl Brodsky

        NYC Campaign Finance Board

| | |
|---|---|
| INDEX NO. | 118316/06 |
| MOTION DATE | |
| MOTION SEQ. NO. | 5 |
| MOTION CAL. NO. | |

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | 1, 2 |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | 3 |

Cross-Motion:   ☐ Yes   ☒ No

Upon the foregoing papers, it is ordered that this motion

FILED

JUL 16 2010

COUNTY CLERKS OFFICE
NEW YORK

MOTION IS DECIDED IN ACCORDANCE WITH
THE ACCOMPANYING MEMORANDUM DECISION.

RECEIVED

JUL 14 2010

MOTION SUPPORT OFFICE
NYC SUPREME COURT - CIVIL

Dated: _____ 7/6/10 _____          HON. EILEEN A. RAKOWER

Check one:   ☒ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION

Check if appropriate:          ☐ DO NOT POST          ☐ REFERENCE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE        FOR THE FOLLOWING REASON(S):

236



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 15
------------------------------------------------------------------X
In the Matter of the Application of

MERYL BRODSKY, MARK FEINSOT, and ELECT
MERYL BRODSKY TO CITY COUNCIL 2005,
                                    Petitioners,                    Index No.
                                                                    118316/06

                                                                    Seq No.:
                                                                    004&005

            - against -                                             Decision
                                                                    and Order

NEW YORK CITY CAMPAIGN FINANCE BOARD,

                                    Respondent/Judgment Creditor,    F I L E D

            -against-                                               JUL 16 2010
COMPUTERSHARE,
                                                                    COUNTY CLERKS OFFICE
                                                                    NEW YORK
                                    Garnishee.
------------------------------------------------------------------X

HON. EILEEN A. RAKOWER, J.S.C.

        Respondent The New York City Campaign Finance Board ("the Board")
moves, by Order to Show Cause, for an order to be issued to Garnishee
Computershare ("Computershare"), an Investor Service Company, pursuant to CPLR
§5225(b), directing it to turn over a "sufficient number of [petitioner] Brodsky's
Exxon-Mobil Corporation shares" to satisfy the amount owed by her, which is
currently $13,290.40. Brodsky opposes. By separate Order to Show Cause, Mark
Feinsot, Brodsky's accountant, moves to quash a subpoena which was served upon
him on April 5, 2010. The subpoena commands Mr. Feinsot to produce Brodsky's tax
returns for the years 2006 through 2009. The Board opposes Mr. Feinsot's motion.

1



By Order of this Court, dated June 21, 2007, Brodsky's Article 78 petition, challenging the Board's determination that she must reimburse them $35,415. was denied, and the Board's application for an order directing Brodsky to "immediately remit the monies that [she is] required to reimburse the board," was granted. Brodsky appealed the June 21, 2007 decision, and the decision was affirmed by the Appellate Division First Department. A judgment was entered, and thereafter Brodsky returned $26,010 in funds to the Board. The sum currently due, $13,290.40, was calculated by the Board after fees and interest were added to the remaining balance.

The Board requests that Comptershare be directed to sell the shares, and turn the money over to the New York City Sheriff's Department. The Board submits a letter from Computershare which states that it "does not object to the Garnishment issued and will comply with any Order of the Court directing Computershare to sell a sufficient number of shares to satisfy the outstanding judgment . . ."

Brodsky submits her own affidavit, and her attorney's affirmation, in opposition to the application. Brodsky claims that the application should be denied because she is appealing the Appellate Division's decision[1]. Brodsky submits no notice of appeal here.

CPLR §5225(b) states, in relevant part:

> . . . Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest . . . the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment to the judgment creditor . . .

CPLR §5225(b) entitles the Board to collect on the long outstanding judgment through the sale of Brodsky's holdings in Exxon Mobil. The Board concedes that, if its Order to Show Cause is granted, the judgment will be fully satisfied by the sale of

---

[1] In her affidavit, Brodsky states that she filed a Notice of Appeal "to appeal that decision to the Appellate Division . . . ." However, the Board points out that Brodsky is referring to the appeal of another decision issued by this Court on December 15, 2009. The December 16, 2009 decision compelled Brodsky to submit unredacted answers to an information subpoena. The Board asserts that a few months after Brodsky's alleged appeal, she submitted an unredacted answer to the information subpoena, rendering the appeal moot.

2

Brodsky's Exxon-Mobil stock, and the Board "will no longer need the subpoenaed records from Feinsot."

Wherefore: it is hereby

ORDERED that the New York City Campaign Finance Board's Order to Show Cause is granted, and it is further

ORDERED and ADJUDGED that Computershare is directed, upon receipt of a certified copy of this order and judgment, to sell a sufficient number of Judgment Debtor Meryl Brodsky's shares of Exxon-Mobil to satisfy the judgment against Ms. Brodsky, plus Sheriff's fees and statutory interest, in the total amount of $13,290.40; and it is further

ORDERED and ADJUDGED that Computershare turn over to the New York City Sheriff's Office, the amount of $13,290.40; and it is further

ADJUDGED that upon such turn-over of funds, Computershare shall be discharged of all liability on this account to the extent of payment made; and it is further

ORDERED that Mark Feinsot's petition to quash the subpoena, dated April 5, 2010, is rendered moot, and Mr. Feinsot need not produce Meryl Brodsky's tax returns.

Dated: July 9, 2010

Eileen A. Rakower , J.S.C.

Herman Goodman
Clerk of the court

FILED

JUL 16 2010

COUNTY CLERKS OFFICE
NEW YORK

3

239

At I.A.S. Part _15_ of the
Supreme Court of the State of
New York, held in and for the
County of New York at the
Courthouse therefore, 60 Centre
Street, New York, N.Y. on the
_2ⁿᵈ_ day of __Nov__, 2011

PRESENT: HON. ___EILEEN A. RAKOWER___
                Justice of the Supreme Court

SUPREME COURT OF THE STATE OF NEW YORK,
COUNTY OF NEW YORK
-------------------------------------------------------------X
IN THE MATTER OF THE APPLICATION OF          INDEX NO. _111590/11_

MERYL BRODSKY

                    Petitioner,                **ORDER TO SHOW CAUSE**
                                               **FOR RENEWAL AND TO**
                                               **VACATE MONEY JUDGMENT**
                  -against-

NEW YORK CITY CAMPAIGN FINANCE BOARD

                    Respondents.
-------------------------------------------------------------X

Upon reading and filing the affidavit of Meryl Brodsky, sworn to on October _12_, 2011

and upon the Exhibits A through X attached to the affidavit:

LET the party or attorney in opposition show cause at I.A.S. Part____, Room____, of

this Court, to be held at the Courthouse, 60 Centre Street, New York, New York on the ____ day

of _____, 2011 at ___o'clock in the ___noon or as soon as such party or attorney may be

heard why an order should not be made, providing the following relief:

Petitioner Pro Se seeks renewal and vacatur of two identical Judgments (Seq. 004 &

005), dated July 9, 2010, one of which remains unfiled and one which was entered by

Respondent NYC Campaign Finance Board on July 16, 2010; relief from the unscrupulous

policies and practices of said Board pursuant to CPLR § 2221(e) and CPLR §§ 5015(a)(3) and

(d) a change of law that would change the prior determination, *In the Matter of C. Virginia

Fields, et al. v. New York City Campaign Finance Board* [*lv. denied*, NYS Court of Appeals,

September 15, 2011], 81 A.D.3d 441 (2011), *lv. denied,* 918 N.Y.S.2d 15 (2009) (affirming there is no obligation to reach into a candidate's personal assets to repay the Board). Meryl Brodsky and "Elect Meryl Brodsky" paid $26,010 **to the City Fund on July 26, 2007 that fulfilled any and all obligations, rendering Respondents' execution of Brodsky's personal monies unlawful. Thus, Petitioner Meryl Brodsky demands judgment:**

- Of $13,237.93 from the unlawful seizure, levy and execution of 223 shares of Exxon-Mobil stock owned by Meryl Brodsky, valued at $59.3629 per share on July 22, 2010 including penalties of $2,470, statutory interest and sheriff's fees of $1,362.93 together with additional interest (CPLR §§ 5003, 5004), fees and costs; and

- Two identical Judgments containing misrepresentations or fraud dated July 9, 2010 (Mot. Seq. 004 & 005), one unfiled and one filed against Meryl Brodsky, be vacated;

- Respondent's Subpoena duces tecum, without personal service to Mark E. Feinsot, CPA, and in violation of NYS law seeking Brodsky's tax records and W-2 schedules for 2006-2009 and documents concerning securities and any broker or individual who assisted in transactions of the securities referenced, be deemed null and void;

- The Order to Quash Subpoena (Mot. Seq. 004) as well as the Order to Show Cause for Turnover Order (Mot. Seq. 005) without notice or service be deemed null and void;

- Two non-identical, conflicting Judgments containing misrepresentations or fraud of August 31, 2009 and September 24, 2007 requiring Petitioner to pay $35,415 plus a penalty of $470, and additional penalties of $2,000 not made part of the Judgments, as well as those parts of the Decision and Order of June 21, 2007, be deemed null and void.

Sufficient cause appearing therefore, let personal service of a copy of this order, the affidavit in support and exhibits, upon attorneys for New York City Campaign Finance Board, with offices at 40 Rector Street, 7th Floor, New York, New York, 10006 who have appeared in this action, on or before the ____ day of _____, 2011 be deemed good and sufficient. An affidavit or other proof of service shall be presented to this Court on the return date directed in the second paragraph of this order.

*Decline to sign*
*Leave to*
*renew is denied*

ENTER

_____, J.S.C.

~~HON. EILEEN A. RAKOWER~~

2



In the Matter of Meryl Brodsky et al., Appellants, v New York City Campaign Finance Board, Respondent, et al., Garnishee.

10059, 118316/06

SUPREME COURT OF NEW YORK, APPELLATE DIVISION, FIRST DEPARTMENT

*107 A.D.3d 544; 971 N.Y.S.2d 265; 2013 N.Y. App. Div. LEXIS 4552; 2013 NY Slip Op 4686*

June 20, 2013, Decided
June 20, 2013, Entered

**PRIOR HISTORY:** *Matter of Brodsky v. New York City Campaign Fin. Bd., 57 A.D.3d 449, 869 N.Y.S.2d 508, 2008 N.Y. App. Div. LEXIS 9940 (N.Y. App. Div. 1st Dep't, 2008)*

**HEADNOTES**

Appeal--Law of the Case--Failure to Raise Issue in Prior Appeal--Campaign Financing Dispute

**COUNSEL:** [***1] Busson & Sikorski, P.C., New York (Robert S. Sikorski of counsel), for appellants.

Michael A. Cardozo, Corporation Counsel, New York (Paul T. Rephen of counsel), for respondent.

**JUDGES:** Concur--Friedman, J.P., DeGrasse, Richter and Clark, JJ.

**OPINION**

[**265] [*544] Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered July 16, 2010, which, to the extent appealed from as limited by the briefs, in a turnover proceeding pursuant to *CPLR 5225 (b)*, directed the sale of [*545] stock held by petitioner judgment debtor Meryl Brodsky, unanimously affirmed, without costs.

The turnover proceedings at issue on this appeal arise from an audit completed by respondent New York City Campaign Finance Board determining that petitioners were required to return $35,415 following the 2005 primary election. Petitioner Meryl Brodsky was a candidate for New [**266] York City Council in the election, and formed an election committee, petitioner "Elect Meryl Brodsky to the City Council 2005" (committee). That committee participated in respondent's public financing matching funds program. At the end of the campaign, respondent conducted an audit of the committee and determined that the committee needed to return $35,415.

Petitioners [***2] filed the underlying CPLR article 78 petition challenging respondent's determination as arbitrary and capricious and arguing that the committee's treasurer, petitioner Feisnot, was not personally liable for any repayments to respondent. In an order entered on or about June 27, 2007, the court denied the petition to set aside respondent's determination and ordered petitioners Brodsky and committee to repay respondent. The court, however, found petitioner Feisnot was not personally liable for the repayment. Petitioners appealed to this Court and we affirmed *(57 AD3d 449, 869 NYS2d 508 [1st Dept 2008])*.

Petitioners Brodsky and committee then returned

107 A.D.3d 544, *545; 971 N.Y.S.2d 265, **266;
2013 N.Y. App. Div. LEXIS 4552, ***2; 2013 NY Slip Op 4686

$26,010 of the requested funds. However, when petitioners failed to repay the remaining amount, respondent, by an order to show cause, moved pursuant to CPLR 5225 (b) for an order directing a garnishee, Computershare, to sell sufficient shares of Exxon-Mobil owned by Brodsky to pay the remaining $13,290.40.* On July 16, 2010, the motion court granted the order, requiring Computershare to sell a sufficient number of Brodsky's shares to satisfy the judgment. On appeal, Brodsky contends that she, as the candidate, is not personally liable for the repayment of campaign [***3] funds (see New York City Campaign Fin. Bd. v Ortiz, 38 AD3d 75, 77, 826 NYS2d 244 [1st Dept 2006]).

* This amount includes interests and fees as calculated by defendant.

An issue raised for the first time on appeal is unpreserved for review and this Court has the discretion to decline to consider the issue (Stryker v Stelmak, 69 AD3d 454, 454, 892 NYS2d 102 [1st Dept 2010]). As the issue of Brodsky's personal liability is raised for the first time on appeal, it is unpreserved for review (see Feliz v Fragosa, 85 AD3d 417, 418, 924 NYS2d 82 [1st Dept 2011]).

Further, even if properly before this Court, Brodsky would still be barred from asserting this defense. Under the doctrine [*546] of law of the case, "[a]n appellate court's resolution of an issue on a prior appeal constitutes the law of the case and is binding on the Supreme Court, as well as on the appellate court" (Board of Mgrs. of the 25 Charles St. Condominium v Seligson, 106 AD3d 130, 961 NYS2d 152, 2013 NY Slip Op 1926 *4 [1st Dept 2013] [internal quotation marks omitted]).

Here, Brodsky contends that the issue of her personal liability was never explicitly decided in the June 27, 2007 order and therefore the doctrine of law of the case does not apply. Brodsky's argument is without merit. [***4] In the first appeal, we affirmed the motion court's determination that Brodsky and the committee had to repay respondent the requested amount. Although Brodsky did not explicitly argue that she could not be held personally responsible, she could have raised this claim in the first appeal and failed to do so. Indeed, in her original article 78 petition Brodsky concedes that both she and the committee are liable for the return of the campaign funds.

We have considered petitioners' remaining arguments and find them unavailing. Concur--Friedman, J.P., DeGrasse, Richter and Clark, JJ.

# EXHIBIT H

DEPARTMENTAL DISCIPLINARY COMMITTEE
SUPREME COURT, APPELLATE DIVISION
FIRST JUDICIAL DEPARTMENT
61 BROADWAY
NEW YORK, NEW YORK 10006
(212) 401-0800
FAX (212) 287-1045 (NOT FOR SERVICE OF PAPERS)

ROY L. REARDON, ESQ.
CHAIRMAN

HALBURTON FALES, 2ND, ESQ.
CHARLOTTE MOSES FISCHMAN, ESQ.
MARTIN R. GOLD, ESQ.
ROBERT L. HAIG, ESQ.
MYRON KIRSCHBAUM, ESQ.
WILLIAM FRANCIS KUNTZ, II, ESQ.
STEPHEN L. WEINER, ESQ.
SPECIAL COUNSEL

CATHERINE M. ABATE, ESQ.
JAMES M. ALTMAN, ESQ.
DOMINIC F. AMOROSA, ESQ.
EUGENE F. BANNIGAN, ESQ.
PATRICK H. BARTH, ESQ.
NINA BEATTIE, ESQ.
PETER A. BELLACOSA, ESQ.
GEORGE BERGER, ESQ.
SHEILA S. BOSTON, ESQ.
DAVID BURGBAUM
JOHN F. CAMBRIA, ESQ.
NICHOLAE M. CANNELLA, ESQ.
GIORGIO CAPUTO
AURORA CASSIRER, ESQ.
CHRISTOPHER E. CHANG, ESQ.
ERNEST J. COLLAZO, ESQ.
JEAN E. DAVIS
RALPH C. DAWSON, ESQ.
SHELDON ELSEN, ESQ.
ROSALIND S. FINK, ESQ.
THOMAS FITZPATRICK, ESQ.
KATHERINE B. FORREST, ESQ.
WILLIAM L. FREEMAN
RUTH W. FRIENDLY
DAVID R. GELFAND, ESQ.
JOSEPH STEVEN GENOVA, ESQ.
ROBERT J. GIUFFRA, ESQ.
ROBERT E. GODOSKY, ESQ.
JOHN D. GORDAN, III, ESQ.
RICHARD M. GREENBERG, ESQ.
MAURA BARRY GRINALDS, ESQ.
PATRICIA HANDAL
JAMES W. HARBISON, JR., ESQ.
GERARD E. HARPER, ESQ.
PATRICIA HATRY, ESQ.
SEYMOUR W. JAMES, JR., ESQ.
PAMELA JARVIS, ESQ.
ALAN R. KAUFMAN, ESQ.
STEPHEN E. KAUFMAN, ESQ.
ALFREDA B. KENNY, ESQ.
RONALD LAW
ANDREW M. LAWLER, ESQ.
MARVIN LEFFLER
FRANK J. LOVERRO, ESQ.
WILLIAM A. MAHER, ESQ.
ROGER JUAN MALDONADO, ESQ.
ROBERT J. MCGUIRE, ESQ.
HAROLD F. MCGUIRE, JR., ESQ.
ROBERT P. MCGREEVY, ESQ.
FITZGERALD MILLER
CHARLES G. MOERDLER, ESQ.
ROBERT G. MORVILLO, ESQ.
MERCEDES A. NESFIELD
LYNN K. NEUNER, ESQ.
FREDRIC S. NEWMAN, ESQ.
JACOB PULTMAN, ESQ.
ROBIN STRATTON RIVERA
MARTIN S. ROTHMAN, ESQ.
AUGUSTIN J. SAN FILIPPO, ESQ.
KARLA G. SANCHEZ, ESQ.
KAREN PATTON SEYMOUR, ESQ.
JOHN S. SIFFERT, ESQ.
HON. JOSEPH P. SULLIVAN
RONALD J. SYLVESTRI
CHRISTINE COLLINS TOMAS
NATICA VON ALTHANN
JOHN L. WARDEN, ESQ.
SUSAN WELSHER
MILTON L. WILLIAMS, JR., ESQ.
SARAH E. ZGLINIEC, ESQ.
COMMITTEE MEMBERS

ALAN W. FRIEDBERG
CHIEF COUNSEL

SHERRY K. COHEN
FIRST DEPUTY CHIEF COUNSEL

MADY J. EDELSTEIN
NAOMI F. GOLDSTEIN
RAYMOND VALLEJO
DEPUTY CHIEF COUNSEL

ANGELA CHRISTMAS
NICOLE CORRADO
KEVIN P. CULLEY
PAUL L. FRIMAN
JEREMY S. GARBER
JOSEPH J. HESTER
ROBERTA N. KOLAR
JUN HWA LEE
VITALY LIPKANSKY
MARIA MATOS
STEPHEN P. MCGOLDRICK
KEVIN E.F. O'SULLIVAN
ELISABETH A. PALLADINO
KIM PETERSEN
ORLANDO REYES
ANN E. SCHERZER
EILEEN J. SHIELDS
SCOTT D. SMITH
STAFF COUNSEL

October 28, 2010

## PERSONAL AND CONFIDENTIAL

Meryl Brodsky
150 East 61st Street
Apt. 11K
New York, NY 10021

Re:     Matter of Jihee G. Suh, Esq.
        Docket No. 2010.2808
        Matter of Hillary Weisman, Esq.
        Docket No. 2010.2809

Dear Ms. Brodsky:

As you know, there is pending litigation concerning allegations which are substantially similar to the material allegations of professional misconduct you have alleged here. In particular, the allegations raised in your complaint are essentially the same as those in your pending appeal in Brodsky v. New York City Campaign Finance Board. We have found that a judicial determination of such matters is helpful to the Committee. Accordingly, we have determined to defer further investigation at this time. Please inform the Committee of any court decision or other event which may warrant immediate investigation. In addition, the Committee will periodically take steps to ascertain the status of the litigation. The Committee will notify you if it determines at a later date to re-activate the investigation.

Very truly yours,

Alan W. Friedberg

AWF:vl/ama
PL C

245

# EXHIBIT I

16-1283-cv
*Brodsky v. Carter*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST
CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the
City of New York, on the 8th day of December, two thousand sixteen.

PRESENT:    JOHN M. WALKER, JR.,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MERYL BRODSKY, Elect Meryl Brodsky to the New York
City Council 2005,
                    *Plaintiff-Appellant,*


                    v.                                      16-1283-cv


ZACHARY CARTER, Corporation Counsel for the City
of New York, on behalf of the New York City Campaign
Finance Board,

                    *Defendant-Appellee.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Meryl Brodsky, *pro se*, New York, New York.

MANDATE ISSUED ON 01/06/2017

FOR DEFENDANT-APPELLEE:         Fay Sue Ng and Jonathan A. Popolow, New
                                York City Law Department, *for* Zachary W.
                                Carter, Corporation Counsel of the City of New
                                York, New York, New York.

    Appeal from a judgment of the United States District Court for the

Southern District of New York (Daniels, J.).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

    Plaintiff-appellant Meryl Brodsky, proceeding *pro se*, brought claims

against the New York City Campaign Finance Board (the "Board") under federal and

state law, seeking compensatory damages for the Board's garnishment of her shares in

Exxon Mobil stock, which a state court had ordered to satisfy the Board's monetary

judgment against her for her failure to repay campaign funds.   Specifically, Brodsky

argued the Board violated 42 U.S.C. § 1983 by singling her out for "oppressive

enforcement" of the Campaign Finance Act in retaliation for her participation in an

unrelated lawsuit against the Board.   She also argued that the Board violated 18 U.S.C.

§ 371 (a federal criminal statute prohibiting conspiracy) and provisions of the Internal

Revenue Code ("IRC") by, *inter alia*, attempting to obtain her tax return records from her

accountant.   The district court dismissed her § 1983 claims as time barred, her claim

under 26 U.S.C. § 6103 -- a provision of the IRC for a violation of which Congress has

2

expressly provided a private cause of action -- for failure to state a claim, and her

remaining claims under the IRC and § 371 for lack of a private cause of action.    We

assume the parties' familiarity with the underlying facts, the procedural history of the

case, and the issues on appeal.

As a threshold matter, we consider *sua sponte* whether the *Rooker-Feldman*

doctrine deprived the district court of subject matter jurisdiction over Brodsky's § 1983

claims.    *See Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002).    Under *Rooker-Feldman*,

federal courts lack subject matter jurisdiction over claims that in effect challenge state

court judgments.    *Id.* (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983)).

*Rooker-Feldman* bars federal review of claims when four requirements are met: (1) the

federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a

state court judgment; (3) the plaintiff invites the federal court to review and reject that

judgment; and (4) the state court judgment was rendered prior to the commencement of

proceedings in the district court.    *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85

(2d Cir. 2005) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The doctrine extends to bar § 1983 claims that are framed to challenge the

validity of a state court judgment.    *See McKithen v. Brown*, 626 F.3d 143, 154 (2d Cir.

2010) (holding that *Rooker-Feldman* barred an "as-applied" due process challenge to a

state statute).    A plaintiff cannot escape *Rooker-Feldman* simply by relying on a legal

theory not raised in state court; in determining whether the doctrine applies, the key inquiry is whether the complaint alleges an injury caused by a state court judgment. *Hoblock*, 422 F.3d at 87; *McKithen v. Brown*, 481 F.3d 89, 97-98 (2d Cir. 2007) ("[T]he applicability of the *Rooker-Feldman* doctrine turns not on the *similarity* between a party's state-court and federal-court claims . . . but rather on the *causal relationship* between the state-court judgment and the injury of which the party complains in federal court.").

Upon review, we conclude that the *Rooker-Feldman* requirements are met with respect to Brodsky's § 1983 claims.   First, Brodsky lost in state court when the New York Supreme Court determined she was required to pay the Board approximately $35,000, and lost again when the state court ordered the garnishment of her Exxon Mobil shares to satisfy the remainder of the judgment.   Second, in the instant case, Brodsky sought damages for the value of her garnished Exxon Mobil shares, thus complaining of injuries directly caused by the state court judgment.   Third, by seeking the value of her garnished shares, Brodsky was asking the federal district court to review and reject the state court's order that permitted the Board to garnish those shares.   Fourth, the relevant state court decisions were rendered before Brodsky commenced her federal action.   For these reasons, we affirm the district court's dismissal of Brodsky's § 1983 claims on the alternative basis that the district court lacked subject matter jurisdiction over those claims.   *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm

4

. . . on any basis for which there is a record sufficient to permit conclusions of law,

including grounds upon which the district court did not rely.").

       *Rooker-Feldman*, however, did not bar Brodsky's remaining claims, which

she brought under § 371 and various provisions of the IRC, including § 6103.   "We

review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6),

construing the complaint liberally, accepting all factual allegations in the complaint as

true, and drawing all reasonable inferences in the plaintiff's favor."   *Chambers v. Time

Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).   We also review *de novo* whether a plaintiff

has a cause of action under a statute -- that is, statutory standing.   *Am. Psychiatric Ass'n

v. Anthem Health Plans, Inc.*, 821 F.3d 352, 357-58 (2d Cir. 2016).

       To state a claim, a plaintiff must have a cause of action, or "statutory

standing," under the relevant statutes.   *Id.* at 359.   Section 371 -- a federal criminal

statute concerning conspiracy -- does not provide a private cause of action.   Nor, with

the exception of § 6103, do the various provisions of the IRC on which Brodsky relied.

*See Salahuddin v. Alaji*, 232 F.3d 305, 308-09 (2d Cir. 2000) (a private individual may bring

suit under a federal statute only if Congress created a private cause of action).

Although §§ 6103 and 7431, in tandem, provides a private cause of action for certain

unlawful disclosures of tax returns or return information as designated by § 6103, *see* 26

U.S.C. §§ 6103, 7431(a)(2), here, Brodsky has not alleged that any individual in fact

5

251

unlawfully disclosed her tax returns or return information.   Instead, she alleges only that the Board served a subpoena on her accountant seeking to require him to disclose her tax returns.   On July 9, 2010, however, a state court ruled that Brodsky's accountant was not required to produce her returns.   Hence, Brodsky has not alleged any conduct prohibited by § 6103.

We have considered Brodsky's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe-Clerk
United States Court of Appeals, Second Circuit

6