

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

AGNETHA E. JACOB
*Assistant Corporation Counsel*
Telephone: (212) 356-0881
Fax: (212) 356-8760
Email: ajacob@law.nyc.gov

October 16, 2017

**Via ECF**
Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: *Brodsky v. New York City Campaign Fin. Bd.,* 17-CV-3186 (AJN) (JLC)

Dear Judge Nathan:

  I am the Assistant Corporation Counsel assigned to the defense of the above-referenced action. I write to respectfully inform the Court that Defendant intends to rely on its initially filed motion to dismiss in response to Plaintiff's Amended Complaint.

  As discussed in Defendant's moving papers, Plaintiff was a 2005 New York City Council candidate, who received public funds to finance her campaign through the Campaign Finance Program administered by the New York City Campaign Finance Board (the "Board"). Recipients of such funds must exclusively use the funds to further their campaign, and must return any unspent funds to the City. Following the 2005 election, the Board audited Plaintiff's campaign and determined that Plaintiff owed the City $35,415 in unspent funds and improper expenditures and levied a $470 penalty for the improper expenditures (the "Determination").

  Plaintiff challenged the Determination in state court; it was upheld by the New York State Supreme Court, New York County and further upheld on appeal to the Appellate Division, First Department. *See Brodsky v. N.Y.C. Campaign Fin. Bd.*, 57 A.D.3d 449 (1st Dep't 2008); *Brodsky v. N.Y.C. Campaign Fin. Bd.*, 123 A.D.3d 637 (1st Dep't 2014). Plaintiff then paid a portion of the amount owed, but refused to pay the total amount. Consequently, upon Defendant's motion, by Order dated July 9, 2010, Justice Eileen A. Rakower of the New York State Supreme Court, New York County, directed an investor services company called Computershare to sell $13,290.40 worth of Plaintiff's Exxon-Mobil shares and remit the proceeds to the City's Sheriff's Office in satisfaction of the remaining amount owed by Plaintiff. Justice Rakower's order authorizing the sale was, on appeal, affirmed by the Appellate Division, First Department. *Brodsky v. N.Y.C. Campaign Fin. Bd.*, 107 A.D.3d 544 (1st Dep't 2013).

In 2015, Plaintiff challenged the Board's actions in federal court as violative of various federal statutes, including 26 U.S.C. § 6103.[1] Plaintiff's § 6103 claim was dismissed for failure to state a claim. *See Brodsky v. N.Y.C. Campaign Fin. Bd.*, 15-CV-3469, 2015 U.S. Dist. LEXIS 169104, at *40, *adopted by* 2016 U.S. Dist. LEXIS 40461, at *7 (S.D.N.Y. Mar. 28, 2016) ("*Brodsky I*"). On appeal, the Second Circuit affirmed. *Brodsky v. N.Y.C. Campaign Fin. Bd.*, 673 F. App'x 42, 44 (2d Cir. 2016) ("Brodsky has not alleged any conduct prohibited by § 6103").

By Complaint filed May 1, 2017, Plaintiff commenced the present action, claiming the Board violated § 6103 by using Plaintiff's financial information, disseminated by Justice Rakower, to garnish Plaintiff's Exxon-Mobil shares, and seeking to recover the value of those shares. *See* Docket No. 1 at ¶¶ 110, 112-136, 190, and at 48. By Notice of Motion dated August 17, 2017, the Board sought to dismiss the Complaint on the grounds that the suit (i) was barred by a 2-year statute of limitations; (ii) was precluded by the doctrine of *res judicata*; and (iii) failed to state a claim. *See* Docket Nos. 11-13.

By Order entered August 21, 2017, this Court permitted Plaintiff to file an amended complaint, and advised Plaintiff to "make a short, plain statement explaining why she is entitled to relief." *See* Docket No. 14. Plaintiff instead filed a 252-paragraph Amended Complaint, nearly identical to the initial pleading. *See* Docket No. 17. The relevance of Plaintiff's few new allegations is not readily discernible. *Id.* at ¶¶ 234-235. The allegations do not, however, cure the deficiencies identified in Defendant's initial moving papers. Additionally, while Plaintiff attempts to argue that her action is timely under the six-year statute of limitations for fraud actions, *id.* at ¶¶ 246-249, here, as in *Brodsky I*, she does not plead the elements of fraud—that is, she does not allege that the Board made any material misrepresentation or that she relied on any such misrepresentation. *See Brodsky I*, 2016 U.S. Dist. LEXIS 40461, at *6.

In light of the foregoing and for the reasons set forth in the Board's motion papers, the Board respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety and grant the Board such other and further relief as the Court deems just and proper.

Thank you in advance for your consideration.

Respectfully submitted,

/s/ Agnetha E. Jacob
Agnetha E. Jacob

Cc:   Meryl Brodsky
      Plaintiff *pro se*
      (via ECF)

---

[1]   26 U.S.C. § 7431(a)(2) permits a taxpayer to bring a civil action for damages against any person who "knowingly, or by reason of negligence, inspects or discloses any return or return information" with respect to a taxpayer in violation of any provision of § 6103.