UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 15 2018

Meryl Brodsky,

                Plaintiff,

–v–

The New York City Campaign Finance Board,

                Defendant.

17-CV-3186 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

On May 1, 2017, *pro se* Plaintiff Meryl Brodsky filed a complaint against Defendant, the New York City Campaign Finance Board (the "Board"). Dkt. No. 1. Plaintiff filed an amended complaint on September 18, 2017, Dkt. No. 17, and Defendant moved to dismiss Plaintiff's amended complaint. Dkt. Nos. 11-13, 22. For the reasons set forth below, the Court grants the motion to dismiss.

I.     BACKGROUND

The Court assumes familiarity with this case, the substance of which Plaintiff has previously litigated in federal court and state court. *See Brodsky v. Carter*, No. 15-CV-3469, 2015 U.S. Dist. LEXIS 169104 (S.D.N.Y. Dec. 15, 2015); *Brodsky v. New York City Campaign Fin. Bd.*, 2016 WL 1258986 (S.D.N.Y. Mar. 28, 2016); *Brodsky v. Carter*, 673 F. App'x 42 (2d Cir. 2016); Dkt. No. 12-1, July 9, 2010 Order in *Brodsky v. N.Y.C. Campaign Fin. Bd.*, No. 118316/06 (Sup. Ct., New York Co.); *Brodsky v. N.Y.C. Campaign Fin. Bd.*, 107 A.D.3d 544 (1st Dep't 2013); *Brodsky v. N.Y.C. Campaign Fin. Bd.*, 123 A.D.3d 637, 637 (1st Dep't 2014).

In short, Plaintiff seeks damages stemming from the Board's garnishment of her shares in Exxon Mobil stock, which was ordered by a New York state court to satisfy the Board's

1

monetary judgment against her for her failure to repay campaign funds. *See generally Brodsky v. Carter*, 673 F. App'x at 43. Plaintiff's amended complaint alleges substantively the same allegations as the prior litigation, but states a cause of action under 26 U.S.C. § 6103 and § 7431 for unlawful disclosure of her tax returns in relation to the garnishment. Amended Complaint at ¶¶ 239-245. "§§ 6103 and 7431, in tandem, provides a private cause of action for certain unlawful disclosures of tax returns or return information." *Brodsky v. Carter*, 673 F. App'x at 44. Plaintiff also alleges a state law claim under C.P.L.R. §213(8). Amended Complaint at ¶246-52.

The Court now considers Defendant's motion to dismiss Plaintiff's amended complaint.

## II.   STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted, the claimant must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The allegations must "state a claim to relief that is plausible on its face." *Id.* at 570. In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007). And when a complaint is filed *pro se*, "it must be construed liberally to raise the strongest arguments it suggests." *Walker v. Schult,* 717 F.3d 119, 124 (2d Cir. 2013) (citations omitted).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the

2

complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C,* 622 F.3d 104, 111 (2d Cir. 2010). A district court may also consider "matters of which judicial notice may be taken." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

Here, the Court considers the filings and decisions in the underlying state court action, of which the Court may take judicial notice.

### III. DISCUSSION

#### A. Res Judicata Bars Plaintiff's Section 6103 and Section 7431 Claim

The doctrine of res judicata bars subsequent actions when: (1) the previous action involved an adjudication on the merits and (2) the subsequent adjudication involves the same parties as the previous action (or those in privity with them) and (3) claims asserted in the subsequent action were or could have been raised in the previous action. *Monahan v. Dep't of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000).

Under this standard, Plaintiff's §§ 6103 and 7431 claim is barred. First, in *Brodsky v. New York City Campaign Fin. Bd.*, Plaintiff brought a § 6103 claim, which was litigated and dismissed with prejudice. 2016 WL 1258986, at *2. Dismissal with prejudice as a result of a successful motion to dismiss is considered a final adjudication on the merits. *See Mitchell v. Nat'l Broad. Co.*, 553 F.2d 265, 271 (2d Cir. 1977). Second, the prior litigation involved the same parties—Plaintiff and the Defendant. *See Brodsky*, 2016 WL 1258986. And finally, the third element is met because Plaintiff *did* raise a § 6103 claim in the earlier litigation. *See id.* at *2. To the extent Plaintiff's claim here is distinct, as it is brought under § 6103 and § 7431 in

tandem, it *could* have been brought in the earlier litigation. The §§ 6103 and § 7431 claim is therefore barred under the doctrine of res judicata.

### B. The Court Declines Supplemental Jurisdiction Over the State Law Claim

"The exercise of supplemental jurisdiction is within the sound discretion of the district court." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117–18 (2d Cir. 2013). Because the Court has dismissed the federal claim in this case, the Court declines supplemental jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(c)(3); *see also Brodsky*, 2016 WL 1258986, at *3 ("Declining to exercise supplemental jurisdiction over solely state and local-law claims is particularly appropriate here where Brodsky has already litigated related claims in state court.").

### IV. CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss. This resolves Docket Numbers 11 and 22. The Clerk of Court is directed to close the case and enter judgment. This Order will be mailed by Chambers to the *pro se* Plaintiff.

SO ORDERED.

Dated: August 15, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge

4